1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   JENNIFER B. ZARGAROF, Cal. Bar No. 204382
3  JULIE WONG, Cal. Bar No. 247342
   333 South Hope Street, 48th Floor
4  Los Angeles, California 90071-1448
   Telephone: 213-620-1780
5  Facsimile:  213-620-1398

6  Attorneys for Defendants J.C. PENNEY
   CORPORATION, INC. and J.C.
7  PENNEY COMPANY, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                          WESTERN DIVISION
11

12
   JOSHUA MUNOZ, individually, and       Case No.: CV09-0833 ODW JTLx
13 on behalf of other members of the
   general public similarly situated,    (Previously Removed and Remanded
14                                       Under Case No.: CV 08-04259-GPS
                    Plaintiff,           (FFMx)
15
         v.
16                                       (1) DEFENDANTS J.C. PENNEY
   J.C. PENNEY CORPORATION, INC.,        CORPORATION, INC. AND J.C.
17 a Delaware corporation, J.C. PENNEY   PENNEY COMPANY, INC.'S
   COMPANY, INC.; a Delaware             NOTICE OF REMOVAL OF
18 Corporation; and DOES 1 through 10,   ACTION UNDER 28 U.S.C. §§1332
   inclusive,                            (CAFA), 1441, AND 1446
19
                    Defendants.          (2) DECLARATION OF
20                                       CHARLOTTE THACKER IN
                                         SUPPORT THEREOF
21
                                         (3) DECLARATION OF JENNIFER
22                                       B. ZARGAROF IN SUPPORT
                                         THEREOF
23

24
                                         [Complaint Filed: May 19, 2008]
25                                       Trial Date: None Set

26

27

28

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. (collectively "J.C. Penney" or "Defendants") hereby provide notice of the removal to the United States District Court for the Central District of California, Western Division of the following lawsuit filed on May 19, 2008 in the Los Angeles Superior Court: *Munoz v. J.C. Penney Corp., Inc., et al.*, Case Number BC 391113. The following is a short, plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## I.   DESCRIPTION OF THE ACTION

On May 19, 2008, Plaintiff Joshua Munoz ("Plaintiff"), on behalf of himself and "all other persons similarly situated," filed a complaint against J.C. Penney in Los Angeles County Superior Court (the "State Court Action"). The claims asserted against J.C. Penney arise out of alleged wage and hour violations by J.C. Penney. Plaintiff purports to act on behalf of a putative class of "[a]ll non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until certification of the class in this lawsuit." J.C. Penney was served with the Complaint on May 29, 2008. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

The Complaint seeks wages, penalties, and injunctive relief from J.C. Penney for allegedly failing to: (1) pay wages upon termination; (2) pay wages earned pursuant to Labor Code Section 204; (3) provide meal periods; (4) authorize

and permit rest periods; and (5) provide wage statements pursuant to Labor Code Section 226(a). Plaintiff, by his complaint, also seeks monetary relief from J.C. Penney in the form of restitution and disgorgement of funds wrongfully acquired as a result for allegedly violating California Business & Professions Code §§ 17200 et seq. Further, Plaintiff seeks to recover his attorneys' fees and costs incurred in this action pursuant to California Code of Civil Procedure § 1021.5. J.C. Penney filed an Answer to Plaintiff's Unverified Complaint on June 26, 2008, a true and correct copy of which is attached as Exhibit B. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d) (the 2005 Class Action Fairness Act, or "CAFA").

On June 27, 2008, J.C. Penney filed a Notice of Removal to the United States District Court for the Central District of California, Western Division. On July 15, 2008, the Honorable George P. Schiavelli remanded the action to state court because the face of the pleadings and papers to date were insufficient to establish that the amount in controversy exceeded the $5,000,000 minimum.

In the preceding months, the state court stayed formal discovery while the parties pursued resolution of Plaintiff's claims and conducted informal discovery. After several settlement discussions, J.C. Penney's counsel sent Plaintiff a letter confirming that Plaintiff believes the amount in controversy for the instant case is in excess of $5,000,000 on January 20, 2009, a true and correct copy is attached to the Declaration of Jennifer B. Zargarof as Exhibit C. On that same day, Plaintiff's counsel sent a detailed letter analyzing Plaintiff's claims and demanding $10,500,000 to settle the action on a class-wide basis, a true and correct copy of which is attached to the Declaration of Jennifer B. Zargarof as Exhibit D.

