EXHIBIT A



5/28/08  8:30a

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C.
PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSHUA MUNOZ, individually, and on behalf of other members of the
general public similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles, Central District
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*

BC391113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marc Primo, Esq. (SBN 216796); Matthew T. Theriault, Esq. (SBN 244037); Initiative Legal Group, LLP
1800 Century Park East, 2nd Floor, Los Angeles, California 90067
Telephone: 310-556-5637

DATE:
*(Fecha)*

MAY 19 2008

John A. Clarke, Clerk
(Secretario)

, Deputy
(Adjunto)

G. WESLEY

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:  J. C. PENNEY COMPANY INC., a DELAWARE CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

00000008

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

 

1 Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
2 Matthew T. Theriault (SBN 244037)
Lory N. Ishii (SBN 242243)
3 Dina Livhits (SBN 245646)
Initiative Legal Group LLP
4 1800 Century Park East, 2nd Floor
Los Angeles, California 90067
5 Telephone: (310) 556-5637
Facsimile: (310) 861-9051
6
7 Attorneys for Plaintiff JOSHUA MUNOZ
8

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 19 2008

JOHN A. CLARKE, CLERK

BY SHAUNYA WESLEY, DEPUTY

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **FOR THE COUNTY OF LOS ANGELES**

11 JOSHUA MUNOZ, individually, and on
12 behalf of other members of the general public
similarly situated,
13
Plaintiff,
14
15 vs.
16 J. C. PENNEY CORPORATION, INC., a
Delaware Corporation; J. C. PENNEY
17 COMPANY, INC., a Delaware Corporation;
and DOES 1 through 10, inclusive,
18
19 Defendants.
20
21
22
23
24
25
26
27
28

Case Number:  BC 391113

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 201
and 202 (Wages Not Paid Upon Termination);

(2) Violation of California Labor Code § 204
(Failure to Pay Wages);

(3) Violation of California Labor Code §§
226.7 and 512(a) (Denial of Meal Periods);

(4) Violation of California Labor Code
§ 226.7 (Denial of Rest Periods);

(5) Violation of California Labor Code § 226(a)
(Improper Wage Statements); and

(6) Violation of California Business &
Professions Code §§ 17200, et seq.

**Jury Trial Demanded**

-1-
CLASS ACTION COMPLAINT

00000009

 

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The amount in controversy for the class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

### THE PARTIES

5.    Plaintiff JOSHUA MUNOZ (hereinafter "Plaintiff") is a resident of Los Angeles County in the State of California.

6.    Defendant J. C. PENNEY CORPORATION, INC., was and is, upon information and belief, a Delaware Corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

7.    Defendant J. C. PENNEY COMPANY, INC., was and is, upon information and belief,



1  a Delaware Corporation doing business in California, and at all times hereinafter mentioned, an

2  employer whose employees are engaged throughout this county, the State of California, or the

3  various states of the United States of America.

4      8.      Plaintiff is unaware of the true names or capacities of Defendants sued herein under the

5  fictitious names DOES 1 through 10, but prays for leave to amend and serve such fictitiously

6  named Defendants pursuant to <u>California Code of Civil Procedure</u> § 474 when their names and

7  capacities become known.

8      9.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the

9  partners, agents, owners, shareholders, managers or employees of J. C. PENNEY

10  CORPORATION, INC. and/or J. C. PENNEY COMPANY, INC. and were acting on behalf of J.

11  C. PENNEY CORPORATION, INC. and/or J. C. PENNEY COMPANY, INC. at all relevant

12  times.

13      10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and

14  omissions alleged herein was performed by, or is attributable to J. C. PENNEY CORPORATION,

15  INC. and/or J. C. PENNEY COMPANY, INC., and DOES 1 through 10 (collectively

16  "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

17  behalf. The acts of any and all Defendants were in accordance with, and represent the official

18  policy of, Defendants.

19      11.     At all times herein mentioned, Defendants, and each of them, ratified each and every

20  act or omission complained of herein. At all times herein mentioned, Defendants, and each of

21  them, aided and abetted the acts and omissions of each and all the other Defendants in proximately

22  causing the damages herein alleged.

23      12.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is

24  in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

25  occurrences, and transactions alleged herein.

26                              **CLASS ACTION ALLEGATIONS**

27      13.     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other

28  persons similarly situated, and thus, seeks class certification under <u>California Code of Civil</u>



Procedure § 382.

14.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

15.    The proposed class consists of and defined as:

>    All non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until certification of the class in this lawsuit.

16.    Plaintiff reserves the right to establish sub-classes as appropriate.

17.    There is a well-defined community of interest in the litigation and the class is readily ascertainable:

>    a.    Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

>    b.    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

>    c.    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

>    d.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as



1   compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues

2   can be adjudicated in the same manner and at the same time for the entire class.

3        e.   Public Policy Considerations:  Employers in the State of California violate

4   employment and labor laws every day.  Current employees are often afraid to assert their rights

5   out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions

6   because they believe their former employers might damage their future endeavors through

7   negative references and/or other means.  Class actions provide the class members who are not

8   named in the complaint with a type of anonymity that allows for the vindication of their rights at

9   the same time as their privacy is protected.

10       18.   There are common questions of law and fact as to the class (and each subclass, if any)

11  that predominate over questions affecting only individual members, including but not limited to:

12       a.   Whether Defendants' failure to pay wages, without abatement or reduction, in

13  accordance with the California Labor Code, was willful;

14       b.   Whether Defendants failed to promptly pay all wages due to Plaintiff and other

15  class members upon their discharge or resignation;

16       c.   Whether Defendants deprived Plaintiff and other class members of meal periods or

17  required Plaintiff and the class members to work during meal periods without compensation;

18       d.   Whether Defendants deprived Plaintiff and other class members of rest periods or

19  required Plaintiff and class members to work during rest periods without compensation;

20       e.   Whether Defendants complied with wage reporting as required by the California

21  Labor Code; including but not limited to § 226;

22       f.   Whether Defendants' conduct was willful or reckless;

23       g.   Whether Defendants engaged in unfair business practices in violation of California

24  Business & Professions Code §§ 17200, et seq.; and,

25       h.   The appropriate amount of damages, restitution, or monetary penalties resulting

26  from Defendants' violations of California law.

27  \\

28  \\



## GENERAL ALLEGATIONS

19.    At all times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly paid employees.

20.    Defendants employed Plaintiff as a "Jewelry Associate" and/or "Sales Associate" and/or "Sales Representative," which is a non-exempt or hourly paid position, from on or about June 2006 to on or about November 2007 at Los Angeles County business locations.

21.    Defendants continue to employ non-exempt or hourly paid employees within California.

22.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

23.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all the wages owed to them upon discharge.

24.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

25.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

26.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive complete and accurate wage statements in accordance with California law.

27.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff



1   and other class members, and that Defendants had the financial ability to pay such compensation,

2   but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and

3   other class members that they were properly denied wages, all in order to increase Defendants'

4   profits.

5        28.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall

6   limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or

7   her] under this article."

8                          **FIRST CAUSE OF ACTION**

9                **Violation of <u>California Labor Code</u> §§ 201 and 202**

10                          **(Against all Defendants)**

11       29.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

12   allegations set out in paragraphs 1 through 28.

13       30.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an

14   employer discharges an employee, the wages earned and unpaid at the time of discharge are due

15   and payable immediately, and that if an employee voluntarily leaves his or her employment, his or

16   her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless

17   the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in

18   which case the employee is entitled to his or her wages at the time of quitting.

19       31.    During the relevant time period, Defendants willfully failed to pay Plaintiff and other

20   class members who are no longer employed by Defendants their wages, earned and unpaid, either

21   at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

22       32.    Defendants' failure to pay Plaintiff and those class members who are no longer

23   employed by Defendants their wages earned and unpaid at the time of discharge, or within

24   seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor

25   Code §§ 201 and 202.

26       33.    California Labor Code § 203 provides that if an employer willfully fails to pay wages

27   owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a

28   penalty from the due date, and at the same rate until paid or until an action is commenced; but the

-7-



1  wages shall not continue for more than thirty (30) days.

2    34.    Plaintiff and the other class members are entitled to recover from Defendants the

3  statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty

4  (30) day maximum pursuant to California Labor Code § 203.

### SECOND CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against all Defendants)

8    35.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

9  allegations set out in paragraphs 1 through 34.

10    36.    At all times herein set forth, California Labor Code § 204 provides that all wages

11  earned by any person in any employment between the 1st and the 15th days, inclusive, of any

12  calendar month, other than those wages due upon termination of an employee, are due and payable

13  between the 16th and the 26th day of the month during which the labor was performed.

14    37.    At all times herein set forth, California Labor Code § 204 provides that all wages

15  earned by any person in any employment between the 16th and the last day, inclusive, of any

16  calendar month, other than those wages due upon termination of an employee, are due and payable

17  between the 1st and the 10th day of the following month.

18    38.    At all times herein set forth, California Labor Code § 204 provides that all wages

19  earned for labor in excess of the normal work period shall be paid no later than the payday for the

20  next regular payroll period.

21    39.    During the relevant time period, Defendants willfully failed to pay Plaintiff and other

22  class members all wages due to them, within any time period permissible by California Labor

23  Code § 204.

24    40.    Plaintiff and the other class members are entitled to recover all remedies available for

25  violations of California Labor Code § 204.

26    41.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or

27  malice, thereby warranting an award of punitive damages against Defendants for the sake of

28  example, and to punish Defendants and deter others from engaging in similar misconduct.




### THIRD CAUSE OF ACTION

#### Violation of <u>California Labor Code</u> §§ 226.7 and 512(a)

#### (Against all Defendants)

42.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43.    At all times herein set forth, the applicable California Industrial Welfare Commission ("IWC") Wage Order and <u>California Labor Code</u> §§ 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

44.    At all times herein set forth, <u>California Labor Code</u> § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

45.    At all times herein set forth, the applicable IWC Wage Order and <u>California Labor Code</u> § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

46.    At all times herein set forth, the applicable IWC Wage Order and <u>California Labor Code</u> § 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

47.    During the relevant time period, Plaintiff and other members of the class who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

48.    During the relevant time period, Plaintiff and other class members who were scheduled

1  to work for a period of time in excess of six (6) hours were required to work for periods longer

2  than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

3       49.    During the relevant time period, Plaintiff and other members of the class who were

4  scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did

5  not waive their legally-mandated meal periods by mutual consent were required to work in excess

6  of ten (10) hours without receiving a second uninterrupted meal period of not less than thirty (30)

7  minutes.

8       50.    During the relevant time period, Plaintiff and other class members who were scheduled

9  to work for a period of time in excess of twelve (12) hours were required to work for periods

10  longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30)

11  minutes.

12       51.    During the relevant time period, Defendants willfully required Plaintiff and other

13  members of the class to work during meal periods and failed to compensate Plaintiff and members

14  of the class for work performed during meal periods.

15       52.    During the relevant time period, Defendants failed to pay Plaintiff and class members

16  the full meal period premium due pursuant to California Labor Code § 226.7.

17       53.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor

18  Code §§ 226.7 and 512(a).

19       54.    Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

20  Plaintiff and other members of the class are entitled to recover from Defendants one additional

21  hour of pay at the employees' regular hourly rate of compensation for each work day that the

22  meal period was not provided.

23       55.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or

24  malice, thereby warranting an award of punitive damages against Defendants for the sake of

25  example, and to punish Defendants and deter others from engaging in similar misconduct.

26  \\

27  \\

28  \\

# FOURTH CAUSE OF ACTION

## Violation of <u>California Labor Code</u> §§ 226.7

### (Against all Defendants)

56. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 55.

57. At all times herein set forth, the applicable California IWC Wage Order and <u>California Labor Code</u> § 226.7 were applicable to Plaintiff's and other class members' employment by Defendants.

58. At all times herein set forth, <u>California Labor Code</u> § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

59. At all times herein set forth, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½ ) hours.

60. During the relevant time period, Defendants required Plaintiff and other members of the class to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

61. During the relevant time period, Defendants willfully required Plaintiff and other members of the class to work during rest periods and failed to compensate Plaintiff and members of the class for work performed during rest periods.

62. During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to <u>California Labor Code</u> § 226.7.

63. Defendants' conduct violates the applicable IWC Wage Orders and <u>California Labor Code</u> § 226.7.

64. Pursuant to the applicable IWC Wage Order and <u>California Labor Code</u> § 226.7(b),

1   Plaintiff and other members of the class are entitled to recover from Defendants one additional

2   hour of pay at the employee's regular rate of compensation for each work day that the rest period

3   was not provided.

4       65.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or

5   malice, thereby warranting an award of punitive damages against Defendants for the sake of

6   example, and to punish Defendants and deter others from engaging in similar misconduct.

7                              **FIFTH CAUSE OF ACTION**

8                    **Violation of <u>California Labor Code</u> § 226(a)**

9                          **(Against all Defendants)**

10      66.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

11   allegations set out in paragraphs 1 through 65.

12      67.    At all material times set forth herein, <u>California Labor Code</u> § 226(a) provides that

13   every employer shall furnish each of his or her employees an accurate itemized wage statement in

14   writing showing nine pieces of information, including total hours worked by the employee, all

15   applicable hourly rates, his or her Social Security number, and the full and correct name and

16   address of the employer, among other things.

17      68.    Defendants have intentionally and willfully failed to provide employees with complete

18   and accurate wage statements. The deficiencies include, among other things, the failure to include

19   the correct total number of hours worked by Plaintiff and other class members, the failure to list all

20   applicable hourly rates, and the failure to include Plaintiff and class members' full Social Security

21   numbers.

22      69.    As a result of Defendants' violation of <u>California Labor Code</u> § 226(a), Plaintiff and

23   the other class members have suffered injury and damage to their statutorily-protected rights.

24      70.    Specifically, Plaintiff and other class members have been injured by Defendants'

25   intentional violation of <u>California Labor Code</u> § 226(a) because they were denied both their legal

26   right to receive, and their protected interest in receiving, accurate, itemized wage statements under

27   <u>California Labor Code</u> § 226(a).

28      71.    Plaintiff and other class members are entitled to recover from Defendants the greater of

1   their actual damages caused by Defendants' failure to comply with California Labor Code §

2   226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

3       72.     Plaintiff and other class members are also entitled to injunctive relief to ensure

4   compliance with this section, pursuant to California Labor Code § 226(g).

5                           **SIXTH CAUSE OF ACTION**

6         **Violation of California Business & Professions Code §§ 17200, et seq.**

7                           **(Against all Defendants)**

8       73.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

9   allegations set out in paragraphs 1 through 72.

10      74.     Defendants' conduct, as alleged in this complaint, has been, and continues to be,

11  unfair, unlawful, and harmful to the Plaintiff, other class members, and to the general public.

12  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code

13  of Civil Procedure § 1021.5.

14      75.     Defendants' activities as alleged herein are violations of California law, and constitute

15  unlawful business acts and practices in violation of California Business & Professions Code §§

16  17200, et seq.

17      76.     A violation of California Business & Professions Code §§ 17200, et seq. may be

18  predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and

19  practice of requiring non-exempt or hourly paid employees, including Plaintiff and class members,

20  to work through their meal and rest periods without paying them proper compensation violates

21  California Labor Code §§ 226.7 and 512(a).  Defendants' policy and practice of failing to timely

22  pay wages to Plaintiff and class members violates California Labor Code § 204.

23      77.     Plaintiff and putative class members have been personally injured by Defendant's

24  unlawful business acts and practices as alleged herein, including but not necessarily limited to the

25  loss of money or property.

26      78.     Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiff and the

27  putative class members are entitled to restitution of the wages withheld and retained by

28  Defendants during a period that commences four years prior to the filing of this complaint; a



1  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class

2  members; an award of attorneys' fees pursuant to <u>California Code of Civil Procedure</u> § 1021.5 and

3  other applicable laws; and an award of costs.

### REQUEST FOR JURY TRIAL

5      Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

7      Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment

8  against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

10    1.  That this action be certified as a class action;

11    2.  That Plaintiff be appointed as the representative of the Class; and

12    3.  That counsel for Plaintiff be appointed as Class Counsel.

<u>As to the First Cause of Action</u>

14    4.  That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u>

15  §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination

16  of the employment of Plaintiff and other terminated class members;

17    5.  For all actual, consequential and incidental losses and damages, according to proof;

18    6.  For statutory penalties pursuant to <u>California Labor Code</u> § 203 for Plaintiff and all other

19  class members who have left Defendants' employ; and,

20    7.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

22    8.  That the Court declare, adjudge and decree that Defendants violated <u>California Labor Code</u>

23  § 204 by willfully failing to pay all compensation owed at the time required by <u>California Labor</u>

24  <u>Code</u> § 204, to Plaintiff and class members;

25    9.  For all actual, consequential and incidental losses and damages, according to proof;

26    10. For pre-judgment interest on any untimely paid compensation, from the date such amounts

27  were due;

28    11. For punitive and/or exemplary damages according to proof at trial; and,

-14-
CLASS ACTION COMPLAINT

12. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

13. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods to Plaintiff and class members;

14. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

15. For all actual, consequential, and incidental losses and damages, according to proof;

16. For premiums pursuant to California Labor Code § 226.7(b);

17. For punitive and/or exemplary damages according to proof at trial; and,

18. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

19. That the Court declare, adjudge and decree that Defendants violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

20. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21. For all actual, consequential, and incidental losses and damages, according to proof;

22. For premiums pursuant to California Labor Code § 226.7(b);

23. For punitive and/or exemplary damages according to proof at trial; and,

24. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

26. For all actual, consequential and incidental losses and damages, according to proof;

27. For statutory penalties pursuant to <u>California Labor Code</u> § 226(e);

28. For injunctive relief to ensure compliance with this section, pursuant to <u>California Labor Code</u> § 226(g); and,

29. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated <u>California Business and Professions Code</u> §§ 17200, <u>et seq.</u> by failing to provide Plaintiff and class members all meal and rest periods, failing to pay for all missed meal and rest periods to Plaintiff and class members, and failing to pay Plaintiff and class members' wages timely as required by <u>California Labor Code</u> § 204;

31. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

32. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of <u>California Business & Professions Code</u> §§ 17200 <u>et seq.</u>;

33. For reasonable attorneys' fees and costs of suit incurred herein pursuant to <u>California Code of Civil Procedure</u> § 1021.5;

34. For injunctive relief to ensure compliance with this section, pursuant to <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>; and,

35. For such other and further relief as the Court may deem equitable and appropriate.

Dated: May 16, 2008

Respectfully submitted,
Initiative Legal Group LLP

By: _____

Mark Yablonovich
Marc Primo
Matthew T. Theriault
Lory N. Ishii
Dina Livhits
Attorneys for Plaintiff and for Class Members

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC391113

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
| | | | Other | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*:
Marc Primo, Esq. (SBN 216796); Matthew T. Theriault, Esq. (SBN 244037)
Initiative Legal Group LLP    Lory Nguyen Ishii, Esq. (SBN 242243)
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
TELEPHONE NO: (310) 556-5637    FAX NO: (310) 861-9051
ATTORNEY FOR *(Name)*: Plaintiff Joshua Munoz

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District-Stanley Mosk Courthouse

CASE NAME:
Joshua Munoz, et al.  vs.  J.C. Penney Corporation, Inc., et. al.

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

CASE NUMBER
BC391115

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 19, 2008
Matthew T. Theriault, Esq.
_____ (TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration § 19

 

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

 

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Munoz, et al. v. J.C. Penney Corporation, Inc., et al. | BC391113 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 - 7   ☐ HOURS/ ☑ DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

#### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Munoz, et al. v. J.C. Penney Corporation, Inc., et al. | |

| A<br>Civil Case Cover Sheet Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Professional Negligence** (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination** (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| **Other Employment** (15) | ☑ A6024 | Other Employment Complaint Case | 1, 2, 3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty** (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections** (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage** (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract** (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation** (14) | ☐ A7300 | Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| **Wrongful Eviction** (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| **Other Real Property** (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer-Commercial** (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Residential** (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Drugs** (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture** (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration** (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Munoz, et al. v. J.C. Penney Corporation, Inc., et al. | |

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)** | | |
| Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

 

| SHORT TITLE | CASE NUMBER |
|---|---|
| Munoz, et al. v. J.C. Penney Corporation, Inc., et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>J.C. Penney<br>San Fernando Store<br>1140 San Fernando Road |
|---|---|
| CITY<br>San Fernando | STATE<br>CA | ZIP CODE<br>91340 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 19, 2008</u>

<u>(SIGNATURE OF ATTORNEY/FILING PARTY)</u>

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4





*from the*
LOS ANGELES SUPERIOR COURT
***ADR DEPARTMENT***

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

◆ **ENE can reduce litigation time and costs and promote settlement.**

◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◆ **ENE is voluntary and confidential.**

◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*



# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

  Department 15

  Department 16

  Department 28

  Department 30

  Department 31

  Department 32

  Department 38

  Department 42

  Department 47

  Department 50

  Department 52

  Department 55

  Department 56

  Department 68

  Department 71

  Department 89



# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
### [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

| | |
|---|---|
| **MEDIATION** | A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes. |
| | The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12. |
| **ARBITRATION** | A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration. |
| | The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12. |
| **ENE** | A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation. |
| | The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement. |
| | The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12. |
| **SETTLEMENT CONFERENCE** | A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case. |

## JURISDICTIONAL LIMITATIONS

| | |
|---|---|
| **MEDIATION, ARBITRATION & ENE** | Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court. |
| | Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute. |
| **SETTLEMENT CONFERENCE** | Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit. |

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.



## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

**PARTY PAY PANEL**
The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**
The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**ENE**
The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

**PRIVATE NEUTRAL**
The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

 

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

## Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

## California Academy of Mediation Professionals
### (818) 377-7250

## Center for Conflict Resolution
### (818) 380-1840

## Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

## Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

## Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

## Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

## The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

## Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

## City of Norwalk
### (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.




**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
| --- | --- |
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

 

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

 

| Short Title | Case Number |
|---|---|
| | |

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT B



**ORIGINAL FILED**

JUN 2 6 2008

LOS ANGELES
SUPERIOR COURT

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2     Including Professional Corporations
   JENNIFER B. ZARGAROF, Cal. Bar No. 204382
3  JULIE WONG, Cal. Bar No. 247342
   333 South Hope Street, 48th Floor
4  Los Angeles, California 90071-1448
   Telephone:   213-620-1780
5  Facsimile:   213-620-1398

6  Attorneys for Defendants J.C. PENNEY
   CORPORATION, INC. and
7  J.C. PENNEY COMPANY, INC.;

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11

12  JOSHUA MUNOZ, individually, and on       Case No. BC 391113
    behalf of other members of the general public
13  similarly situated,                      Assigned to:  The Hon. Victoria Chaney
                                             Dept. 324
14              Plaintiff,
                                             **DEFENDANTS J.C. PENNEY**
15        v.                                 **CORPORATION, INC. AND J.C. PENNEY**
                                             **COMPANY, INC.'S ANSWER TO**
16  J.C. PENNEY CORPORATION, INC., a         **PLAINTIFF'S UNVERIFIED**
    Delaware corporation, J.C. PENNEY        **COMPLAINT**
17  COMPANY, INC.; a Delaware Corporation;
    and DOES 1 through 10, inclusive,
18
                Defendants.
19                                           [Complaint Filed:  May 19, 2008]
                                             Trial Date:  None Set
20

21

22

23

24

25

26

27

28

C000011

-1-

# ANSWER TO COMPLAINT

Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc., ("Defendants") answer the unverified complaint ("Complaint") of Plaintiff Joshua Munoz ("Plaintiff") for themselves alone and deny and allege as follows:

# GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendants generally deny the allegations of Plaintiff's Complaint, and specifically deny that they are liable to Plaintiff for any amount whatsoever.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.    Plaintiff lacks standing to assert the Complaint or any purported claim for relief alleged therein on behalf of himself and others.

-2-

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4.    Based on his own conduct, Plaintiff is estopped from recovering any relief by the Complaint or any purported cause of action alleged therein.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

5.    Plaintiff failed to mitigate his purported damages, if any, and to the extent of that failure to mitigate, his claims are barred.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

6.    Based on Plaintiff's conduct, Plaintiff has waived any right to recover any relief by the Complaint, or any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

(Laches)

7.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

8.    Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint, and is therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

9.    The Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff should be forced to pursue his administrative remedies with the California Labor Commissioner/Division of Labor Standards Enforcement which have primary jurisdiction over his claims.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

10.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to pursue administrative remedies with the California Division of Labor Standards Enforcement and Labor and Workforce Development Agency. Plaintiff should be ordered to pursue administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

11.    Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

12.    The Complaint does not state facts sufficient to certify a class and that this action is not properly brought as a class action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties – Good Faith Dispute)

-4-

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

1       13.    Plaintiff cannot recover waiting time penalties because any alleged failure

2  to pay wages was based on a good faith dispute regarding the applicable law or facts.

3

4  **FOURTEENTH AFFIRMATIVE DEFENSE**

5  (Inapplicability of California Business and Professions Code Sections 17200, <u>et</u> <u>seq.</u>)

6       14.    Plaintiff's claim under California Business and Professions Code Sections

7  17200, <u>et</u> <u>seq.</u> is barred because Defendants did not engage in any unfair business practice to the

8  detriment of consumers.

9

10  **FIFTEENTH AFFIRMATIVE DEFENSE**

11  (Legitimate Business Purpose)

12       15.    Defendants allege that they cannot be liable for any alleged violation of

13  California Business and Professions Code Sections 17200, <u>et</u> <u>seq.</u> because their actions, conduct,

14  and dealings with their employees were lawful, and were carried out in good faith for legitimate

15  business purposes.

16

17  **SIXTEENTH AFFIRMATIVE DEFENSE**

18  (No Proper Representative Claim)

19       16.    Plaintiff's claim under California Business and Professions Code Sections

20  17200, <u>et</u> <u>seq.</u> is not appropriate for resolution on a representative basis.

21

22  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23  (Lack of Specificity)

24       17.    Plaintiff's cause of action claiming unfair business practices in violation of

25  California Business and Professions Code Sections 17200, <u>et</u> <u>seq.</u> is barred because Plaintiff fails

26  to plead specific facts capable of stating a claim for unfair business practices.

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual Injury)

18.     Plaintiff's cause of action claiming unfair business practices in violation of California Business and Professions Code Sections 17200, et seq. is barred because Plaintiff did not suffer actual injury.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Set-Off/Offset/Recoupment)

19.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Misrepresentation)

20.     Defendants are informed and believe, and on that basis allege, that Plaintiff's Complaint is barred, in whole or in part, by misrepresentations made by Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

21.     The alleged causes of action are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence or consent to Defendant's alleged conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Damages)

22.     Defendants are informed and believe, and on that basis allege, that Plaintiff, and the putative class members, have not suffered any damages as a result of any actions taken by Defendants or their agents, and Plaintiff is thus barred from asserting any causes of action against Defendants.

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Losses/Unjust Enrichment)

23.    Plaintiff and the persons on whose behalf Plaintiff purports to sue have not suffered any losses and Defendants have not been unjustly enriched as a result of any action or inaction of Defendants or their agents.  Plaintiff and the persons on whose behalf Plaintiff purports to sue are therefore not entitled to any disgorgement or restitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Damages Too Speculative)

24.    Plaintiff cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Irreparable Injury)

25.    Plaintiff is not entitled to injunctive relief because Plaintiff will not suffer any irreparable injury if injunctive relief is denied.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

26.    An award of punitive damages in this action would violate Defendant's due process and equal protection rights under the United States Constitution and the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to State Facts for Punitive Damages)

27.    The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to sustain the imposition of punitive damages against Defendants pursuant to California Civil Code § 3294.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Unconstitutionality of Penalties)

28.    An award of penalties in this action would be punitive in nature and, therefore would violate Defendant's constitutional rights under the United States Constitution and the California Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Liability)

29.    The Complaint, and each purported cause of action alleged therein, and the alleged violations on which Plaintiff bases each and every purported cause of action are barred, in whole or in part, because Defendants have complied with and performed fully any and all obligations imposed upon them by law, contract, or equity, and any obligation owed to Plaintiff and/or the persons she seeks to represent has been satisfied, released, or otherwise discharged.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Release)

30.    By Plaintiff's conduct and voluntary release of all claims against Defendants, Plaintiff has released Defendants from any liability alleged in the Complaint, or any purported cause of action alleged therein.

**ATTORNEYS' FEES**

As a consequence of Plaintiff's bringing or maintaining this action, Defendants have been required to retain attorneys to defend themselves, and Defendants are entitled to recover their attorneys' fees incurred herein.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendants hereby give notice that Defendants intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to

-8-

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

1    amend their Answer to assert any such defenses.

2

3             WHEREFORE, Defendants pray as follows:

4

5        1.    That Plaintiff take nothing by reason of his Complaint and that judgment be

6    rendered in favor of Defendant;

7

8        2.    That Defendants be awarded their attorneys' fees pursuant to California

9    Labor Code Section 218.5, and costs incurred in defense of this action; and

10

11       3.    For such other and further relief as the Court deems just and proper.

12

13   DATED:  June 26, 2008

14                 SHEPPARD MULLIN RICHTER & HAMPTON LLP

15

16             By  _____

17                    JENNIFER B. ZARGAROF
                      JULIE WONG
18                    Attorneys for Defendants
                      J.C. PENNEY CORPORATION, INC. and
19                    J.C. PENNEY COMPANY, INC.

20

21

22

23

24

25

26

27

28

W02-WEST:LJN\400915317.1

DEFENDANTS' ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On June 26, 2008, I served the following document(s) described as **DEFENDANTS J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY COMPANY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Marc Yablonovich, Esq.                Attorneys for Plaintiff Joshua Munoz
Marc Primo, Esq.
Matthew T. Theriault, Esq.
Lory N. Ishii, Esq.
Dina Livhits, Esq.
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, CA  90067
telephone:  (310) 556-5637
facsimile:  (310) 861-9051

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐  **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒  **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 26, 2008**, at Los Angeles, California.

*Robin Ramage*
Robin Ramage

THACKER DECLARATION

# DECLARATION OF CHARLOTTE M. THACKER

## IN SUPPORT OF DEFENDANTS J.C. PENNEY CORPORATION, INC. AND

## J. C. PENNEY COMPANY, INC.'S NOTICE OF REMOVAL

I, Charlotte M. Thacker hereby declare the following:

1.      I am an Assistant Secretary of Defendants J.C. Penney Corporation, Inc. (formerly known as J.C. Penney Company, Inc.) and J.C. Penney Company, Inc. (collectively "JCPenney" or "Defendants").

2.      Defendant J.C. Penney Corporation, Inc. was formerly known as JCPenney Company, Inc., and was incorporated under the laws of the State of Delaware on December 15, 1924, and has had its principal place of business in the State of Texas since 1988.

3.      Defendant J.C. Penney Company, Inc. was incorporated under the laws of the State of Delaware on January 22, 2002, and has always had its principal place of business in the State of Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 27, 2008, at JCPenney Home Office
6501 Legacy Drive
Plano, Texas 75024


Charlotte M. Thacker
Assistant Secretary
J.C. Penney Corporation, Inc.
J.C. Penney Company, Inc.

W02-WEST:LJN:400914931.1

DEFENDANTS' NOTICE OF REMOVAL

ZARGAROF DECLARATION

# DECLARATION OF JENNIFER B. ZARGAROF

I, Jennifer B. Zargarof, hereby declare the following:

1.     I am an attorney at law duly licensed and admitted to practice before all of the courts in the State of California.  I am a partner at the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. in the action entitled *Munoz v. J.C. Penney Corp., Inc., et al.*, LASC Case Number BC 391113.  I have personal knowledge of the facts stated in this declaration, and if called and sworn as a witness, could and would testify competently thereto.

2.     On January 20, 2009, I sent the a letter to Plaintiff Joshua Munoz's counsel, Marc Primo and Linh Hua.  A true and correct copy of my letter dated January 20, 2009 is attached hereto as Exhibit C.

3.     Later that day, I received a letter from Plaintiff Joshua Munoz's counsel, Marc Primo.  A true and correct copy of the letter dated January 20, 2009 is attached hereto as Exhibit D.

4.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 3, 2009, at Los Angeles, California.

JENNIFER B. ZARGAROF

W02-WEST:1JUW1\400914555.1

-2-

ZARGAROF DECLARATION IN SUPPORT OF
DEFENDANTS' NOTICE OF REMOVAL

EXHIBIT C



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

*www.sheppardmullin.com*

January 20, 2009

Writer's Direct Line: 213-617-4243
jzargarof@sheppardmullin.com

Our File Number: 0592-138346

***VIA FACSIMILE & U.S. MAIL***
Marc Primo, Esq.
Linh Hua, Esq.
Initiative Legal Group LLP
1800 Century Park East, Second Floor
Los Angeles, CA 90067

     Re:   <u>*Joshua Munoz v. J.C. Penney Corp., Inc. et al.*</u>
             <u>Los Angeles Superior Case No. BC 391113</u>

Dear Mr. Primo and Ms. Hua:

        At the mediation on December 23, 2008, Plaintiffs valued each of the claims in the operative complaint at well over $5 million. I also spoke to each of you last week as a follow up to our unsuccessful mediation. While we have not been able to conduct formal discovery in light of the stay on such discovery in this case, it is now clear that Plaintiff seeks in excess of $5 million dollars on behalf of the putative class. If I am incorrect and the amount in controversy is less than $5 million, please let me know.

        Very truly yours,

*Jennifer Zargarof* /RR

Jennifer B. Zargarof

for SHEPPARD MULLIN RICHTER & HAMPTON LLP

W02-WEST:LJN\401295516.1

EXHIBIT D

 **INITIATIVE LEGAL GROUP** LLP

## FACSIMILE

**To:**        Jennifer Zargarof, Esq.
              Sheppard Mullin Richter Hampton LLP
              333 South Hope Street, 48th Floor
              Los Angeles, CA 90071
              213.620.1398 facsimile


**From:**      Linh Hua, Esq.
              310.556.5637 main
              310.861.9051 facsimile


**Date:**      January 20, 2009


**Subject:**   Munoz v. JCPenney


**Total Pages:**  6 (including cover)

01/20/2009 TUE 17:56  FAX 310   1 9051 Initiative Legal Group                    002/006

**▣ INITIATIVE LEGAL GROUP** LLP

MARC PRIMO
310.556.5637 Main
MPrimo@InitiativeLegal.com

<u>Confidential Settlement Communication</u>
<u>Privileged Under *Cal. Evid. Code* §§ 1119 and 1152</u>

January 20, 2009

<u>VIA U.S. MAIL AND FACSIMILE (213.620.1398)</u>

Jennifer B. Zargarof, Esq.
Julie Wong, Esq,
Sheppard Mullin Richter Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071

Subject:    <u>Munoz v. J.C. Penney Corporation, Inc., et al.</u>
LASC Case No. BC391113

Dear Jennifer,

Please be advised that this letter is written for settlement purposes, pursuant to California Evidence Code sections 1119 and 1152. This correspondence sets forth the demand of Plaintiff Munoz for settlement of all claims in this matter, on a class-wide basis.

Prior to the parties' December 23, 2008 mediation, JCPenney provided a unilaterally selected sample of data to allow Plaintiff to compute the liability for putative Class Members' meal period violations. In conjunction with this data, putative Class Members' testimony, legal analysis, and comparably approved wage and hour class action settlements, Plaintiff sets forth his position as to each claim and the total value of class claims.

Between May 19, 2004 and November 20, 2008, there were a total of 61,129 former and current non-exempt employees who worked at JCPenney's California retail store locations. Of those putative Class Members, 26,997 employees worked between May 19, 2007 and November 20, 2008. There are approximately 11,785 current employees

during the non-holiday season and approximately 14,306 current employees during the holiday season.

### A.    Meal Periods

JCPenney attests it achieved full compliance with California's meal period laws, beginning on April 2, 2006, due to its automated software which detects missed, late, or short meal periods. Although discovery has yet to support JCPenney's full meal period compliance, Plaintiff's meal period liability calculations compute only violations from May 19, 2004 through April 1, 2006. Meal waivers were expressly prohibited by JCPenney, therefore, waivers are not a viable defense to liability.

JCPenney provides there were a total of 3,743,735 shifts worked in excess of five hours, between May 19, 2004 and April 1, 2006, during which meal periods were mandated.

The sample of time records provided by JCPenney to Plaintiff reflect that putative Class Members were subject to missed, late, or short first or second meal periods in 21% of their shifts over five hours. JCPenney stated it paid 111,176 meal period adjustments to putative Class Members, between May 19, 2004 and April 1, 2006.

However, interviews with putative Class Members support that JCPenney's practice of regularly understaffing its store locations pressured retail supervisors and managers to alter employees' time records or require artificial punches that reflect compliance to avoid losses to JCPenney's controllable net profits, and thereby, avoiding disciplinary actions that could negatively affect their employment.

Although JCPenney's internally selected sample of time records reflect a minimum violation rate of 21%, testimony from putative Class Members supports that the violation rate is more likely approaches 26%. Between May 19, 2004 and April 1, 2006, the average hourly rate of putative Class Members was $9.27. However, a portion of JCPenney's employees, including Plaintiff Munoz, also received commissions and non-discretionary bonuses which increase the average hourly rate to a higher benefit rate provided by JCPenney.

Despite JCPenney's alleged full compliance between April 2, 2006 and the present, its meal period liability still ranges between $6,257,327.40 and $10,758,371.27 for unpaid meal period violations between May 19, 2004 and April 1, 2006.

| Total Shifts | Percentage of Missed Meal Periods Prior to April 2, 2006 (Ave, Hourly Rate of $9.27 per Hour) | |
|---|---|---|
| | 21% | 26% |
| 3,743,735 Shifts Over 5 Hours (No ADJ/MPA Paid) (between 05.19.04 and 04.01.06) | $7,287,928.92 | $9,023,150.10 |
| 3,632,559 Shifts Over 5 Hours (ADJ/MPA Paid) (111,176 hours paid, between 05.19.04 and 04.01.06) | $6,257,327.40 | $7,992,548.58 |

Again, the calculations of JCPenney's liability for meal period premiums is solely based upon data supplied by JCPenney.

**B.     Rest Breaks**

JCPenney's has provided no evidence of policies, practices, or procedures by which to compensate putative Class Members for missed rest breaks. Neither has JCPenney taken the position that it ever paid a single dollar in compensation to putative Class Members for missed rest breaks, at any time during the Class Period.

Where JCPenney's meal period liability is curtailed by updates to its timekeeping software, JCPenney's ongoing rest break liability is heavily dependent on putative Class Members' testimony of understaffing, the retail industry's common practice of neglecting to properly hire relief workers, and JCPenney's failure to train supervisors on any system implemented to provide rest breaks.

However, Plaintiff recognizes the risks at certification and at trial. Despite the ready availability of putative Class Members' voluntary testimony regarding their inability to take rest periods, Plaintiff is willing to meaningfully discount the amount of wages owed to the Class on this claim.

**C.     Waiting Time Penalties**

JCPenney has represented that there are 11,785 current employees during the non-holiday season in its California retail store locations. Between May 19, 2004 and November 2, 2008, there were a total of 49,344 former employees owned waiting time penalties for JCPenney's failure to time pay wages. Based on the calculations that any liability for missed meal breaks or missed rest breaks would trigger waiting time penalties, the amount of waiting time penalties owed to putative Class Members is vast. However, Plaintiff recognizes the risks at certification and at trial; therefore, Plaintiff is willing to meaningfully discount the calculated penalties to the Class.

D.    **Wage Statements**

JCPenney's non-exempt California employees were provided wage statements on a bi-weekly basis which systematically and uniformly failed to list total hours worked and all applicable hourly rates of pay. A total of 472,184 wage statements over 40 pay periods were issued between May 19, 2007 and November 20, 2008 to putative Class Members. In any given pay period, approximately 11,805 putative Class Members received a wage statement for which a penalty is payable for inaccuracies. Although class certification on this claim has been successful for Plaintiff's counsel, Plaintiff recognizes the risks during merits analysis and is willing to meaningfully discount the calculated penalties to the Class.

E.    **Comparable Class Action Settlements**

Recent class action settlements in the retail industry with similar claims have all provided comparable value for the release of wage and hour claims by putative Class Members. In *Hill v. Eddie Bauer* (USDC Case No. CV06-05224), a wage and hour class action settlement of $1,750,000 was approved for approximately 2,177 putative Class Members (an average of $803.86 per person). In *Flores v. CVS Pharmacy, Inc., et al.* (USDC Case No. CV07-05326), a wage and hour class action settlement of $8,450,000 was approved for approximately 25,000 putative Class Members (an average of $352.08 per person). *In re the Pep Boys Overtime Case* (USDC Case No. CV07-01755), a wage and hour class action settlement of $7,000,000 was approved for approximately 18,000 putative Class Members (an average of $338.89 per person). In *Hall v. Lowe's HIW, Inc.* (LASC Case No. BC325832), a wage and hour class action settlement of $8,450,000 was approved for approximately 51,701 putative Class Members (an average of $444.87 per person). Finally, on the lowest end of the spectrum, in *Ressler v. Federated Department Stores Company* (LASC Case No. BC335018), a meal and rest break class action settlement of $25,000,000 was approved for approximately 200,000 putative Class Members (an average of approximately $125 per person). So, even if we were to arbitrarily apply the lowest comparable per capita settlement amount ($125, reflective of the extraordinary size of that class and settlement) to just the meal and rest break claims in this matter, that resulting amount is approximately $8,750,000.

Based on the damages analysis performed from computations of putative Class Members' time records, testimony regarding work conditions, legal research and the terms of comparable wage and hour class action settlements, **Plaintiff demands $10,500,000.00.** In the spirit of obtaining an early, reasonable resolution of this matter, Plaintiff's present demand reflects an *$8,500,000 reduction* from Plaintiff's last demand during the December 23, 2008 mediation. This demand also falls near the lowest end of comparable per capita settlements in the retail sector. Finally, we are presenting an aggressively discounted demand to accommodate JCPenney's January 31, 2009 financial reporting deadline and to eliminate the need for (1) an extended dialog or (2) the further intervention of the mediator.

01/20/2009 TUE 17:56  FAX 310 ⬤ 1 9051  Initiative Legal Group  ⬤                    ☒006/006

We look forward to your consideration of our settlement demand.

Sincerely,

Marc Primo

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3           I am employed in the County of Los Angeles; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 333 South Hope
4   Street, 48th Floor, Los Angeles, California 90071-1448.

5           On February 3, 2009, I served the following document(s) described as (1)
**DEFENDANTS J.C. PENNEY CORPORATION, INC. AND J.C. PENNEY**
6   **COMPANY, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.**
**§§1332 (CAFA), 1441, AND 1446; (2)  DECLARATION OF CHARLOTTE**
7   **THACKER; AND (3)  DECLARATION OF JENNIFER B. ZARGAROF** on the
interested party(ies) in this action by placing true copies thereof enclosed in sealed
8   envelopes and/or packages addressed as follows:

9       Marc Primo, Esq.                          Attorneys for Plaintiff Joshua Munoz
        H. Scott Leviant, Esq.
10      Matthew T. Theriault, Esq.
        Linh Hua, Esq.
11      INITIATIVE LEGAL GROUP, LLP
        1800 Century Park East, 2nd Floor
12      Los Angeles, California 90067
        Telephone: (310) 556-5637
13      Facsimile: (310) 861-9051

14  ☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and
        processing correspondence for mailing.  Under that practice it would be deposited
15      with the U.S. postal service on that same day with postage thereon fully prepaid at
        Los Angeles, California in the ordinary course of business.  I am aware that on
16      motion of the party served, service is presumed invalid if postal cancellation date or
        postage meter date is more than one day after date of deposit for mailing in
17      affidavit.

18  ☐   **BY OVERNIGHT DELIVERY:** I served such envelope or package to be
        delivered on the same day to an authorized courier or driver authorized by the
19      overnight service carrier to receive documents, in an envelope or package
        designated by the overnight service carrier.
20
    ☐   **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the
21      office of the addressee(s).

22  ☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of
        this Court at whose direction the service was made.  I declare under penalty of
23      perjury under the laws of the United States of America that the foregoing is true and
        correct.
24
            Executed on **February 3, 2009**, at Los Angeles, California.
25

26

27                                          _Robin Ramage_
                                            Robin Ramage
28