H. Scott Leviant (SBN 200834)
SLeviant@InitiativeLegal.com
Matthew T. Theriault (SBN 244037)
MTheriault@InitiativeLegal.com
Linh Hua (SBN 247419)
LHua@InitiativeLegal.com
INITIATIVE LEGAL GROUP, LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Joshua Munoz

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Jennifer B. Zargarof (SBN 204382)
jzargarof@sheppardmullin.com
Julie Wong (SBN 247342)
jwong@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendants
J.C. Penney Corp., Inc. and J.C. Penney Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware Corporation; J.C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Nos.: CV 09-833 ODW (JTLx)<br><br>Hon. Otis D. Wright II<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:     March 16, 2009<br>Time:    1:30 p.m.<br>Place:    Courtroom 11<br><br>Date Action Filed:  May 19, 2008 |

**Case No.:  CV 09-833 ODW (JTLx)**          Page 1

JOINT RULE 26(F) REPORT

Plaintiff Joshua Munoz, individually and on behalf of other similarly situated individuals, and Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc., pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference, dated February 6, 2009, hereby present the following Joint Rule 26(f) Report.

## I. SUMMARY OF CLAIMS AND AFFIRMATIVE DEFENSES

Plaintiff Joshua Munoz (hereinafter, "Plaintiff"), a former employee of Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc., (hereinafter, "Defendants"), (collectively, hereinafter, the "Parties"), brought this lawsuit in the Los Angeles County Superior Court on his own behalf and on behalf of all other persons similarly situated. On June 27, 2008, Defendants filed a Notice of Removal of Action Under 28 U.S.C. §§ 1332 (CAFA), 1441, and 1446. On July 15, 2009, the Court remanded this action to state court. On February 3, 2009, Defendants filed a second Notice of Removal of Action Under 28 U.S.C. §§ 1332 (CAFA), 1441, and 1446.

The Complaint, filed on May 19, 2008, seeks to certify a wage and hour class action against Defendants. The Complaint defines the proposed class as follows: "All non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until resolution of this lawsuit." Plaintiff alleges that Defendants (1) failed to pay wages upon termination; (2) failed to pay wages (3) failed to provide meal periods or compensation in lieu thereof; (4) failed to provide rest breaks or compensation in lieu thereof; (5) failed to comply with itemized wage statement provisions; and (6) violated California's unfair competition laws. Plaintiff alleges that based on Plaintiff's allegations regarding unpaid wages, Plaintiff and putative class members are owed waiting time penalties under California Labor Code sections 201 and 202.

On behalf of all putative class members, Plaintiff seeks to recover unpaid compensation, including the interest thereon, as well as damages and statutory penalties for the applicable limitations period. Plaintiff further seeks attorneys' fees and costs.

Defendants contend that this matter is inappropriate for certification as a class action, primarily because it would not be a superior means of adjudicating any of the claims made, and that many, if not all, of the certification issues are ripe for summary adjudication. With respect to each of the causes of action listed by Plaintiff:

(1) Cal. Lab. Code §§ 201 and 202 (For Wages Not Paid Upon Termination). Necessary individualized inquires into the date each class member resigned or was fired, the number of days final wages were late, if any, the average daily wage of each class member (few of whom worked regular or full time schedules, most of whom worked varying hours each week and day), and requests for mailed payments make this claim inappropriate for class treatment.

(2) Cal. Lab. Code § 204 (Failure to Pay Wages). Based on the timing (every other week) of wage payments to JCPenney's hourly employees, it is unlikely that this claim will survive summary adjudication prior to a certification hearing. If it does survive, the evidence will show that necessary individualized inquires into rare circumstances where an employee may not have received all wages when due make this claim inappropriate claim for class treatment.

(3) Cal. Lab. Code §§ 222.7(a) and 512(a) (Denial and non payment of Meal Breaks). With <u>White v Starbucks</u>, 497 F.Supp.2d 1080 (N.D.Cal. 2007),

Brown v. Federal Express Corp., 249 F.R.D. 580 (C.D. Cal. 2008) and numerous other decisions holding that employers are required to offer meal breaks, but are not required to guarantee workers take them, this claim becomes one requiring individualized inquiries.  The evidence will show that JCPenney had strong policies requiring scheduling of meal breaks and voluntarily paid penalties to employees who did not take meal breaks.  To the extent meal breaks were not taken in individual cases, the most frequent cause would be employees (some of whom worked on an hourly wage plus commission basis) refusing to take them.  Further, the evidence will show that JCPenney instituted an automatic time clock and wage payment system, where employees who work a five hour stretch and failed to clock in and out for a lunch break of at least 30 minutes are automatically paid a meal break penalty.

(4) Cal. Lab. Code § 226.7(a) and 512(a) (Denial and non payment of Rest Breaks).  Once again the evidence will show that JCPenney had strong policies requiring Rest Breaks in accordance with the statute, and that this claim requires individualized inquiries for each class member, the bench and bar having long accepted that the law requires employers to make the breaks available to employees, but does not require that employers guarantee the breaks are taken.

(5) Cal. Lab. Code § 226(a) (Improper Wage Statements).  Assuming there are situations where the required proof of the employee "suffering injury" as a result of alleged omissions in a wage statement do not require the individualized inquiries that would defeat certification, Plaintiff must choose between attempting to prove actual damages per class member, or seek an alternate measure of damages based on

statutory penalties. The actual damages choice creates individualized inquires per class member that should defeat certification. The penalty damages choices converts the claim into a penalty-only class action that raises due process concerns that tip the superiority factor against certification. See, e.g., Soualian v. International Coffee and Tea, LLC, 2007 U.S. Dist. Lexis 44208 (C.D.CA. June 11, 2007)(" Where massive damage awards would be disproportionate to any actual damage caused by the alleged violations, class action is not the superior method of adjudicating class members' claims.")

The due process concern with statutory damages that are grossly disproportionate to actual damages – which is based on the constitutional infirmity of excessive punitive damages – permeates all of Plaintiff's class action claims, and is being cited by more and more courts throughout the country as a reason to deny certification of penalty-only class actions as a superior means of adjudication.

## II. PRINCIPAL LEGAL ISSUES

The principal legal issues are as follows:

- whether Defendants' second attempt to remove this action to district court was untimely and improper;
- whether certification as a class action is appropriate;
- whether Defendants paid all wages owed upon discharge of employees;
- whether Defendants complied with California Labor Code Section 226(a) requirements;
- whether Defendants properly provided meal periods and compensated employees with one hour of pay at their "regular rate" of pay for each meal period not provided;

- whether Defendants properly authorized and permitted rest breaks and compensated employees with one hour of pay at their "regular rate" of pay for each rest break that was not authorized and permitted;
- whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.;
- the amount of damages, penalties, and/or restitution resulting from Defendants' violations of California law;
- the appropriateness of any injunctive remedies.

### III.  AMENDMENT TO PLEADINGS

At this time, Plaintiff is internally investigating other potential wage and hour violations by Defendants. Should the investigation reveal Defendants' violation of other California labor laws on a class-wide basis, Plaintiff will seek to amend his operative complaint. Plaintiff anticipates that any such amendment for which leave of court is sought or to which the Parties stipulate will take place within 90 days.

### IV.  CONTEMPLATED MOTIONS

Plaintiff will file his Motion for Remand by or on March 5, 2009. Should the Court deny Plaintiff's Motion for Remand, Plaintiff anticipates filing a Motion for Class Certification upon the completion of essential pre-certification discovery. Defendants intend to file motions for full or partial summary judgment.

### V.  SETTLEMENT

The Parties have participated in a full-day private mediation on December 23, 2008 and continued negotiations after the mediation. However, the Parties did not come to agreement for the settlement of class claims. With the exchange of

formal discovery, the Parties will agree to later schedule another non-judicial dispute resolution proceeding before a private mediator pursuant to California Central District Local Rule 16-15.4.

## VI. DISCOVERY PLAN

The parties agree that proposing discovery cut-off dates is premature, prior to an evidentiary hearing on Plaintiff's Motion for Certification. The Court's ruling on the certification issue will largely determine the length of time necessary to bring a case to trial. If certification is granted, the parties propose a discovery cut-off date of March 22, 2010 and an expert discovery cut-off date of April 5, 2010. If certification is not granted, the parties propose a discovery cut-off date of January 16, 2010, and an expert discovery cut-off of January 30, 2010.

The parties have discussed three stages of discovery. The first, pre-mediation disclosures, has been completed. The parties intend to conduct a second stage of discovery comprised of formal discovery on class certification issues. Finally, the third stage would focus on the merits of the individual claims and any claims certified for class treatment. The parties have discussed that there may be significant overlap of certification and merits discovery and will meet and confer as to any disputes in that regard as they arise. Due to the stay on proceedings premised on the Parties' private mediation and Defendants' subsequent removal, the Parties have not exchanged formal discovery in this action.

Plaintiff intends to conduct discovery on the following, non-exhaustive list of subjects: whether certification as a class action is appropriate; whether Defendant complied with wage reporting as required by the California Labor Code; whether Defendants failed to provide meal and rest periods or compensation in lieu thereof; whether Defendants failed to pay earned wages to employees; whether Defendants failed to timely pay employees who left

Defendants' employ; whether Defendants engaged in unfair business practices in violation of the California Business & Professions Code §§ 17200, *et seq.*, and the appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

Plaintiff expects to conduct at least one deposition for every expert designated by Defendants, a number of Rule 30(b)(6) depositions and a number of individual depositions. The number of expected depositions will depend on the course of discovery and the documents available for Plaintiff's examination. Until Initial Disclosures are received and some initial discovery is conducted, Plaintiff cannot estimate the number of hostile witnesses that will be called.

Plaintiff anticipates contacting Class Members to offer a representative sampling of the Class as a whole. Plaintiff also anticipates calling at least one expert to testify on liability issues and at least one expert to testify on damage issues. Damages are expected to be proven by statistical sampling.

Defendants anticipate conducting written discovery and taking Plaintiff's deposition. Additionally, Defendants intend to take depositions of putative class members and others identified in Plaintiff's initial disclosures. Defendants also intend to depose Plaintiff's experts.

### A. ELECTRONIC DISCOVERY

The Parties have agreed that each will take steps to preserve all discoverable electronically stored information and/or materials.

## VII. PROPOSED MOTION DATES

### A. PLAINTIFF'S MOTION FOR REMAND

Plaintiff anticipates filing a motion to remand this action to state court, and the Parties submit this jurisdictional issue is in dispute. Plaintiff anticipates the following dates:

- Deadline to file Plaintiff's Motion for Remand: March 5, 2009
- Deadline to file Opposition to Plaintiff's Motion for Remand: March 16, 2009
- Deadline to file Reply to Plaintiff's Motion for Remand: March 23, 2009
- Hearing on Plaintiff's Motion for Remand: March 30, 2009

### B.  PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The Parties stipulate to waiving Plaintiff's requirement to file his Motion for Class Certification within a 90 day, pursuant to Central District Local Rule 23-3.  Plaintiff anticipates filing a motion for class certification, and the Parties submit that the issue of class certification is in dispute.  The Parties propose that the Court adopt the following schedule regarding Plaintiff's Motion for Class Certification:

- Deadline to file Plaintiff's Motion for Class Certification: September 14, 2009
- Deadline to file Opposition to Plaintiff's Motion for Class Certification: October 12, 2009
- Deadline to file Reply to Plaintiff's Motion for Class Certification: November 2, 2009
- Hearing on Plaintiff's Motion for Class Certification: November 9, 2009

The Parties further propose the following schedule:

- Last day for hearings on motions: April 5, 2010
- Pre-trial Conference: April 19, 2010
- Trial: May 3, 2010

## VIII. ESTIMATE OF NUMBER OF COURT DAYS FOR TRIAL

Although the Parties submit that it is premature to estimate the number of court days for a trial, Plaintiff, nonetheless, estimates that this class action will require ten (10) court days. Defendants anticipate that trial as to Plaintiff's individual claims will take three (3) to five (5) days, and if the class sought by Plaintiff is certified, trial as to the class would take three (3) to five (5) weeks.

## IX. TRIAL BY JURY OR THE COURT

In his Complaint, filed on May 19, 2008, Plaintiff has requested a trial by jury. Defendants request a bench trial and note that some claims, such as Plaintiff's Business and Professions Code claim, do not allow for a jury trial.

## III. MAGISTRATE JUDGE

The Parties respectfully decline to have a Magistrate Judge preside over the proceedings.

Dated: March 2, 2009

INITIATIVE LEGAL GROUP LLP

By: _____
H. Scott Leviant
Matthew T. Theriault
Linh Hua

Attorneys for Plaintiff Joshua Munoz

Dated: March 2, 2009

SHEPPARD MULLIN RICHTER & HAMPTON, LLP

By: _____
Jennifer Zargarof
Attorneys for Defendants

J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc.

Case No.: CV 09-833 ODW (JTLx)     Page 10

JOINT RULE 26(F) REPORT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On **March 2, 2009**, I served the document described as: **JOINT RULE 26(F) REPORT** on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

> Jennifer B. Zargarof, Esq.
> Julie Wong, Esq.
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 333 South Hope Street, 48th Floor
> Los Angeles, CA 90071-1448
> Facsimile: 213-620-1398

[✓]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ]  **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ]  **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ]  **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **March 2, 2009** at Los Angeles, California.

MATTHEW KROUT                 /s/ Matthew Krout
Type or Print Name                 Signature

Case No.: CV 09-833 ODW (JTLx)        Page 1

JOINT RULE 26(F) REPORT