O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-0833 ODW (JTLx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | *Joshua Munoz, et al. v. J.C.Penney Corp., Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

Proceedings (In Chambers):   **Order DENYING Plaintiff's Motion to Remand [18]**

## I.   INTRODUCTION

Pending before this Court is Plaintiff's Motion to Remand this matter to state court. Having considered the arguments made in support of and in opposition to the instant Motion, Plaintiff's Motion to Remand is DENIED.

## II.   BACKGROUND

On May 19, 2008, Plaintiff filed a class action suit in Los Angeles County Superior Court alleging various state labor code violations. (Mot. at 2.) Defendants were served on May 29, 2008 and attempted to remove the case on June 27, 2008. (Mot. at 2.) The District Court remanded the matter to state court based on a finding that the amount in controversy requirement had not been clearly shown by Defendants. (Mot. at 2.) In December 2008, the parties agreed to engage in settlement negotiations that resulted in the drafting of a settlement demand letter. (Mot. at 1.) On February 3, 2009, Defendants sought to again remove the case, introducing the settlement letter as proof of meeting the Class Action Fairness Act (CAFA) amount in controversy requirement. (Mot. at 3.) Plaintiff seeks to again remand this matter to state court.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-0833 ODW (JTLx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | *Joshua Munoz, et al. v. J.C.Penney Corp., Inc., et al.* | | |

## III. DISCUSSION

### A. *Legal Standard*

A civil action brought in state court may be removed by the defendants to the appropriate federal district court on the basis of diversity jurisdiction where the amount in controversy is met. 28 U.S.C. § 1441. For class actions, the required amount in controversy must exceed $5,000,000. 28 U.S.C. § 1453.

### B. *Timeliness of Removal*

Plaintiff argues that Defendants could have made a sufficient showing of the amount in controversy in the first removal motion based on calculations derived from Defendants' SEC filings. (Mot. at 1.) Therefore, Plaintiff urges that Defendants' thirty-day time limit has expired and the second removal was untimely. (Mot. at 1.) Defendants argue that Plaintiff chose not to provide any documentation asserting the amount in controversy until the settlement letter in question. (Opp'n at 6.) As such, the thirty-day time limit did not begin to run until Defendants had this documentation–from which it was first ascertainable that the case was removable. (Opp'n at 4.)

"The [removal] statute provides two thirty-day windows during which a case may be removed–during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)). "Th[e] thirty day period begins to run 'from defendant's receipt of the initial pleading only when that pleading *affirmatively reveals on its face*' the facts necessary for federal court jurisdiction." (Mot. at 4.) (quoting *Harris*, 425 F.3d at 690-91) (emphasis added). Thus, "[i]f the amount in controversy is not clear on the face of the initial pleading . . . the thirty-day period for removal does not 'begin ticking until a defendant receives a copy of an amended pleading, motion, order or other paper from which it can determine that the case is removable.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-0833  ODW (JTLx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | *Joshua Munoz, et al. v. J.C.Penney Corp., Inc., et al.* | | |

In *Molina v. Lexmark International, Inc.*, as here, the plaintiff argued that the defendant could have used an "obvious formula" based on the defendant's own employee records to calculate the amount in controversy. 2008 WL 4447678, at *18 (C.D. Cal. 2008). The court held that "a defendant's own records cannot logically constitute 'other paper' under § 1446(b)." *Id.* Therefore, "[e]ven if Lexmark could have ascertained that the amount in controversy exceeded $5 million by reviewing its own records . . . this would not have triggered the thirty day period for removal under § 1446(b)." *Id.* Similarly, Plaintiff urges that Defendants' own SEC filings provided an "objective measure of Defendants' knowledge." (Mot. at 11.) However, Plaintiff's assertion that it is the duty of Defendants to perform "grade-school mathematics"–an exercise which Plaintiff engages in for close to five pages to show the amount in controversy–is contrary to the plain language of the statute. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed . . . after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is . . . removable. . . ."). It is also contrary to the holdings of several circuits.

This Court need not "improve upon the jurisprudence of removals" as Plaintiff urges it to do (Mot. at 12), and instead follows the plain language of the statute and sound jurisprudence of the Ninth Circuit and other circuits. *See Harris*, 425 F.3d at 692; *see also Rico-Chinn v. Prudential Ins. Co. of America*, 2005 WL 1632289 (N.D. Cal. 2005) ("Of the five circuit courts of appeals to have addressed the issue, . . . all have held that the thirty day time period . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.") (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000); *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1077 (10th Cir. 1999); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Foster v. Mut. Ins. Co.*, 986 F.2d 48, 54 (3rd Cir. 1993).

C.  *Successive Removal*

Plaintiff also asserts that "Defendants' second attempt to remove on the same grounds is impermissible." (Reply at 2.) However, in support of this argument, Plaintiff cites Ninth Circuit cases that do not speak to facts similar to those at hand. *See Peabody v. Maud Van*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-0833 ODW (JTLx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | *Joshua Munoz, et al. v. J.C.Penney Corp., Inc., et al.* | | |

*Cortland Hill Schroll Trust*, 892 F.2d 772, 776 (9th Cir. 1989) (holding that a second petition for removal on the same federal question grounds where the court had already determined that there was no federal question was frivolous); *see also Seedman v. U.S. District Court for Cent. Dist. of Calif.*, 837 F.2d 413 (9th Cir. 1988) (holding that a District court cannot correct its own error by granting a second removal).

This Court instead relies on *Benson v. SI Handling Systems, Inc.*, whose facts are relevant to the case at hand. *188 F.3d 780 (7th Cir. 1999).* In *Benson*, the defendants' first removal attempt was remanded based on a finding that "the papers did not establish [] the amount in controversy . . . ." *Id.* at 781. The court held that the second removal, based on new evidence of damages exceeding the amount in controversy, was proper. *Id.* at 782-83. ("A premature removal may lead to a perfectly justified remand; but when matters change–for example . . . by a disclosure that the stakes exceed the jurisdictional amount– the case may be removed . . . .").

Here, the first remand may have been perfectly justified based on Defendant's lack of papers establishing the amount in controversy. (Mot. at 2.) However, this Court is not precluded from taking into consideration the settlement letter now presented by Defendants as proof of meeting the jurisdictional amount.

    D.    *Federal Mediation Privilege*

Plaintiff filed this motion to remand asking the court to adopt a "federal mediation privilege that precludes the use of mediation-related settlement communications for purposes of assessing the sufficiency of a removal." (Mot. at 1.) Defendants argue that although a settlement and mediation matter is not discoverable for use as evidence at a trial on the merits, it is not immune from use as a "subsequent paper" supporting a notice of removal. (Opp'n at 7.)

Federal courts are authorized to define new privileges based on interpretation of "common law principles . . . in the light of reason and experience." *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1170 (citing *Jaffee v. Redmond*, 518 U.S. 1, 8 (1996)). However, "[p]rivileges are not lightly created and cannot be inferred absent a clear manifestation of Congressional intent." *F.D.I.C. v. White*, 76 F. Supp. 2d 736,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-0833 ODW (JTLx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | *Joshua Munoz, et al. v. J.C.Penney Corp., Inc., et al.* | | |

738 (N.D. Tex. 1999). Furthermore, a privilege "shield[s] mediation discussions from discovery by *third parties*", whereas the "duty of confidentiality . . . prevents *parties to a mediation* from disclosing mediation communications voluntarily." *Molina*, 2008 WL 4447678 at *11 (citing *Folb*, 16 F. Supp. 2d at 1171) (emphasis added). Here, as in *Molina*, Plaintiff is mistakenly asking this Court to adopt a privilege even though it seems to be alleging a breach of the duty of confidentiality. In fact, Plaintiff cites cases that discuss the mediation privilege and its goal of protecting the mediation participants' "expectation that the information will remain protected from future use by *other parties* . . . ." (Mot. At 14.) (emphasis added). There are clearly no third parties in this case seeking to discover mediation materials.

Because Plaintiff seems to be alleging that it is entitled to a duty of confidentiality that would prevent Defendants from voluntarily disclosing the settlement proposal letter to this Court, Rule 408 of the Federal Rules of Evidence is more applicable here than *Folb*. The Rule invalidates "conduct or statements made in compromise negotiations regarding the claim" where they are used to prove liability. Fed. R. Evid. 408. However, where those statements are used simply to show that the amount in controversy is met, courts have held that Rule 408 is not offended. *See Molina*, 2008 WL 4447678 at *12-13 (quoting *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("The purpose of Fed. R. Evid. 408, to encourage settlements, is not undermined by use of a demand letter in a notice of removal.") and *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004) (holding that a facsimile containing a settlement offer does not offend Rule 408 when it is used "for the limited purpose of determining the amount in controversy when the pleadings themselves are inconclusive on that subject")).

Most importantly, the Ninth Circuit has upheld the use of settlement letters in showing a sufficient amount in controversy for purposes of removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007) (holding that a letter sent by plaintiffs estimating the amount alleged put defendant on notice of the amount in controversy). Here, the pleadings were clearly ambiguous, resulting in the Defendants' first unsuccessful attempt in making a showing that the amount in controversy requirement was met in this case. (Mot. at 1; Opp. at 5.) Therefore, this settlement offer was the first paper received by Defendants


O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV09-0833 ODW (JTLx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | *Joshua Munoz, et al. v. J.C.Penney Corp., Inc., et al.* | | |

that made the amount in controversy ascertainable and as such, is properly recognized by this Court.

Additionally, Plaintiff points out the "reduced expectation of confidentiality in class action mediation proceedings." (Mot. At 19) (citing *Molina*, 2008 WL 4447678 at *16) (discussing research regarding mediation available through Westlaw's "allstates" and "allfeds" databases for years 1999 through 2003 concluding there was little expectation of confidentiality in class action mediation proceedings and that neither privilege nor duties of confidentiality prevent reliance on documents exchanged during mediation to establish the amount in controversy).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

**SO ORDERED.**

|  | ---- | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN | | |