H. Scott Leviant (SBN 200834)
SLeviant@InitiativeLegal.com
Payam Shahian (SBN 228406)
PShahian@Initiativelegal.com
Linh Hua (SBN 247419)
LHua@InitiativeLegal.com
INITIATIVE LEGAL GROUP, APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Joshua Munoz

Jennifer B. Zargarof (SBN 204382)
jzargarof@sheppardmullin.com
Julie Wong (SBN 247342)
jwong@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendants
J.C. Penney Corp., Inc. and J.C. Penney Co., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated, | Case Nos.: CV09-833 ODW (VBKx) |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PROTECTIVE ORDER** |
| J.C. PENNEY CORPORATION, INC., et al., | Date Action Filed:  May 19, 2008<br>Discovery Cut-Off:  February 15, 2010<br>Pretrial-Conference:  April 12, 2010<br>Trial Date:  May 4, 2010 |
| Defendants. | |

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    1.    PURPOSES AND LIMITATIONS

2         Disclosure and discovery activity in this action may involve production of

3    confidential, proprietary, or private information for which special protection

4    from public disclosure and from use for any purpose other than prosecuting this

5    litigation would be warranted.  Furthermore, the Parties desire to memorialize

6    their agreement regarding inadvertent production of privileged materials and/or

7    materials protected by the attorney work product doctrine.

8    2.    DEFINITIONS

9         2.1    Party: any party to this action, including all of its officers,

10   directors, employees, consultants, retained experts, and outside counsel (and their

11   support staff).

12        2.2    Disclosure or Discovery Material: all items or information,

13   regardless of the medium or manner generated, stored, or maintained (including,

14   among other things, documents, electronic data, testimony, transcripts, or tangible

15   things) that are produced or generated in disclosures or responses to discovery in

16   this matter.

17        2.3    Confidential Information and/or Items: information

18   (regardless of how generated, stored or maintained) or tangible things that: (a)

19   reveal trade secrets[1] and/or proprietary information regarding Defendants, or any

20   parent or affiliates; (b) reveal personal and/or confidential information about any

21   third party, including such types of information as are protected by the California

22   constitutional right of privacy; and/or (c) otherwise qualify for protection under

24        [1]    As used herein, the term "trade secret" shall be defined pursuant to
25   California Civil Code section 3426.1. Section 3426.1 provides that trade secret
     "means information, including a formula, pattern, compilation, program, devise,
26   method, technique, or process, that: (1) Derives independent economic value,
     actual or potential, from not being generally known to the public or to other
27   persons who can obtain economic value from its disclosure or use; and (2) Is the
     subject of efforts that are reasonable under the circumstances to maintain its
28   secrecy."

Initiative Legal Group APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

standards developed under Rule 26(c) of the Federal Rules of Civil Procedure and are designated "CONFIDENTIAL" by the Producing Party.

2.4   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6   <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7   <u>Privileged Material</u>: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter that are subject to the attorney-client privilege and/or the attorney work product doctrine.

2.8   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.9   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staffs).

2.10   <u>House Counsel</u>: attorneys who are employees of a Party (as well as their internal support staffs).

2.11   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition

**Initiative** Legal Group APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   includes a professional jury or trial consultant retained in connection with this
2   litigation.

3         2.13   <u>Professional Vendors</u>: persons or entities that provide
4   litigation support services (*e.g.*, photocopying; videotaping; translating;
5   preparing exhibits or demonstrations; organizing, storing, retrieving data in any
6   form or medium; etc.) and their employees and subcontractors.

7       3.   <u>SCOPE</u>

8       The protections conferred by the Protective Order cover not only Protected
9   Material (as defined above), but also any information copied or extracted
10   therefrom, as well as all copies, excerpts, summaries, or compilations thereof,
11   plus testimony, conversations, or presentations by the Parties or counsel to or in
12   court or in other settings that might reveal Protected Material.

13       All Court orders will be presumptively available to the public.  If a Party
14   files evidence under seal pursuant to Paragraph 10 of the Order, all papers that
15   refer to or rely upon such evidence shall designate the particular aspects that are
16   confidential.  This will enable the Court, in drafting orders, to determine whether
17   there is evidence which the Court should attempt not to disclose. Absent such
18   advance notification, the Court will be free to incorporate all such evidence in its
19   written and oral rulings.

20       In the event that the case proceeds to trial, all of the information filed with
21   the Court that was designated as Protected Material and/or Confidential
22   Information and Items becomes public and will be presumptively available to all
23   members of the public, unless sufficient cause is shown in advance of trial to
24   proceed otherwise.

25       4.   <u>DURATION</u>

26       Even after the termination of this litigation, the confidentiality obligations
27   imposed by the Protective Order shall remain in effect until a Designating Party
28   agrees otherwise in writing or a court order otherwise directs.

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

5.    DESIGNATING PROTECTED MATERIAL

     5.1    Burden of Proof. The Designating Party bears the burden of establishing confidentiality.

     5.2    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under the Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass or indiscriminate designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.3    Manner and Timing of Designations. Except as otherwise provided in the Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under the Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with the Protective Order requires:

     (a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material or, alternatively, on the first page of a multi-page document if the entire document is protected.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party should endeavor to identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

     (b)    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material

made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under the Protective Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also should endeavor to identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring, or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to, during the time allocated for the witness to review and execute the deposition transcript, identify the specific portions of the testimony as to which protection is "CONFIDENTIAL" during this review period.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(d)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in an prominent place on the exterior of the container or containers in which the

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, should identify the protected portions.

 5.4 <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

 6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

 6.1 <u>Timing of Challenges</u>.  A prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation.  However, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

 6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by meeting and conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

 6.3 <u>Judicial Intervention</u>.  If the parties are unable to resolve the challenge, the Designating Party may, within 45 days of first notification of the challenge to its confidentiality designation or by such time as the parties

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

otherwise agree, commence the process set forth in Local Rule 37-2 to obtain an order confirming the confidentiality of the material designated as "CONFIDENTIAL" and challenged by any other Party.  The process set forth in Local Rule 37-2 is "commenced" upon delivery by the Designating Party to the challenging party the Designating Party's portion of a Joint Stipulation in support of a discovery motion seeking entry of a confirmatory protective order.  A party who fails to commence the process under Local Rule 37-2 to obtain a confirmatory order within the 45-day period set forth immediately above shall be estopped from later claiming confidentiality of the Confidential Information.

Until the court rules on any challenge or the 45-day period described above lapses without initiation of the process set forth in Local Rule 37-2, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1          (a)     the Receiving Party's Counsel in this action;

2          (b)     the officers, directors, and employees of the Receiving

3  Party to whom disclosure is reasonably necessary for this litigation;

4          (c)     experts (as defined in the Protective Order) of the

5  Receiving Party to whom disclosure is reasonably necessary for this litigation

6  and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

7  A);

8          (d)     the Court and its personnel;

9          (e)     court reporters, their staffs, and Professional Vendors

10  to whom disclosure is reasonably necessary for this litigation;

11          (f)     during their depositions, witnesses in the action to

12  whom disclosure is reasonably necessary. Pages of transcribed deposition

13  testimony or exhibits to depositions that reveal Protected Material must be

14  separately bound by the court reporter and may not be disclosed to anyone except

15  as permitted under the Protective Order; or

16          (g)     the author of the document or the original source of the

17  information.

18        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

19  PRODUCED IN OTHER LITIGATION

20        If a Receiving Party is served with a subpoena or an order issued in other

21  litigation that would compel disclosure of any information or items designated in

22  this action as "CONFIDENTIAL," the Receiving Party must so notify the

23  Designating Party, in writing (by fax, if possible) immediately and in no event

24  more than five court days after receiving the subpoena or order. Such notification

25  must include a copy of the subpoena or court order.

26        The Receiving Party also must immediately inform in writing the party

27  who caused the subpoena or order to issue in the other litigation that some or all

28  the material covered by the subpoena or order is the subject of the Protective

Order. In addition, the Receiving Party must deliver a copy of the Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of the Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

In the event that counsel for any party desires to file with the Court any document which includes any Protected Material, such document shall be filed separately in a sealed envelope pursuant to Central District of California Local Rule 79-5.1, upon which shall prominently appear the following statement:

**This envelope contains documents subject to a Stipulated Protective Order concerning the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened, nor shall the contents be displayed or revealed**

**except by order of the Court.  Violation hereof may be regarded as a contempt of court.**

This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

11.  <u>PRIVILEGED MATERIAL</u>

If a Producing Party discovers that it has produced Privileged Material, it may notify the Receiving Party, which will promptly destroy or return all copies of such Privileged Material.  Furthermore, if the Receiving Party has already disclosed the Privileged Materials prior to receiving this notice, the Receiving Party must take reasonable steps to retrieve the materials or ensure their destruction.  Unless otherwise agreed by the Parties in writing, no Party shall be permitted to retain Privileged Materials after receiving notification under this section, even if the Parties dispute the privilege and/or work product status of the materials.  If the Parties subsequently agree or the Court orders that such materials should be disclosed, the Producing Party will produce new copies of the materials within five court days of issuance of the Court's order.

12.  <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Upon written request by the Producing Party, whether the Protected Material is returned or destroyed, the Receiving Party will submit a written certification to the Producing Party within sixty days of the written request stating that best efforts were made to return or destroy all Protected Material and that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

**Initiative** Legal Group APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the Protective Order as set forth in Section 4 (DURATION), above.

13.    MISCELLANEOUS

13.1   The Court may modify the Protective Order in the interests of justice or for public policy reasons.

13.2   Right to Further Relief.  Nothing in the Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.3   Right to Assert Other Objections.  By moving for the entry of the Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Protective Order. Similarly, no Party waives any right to object on any ground to use of any of the material covered by the Protective Order at trial, in evidence or otherwise.

Dated:   July 29, 2009                         /s/
                                        _____
                                        Hon. Victor B. Kenton
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>J.C. PENNEY CORPORATION, INC., et al.,<br><br>        Defendants. | Case Nos.: CV09-833 ODW (JWJx)<br><br>**<u>CLASS ACTION</u>**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

By signing this document, I hereby certify that I have read the Protective Order ("Order") in the above-captioned case. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order, and I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order. I understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter.

I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

Date: _____

Signature: _____

Print Name: _____

Address: _____

Initiative Legal Group APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067