II. **BASIS FOR REMOVAL (DIVERSITY JURISDICTION – CAFA)**

A. Diversity Of Citizenship Exists.

This action is between citizens of different States. Plaintiff alleges that he is a resident of the State of California. (Complaint ¶ 5, Exh. A.) As of the time of filing this Notice of Removal, J.C. Penney is informed and believes that Plaintiff remains a citizen of the State of California. As of the time this action was filed, Defendants were and still are incorporated under the laws of the state of Delaware. J.C. Penney's principal place of business is and remains in the state of Texas. *Id..* ¶ 6-7; Declaration of Charlotte Thacker ¶¶ 2-3. As a result, pursuant to 28 U.S.C. § 1332(d)(2)(A), the first requirement for diversity jurisdiction exists because Plaintiff and Defendants are citizens of different States. *See* 28 U.S.C. §§ 1332(c)(1)[1] and 1332(d)(2)(A).[2]

B. The Amount In Controversy Exceeds $5,000,000.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). Plaintiff does not specifically state the amount he seeks to claim on the face of his Complaint. Indeed, Plaintiff limited the amount in controversy applicable to himself, as class representative, to less than $75,000 "including claims for compensatory damages and pro rata share of attorneys' fees." (Complaint ¶ 1, Exh. A). Without more information, at the time of J.C. Penney's

---

[1] "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

[2] "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is *a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant* . . . ." (Emphasis added.)

first removal filing, it was unable to state definitively the amount in controversy from the Complaint.

Where grounds for removal do not appear on the face of the initial pleading, courts may look to "documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal." *See Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997). Settlement letters are relevant evidence of the amount in controversy when they reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Pet-smart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (holding postcomplaint letter from plaintiff's attorney, offering to settle action for more than $75,000, gave notice that action was removable); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (holding that California's mediation privilege does not extend to settlement letters used to support federal removal).

On January 20, 2009, J.C. Penney's counsel sent Plaintiff a letter confirming that Plaintiff believes the amount in controversy for the instant case is in excess of $5,000,000. (Zargarof Decl., ¶ 2, Exh. C). J.C. Penney's letter invites Plaintiff's counsel to correct it if J.C. Penney misstated the amount. On that same day, Plaintiff's counsel sent J.C. Penney's counsel a letter outlining Plaintiff's claims and their respective values. (Zargarof Decl., ¶ 3, Exh. D). At the conclusion of the letter, Plaintiff demanded a total sum of $10,500,000. As such, these papers confirmed that the amount in controversy for the instant matter is far greater than the $5,000,000 minimum and gave J.C. Penney notice that the action was removable under CAFA.

## III. THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

Based on the foregoing, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Complaint and all other papers served in the State Court Action as of the filing of this Notice of Removal are attached hereto.

This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) (i.e., within 30 days of the effectuation of service on J.C. Penney of a paper from which amount in controversy may be determined and within one-year of the filing of the complaint). Specifically, J.C. Penney was served with Plaintiff's Complaint on May 29, 2008, Plaintiff's demand letter on January 20, 2009 and is filing this notice on February 3, 2009. Accordingly, J.C. Penney's removal is well within the 30-day as well as the one-year limit for removal. While J.C. Penney reserves all rights to dispute the allegations at issue, the predicates for diversity jurisdiction under 28 U.S.C. § 1332(d) – diversity of citizenship, more than $5,000,000 in controversy – exist.

//

//

//

//

## IV. CONCLUSION AND REQUESTED RELIEF

For all of the reasons set forth above, J.C. Penney respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

DATED: February 3, 2009

        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
    JENNIFER B. ZARGAROF
    JULIE WONG
    Attorneys for Defendants
    J.C. PENNEY CORPORATION, INC. and
    J.C. PENNEY COMPANY, INC.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated

**DEFENDANTS**
J.C. PENNEY CORPORATION, INC., a Delaware corporation, J.C. PENNEY COMPANY, INC., a Delaware corporation; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Marc Yablonovich, Esq. (State Bar No. 186670)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
310-556-5637

**Attorneys** (If Known)
Jennifer B. Zargarof, Esq. (State Bar No. 204382)
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
213-620-1780

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332 (CAFA), 1441, 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act |  | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare |  | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** |  | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** |  | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee |  |  | **FEDERAL TAX SUITS** |
|  | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:** Case Number: **CV09-0833**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): CV 08-04259-GPS

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Jennifer Zargarof_   Date February 3, 2009
Jennifer B. Zargarof

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On February 3, 2009, I served the following document(s) described as (1) **CIVIL COVER SHEET** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Marc Primo, Esq.  
H. Scott Leviant, Esq.  
Matthew T. Theriault, Esq.  
Linh Hua, Esq.  
INITIATIVE LEGAL GROUP, LLP  
1800 Century Park East, 2nd Floor  
Los Angeles, California 90067  
Telephone: (310) 556-5637  
Facsimile: (310) 861-9051

Attorneys for Plaintiff Joshua Munoz

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 3, 2009**, at Los Angeles, California.

*Robin Ramage*  
Robin Ramage

W02-WEST:LJN\401331641.1

-1-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

**CV09- 833 ODW (JTLx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY