H. Scott Leviant (SBN 200834)
e-mail: SLeviant@InitiativeLegal.com
Payam Shahian (SBN 228406)
e-mail: PShahian@InitiativeLegal.com
Linh Hua (SBN 247419)
e-mail: LHua@InitiativeLegal.com
Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and, DOES 1 through 10, inclusive,

Defendants.

Case No.: CV 09-833 ODW (VBKx)

[DISCOVERY MOTION]

CLASS ACTION

**DECLARATION OF H. SCOTT LEVIANT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT J.C. PENNEY CORPORATION'S FURTHER RESPONSES TO INTERROGATORY NO. 1**

Date: August 25, 2009
Time: 10:00 a.m.
Place: Courtroom B, 8th Floor

Judge: Hon. Victor B. Kenton

Date Filed: May 19, 2008
Date Removed: February 3, 2009
Disc. Cut-Off: February 15, 2010
Trial Date: May 4, 2010

**Case No.**: CV 09-833 ODW (JTLx) Page 1

**DECLARATION OF H. SCOTT LEVIANT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO INTERROGATORY NO. 1**

## DECLARATION OF H. SCOTT LEVIANT

I, H. Scott Leviant, declare:

1. I am a fully qualified, adult resident of the State of California, and, if called as a witness herein, I would testify truthfully to the matters set forth herein. All of the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief. As to such matters, I believe them to be true.

2. I am admitted, in good standing, to practice as an attorney in the State of California, the United States Supreme Court, the Ninth Circuit Court of Appeals, and the United States District Courts for the Central, Northern and Southern Districts of California. I have never been subject to discipline by the State Bar of California.

3. This Declaration is submitted in support of Plaintiff's Motion To Compel Defendant's Further Responses To Interrogatory No. 1.

## IDENTIFICATION OF PLAINTIFF'S EXHIBITS

4. Plaintiff Joshua Munoz' First Set of Interrogatories to Defendant J.C. Penney Corporation, Inc. is attached hereto as Exhibit "A."

5. Defendant J.C. Penney Corporation, Inc.'s Responses to Plaintiff Joshua Munoz' First Set of Interrogatories is attached hereto as Exhibit "B."

6. Plaintiff's Meet and Confer Letter, sent June 6, 2009 to counsel for Defendant, is attached hereto as Exhibit "C."

7. Email from Plaintiff's counsel to Defendant's counsel, requesting a responses after the parties' Local Rule 37-1 Conference of Counsel, dated June 20, 2009, is attached hereto as Exhibit "D."

8. Email from Defendant's counsel to Plaintiff's counsel, rejecting Plaintiff's compromise regarding Interrogatory No. 1 and refusing to produce additional names and contact information, dated July 21, 2009, is attached hereto

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**Case No.**: CV 09-833 ODW (JTLx) Page 2

**DECLARATION OF H. SCOTT LEVIANT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO INTERROGATORY NO. 1**

as Exhibit "E."

**DISCOVERY REQUEST IN DISPUTE AND FACTS SHOWING PLAINTIFF'S DILIGENCE IN ATTEMPTING TO OBTAIN THE REQUESTED INFORMATION**

9. May 26, 2009, Plaintiff propounded Interrogatories, Set One, to Defendant J.C. Penney Corporation, Inc. ("Defendant"). Interrogatories, Set One, contained a single Interrogatory that sought data about the putative class members, including (a) the individual's full name; (b) the individual's last known address; (c) the individual's last known telephone numbers; (d) all of the individual's job titles; (e) the individual's starting and ending dates of employment; and, (f) the individual's work site or sites by store number and city.

10. On or about June 26, 2009, Defendant objected to Plaintiff's request and refused to respond.

11. On July 6, 2009, Plaintiff's counsel wrote to Defendant's counsel, requesting an opportunity to meet and confer about the objections.

**PLAINTIFF'S MEET AND CONFER EFFORTS AND PLAINTIFF'S PROPOSAL FOR RESOLUTION OF THE DISCOVERY DISPUTE**

12. On July 6, 2009, Plaintiff's counsel, Ms. Hua, wrote to Defendant's counsel, requesting an opportunity to meet and confer about the objections. To facilitate the discussion, Ms. Hua explained in the letter Plaintiff's position as to each of Defendant's objections. The letter requested that counsel for the parties meet in person on July 14, 2009, pursuant to Local Rule 37-1.

13. On July 13, 2009, counsel for Defendant responded, indicating that it was not possible to meet on July 14, 2009. The meeting was finally scheduled for July 16, 2009, the last possible day on which the Rule 37-1 meeting could occur.

14. On July 16, 2009, Ms. Zargarof, counsel for Defendant, Ms. Hua and I met to discuss Defendant's objections to Plaintiff's Interrogatories, Set

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

One, Number 1. Ms. Zargarof indicated at the beginning of the meeting that she did not have the authority to enter into any agreements. She explained that in-house counsel, Jerome K. Lipsich, had more authority to enter into discovery agreements, but he also lacked the authority reach any agreement without consulting with unidentified individuals in the J.C. Penney organization.

15. During the meeting, I explained that Defendant's objections were deficient for several reasons:

a. the data requested for each class member was not included with the names provided to us for purposes of mediation;

b. the data previously supplied was both incomplete (missing telephone numbers in over 3,200 cases) and very stale (thousands of addresses were incorrect);

c. the data did not include any information for Defendant's thousands current employees;

d. because there was no way to identify those putative class members that might be particularly helpful or have important information, any sampling of the putative class would increase the likelihood that Plaintiff would not have access to the best witnesses;

e. because Plaintiff was not provided with information or verification regarding the methodology for selecting the information produced to Plaintiff to ensure that bias was excluded from the Defendant's sampling method; and,

f. because California's privacy right governed this diversity action, and because that right had been conclusively found insufficient to bar discovery of the identity and contact information for all putative class members, there was not valid basis for objecting to Plaintiff's Interrogatory.

16. Despite the concerns mentioned above, during the meeting I proposed a compromise to resolve the dispute between the parties:

a. Plaintiff would accept data for 50% of the remaining putative class members, so long as the 50% sample was selected with a verifiably random methodology, such as the selection of every other name from an alphabetic list and so long as Defendant supplied the missing data for those putative class members already identified for Plaintiff;

b. Plaintiff would agree to an "opt-out" privacy notice procedure, whereby every putative class member in the 50% sample would be provided a written mailing, advising them of the discovery request and providing them with a postcard that could be used to object to the production of their contact information and related data;

c. Plaintiff would pay for the costs of the privacy notice administration.

My July 16, 2009 compromise proposal was neither accepted nor rejected at that meeting.

17. During the July 16, 2009 meeting, I advised Ms. Zargarof that Plaintiff could not afford a protracted discovery dispute, due to the October 19, 2009 filing date for Plaintiff's Motion for Class Certification.

18. On July 20, 2009, having heard nothing from counsel for Defendant about the unresolved discovery dispute, Ms. Hua, at my direction, sent an e-mail communication to Defendant's counsel, advising counsel that Plaintiff would provide his portion of a Joint Stipulation for a discovery motion if no response was received by 11:00 a.m. on July 21, 2009.

19. On July 21, 2009, Ms. Zargarof, counsel for Defendant, responded to Ms. Hua's e-mail, rejecting Plaintiff's compromise proposal. Instead, Ms.

Zargarof agreed only that Defendant would provide the missing data for the prior group of putative class members.

20. Plaintiff requests that Defendant provide the names and contact information of all potential class members without use of a privacy notice. Given that the administration of a privacy notice would take, at the very minimum, 30 to 45 days, before the contact information could be released, Plaintiff could not realistically expect to receive the contact information until right before his motion was due or shortly thereafter.

21. Plaintiff requests an award of fees and costs incurred as a sanction against Defendant's unjustified position that forced Plaintiff to bring this Motion to Compel. Because this discovery motion process is incomplete, I cannot provide the total amount of fees incurred at this time. However, in preparing the accompanying Joint Stipulation, preparing this Declaration, reviewing Defendant's responses, directing other associates and meeting and conferring with Defendant's counsel, I, alone, have already spent well over 15 hours on this discovery dispute. At the time Plaintiff files his supplemental brief, Plaintiff will be able to provide a total of the attorney time spent on this dispute, at the applicable billing rates for each attorney, not including time spent attending any hearing on this matter.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed by me on this 3rd day of August 2009, at Los Angeles, California.

H. S. Leviant

H. Scott Leviant, "Declarant"

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT A

H. Scott Leviant (SBN 200834)
e-mail: SLeviant@InitiativeLegal.com
Payam Shahian (SBN 228406)
e-mail: PShahian@InitiativeLegal.com
Linh Hua (SBN 247419)
e-mail: LHua@InitiativeLegal.com
Initiative Legal Group, LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and, DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 09-833 ODW (JTLx)<br><br>Hon. Otis D. Wright II<br><br>CLASS ACTION<br><br>**PLAINTIFF JOSHUA MUNOZ' FIRST SET OF INTERROGATORIES TO DEFENDANT J.C. PENNEY CORPORATION, INC.**<br><br>Date Filed: May 19, 2008<br>Date Removed: February 3, 2009<br>Disc. Cut-Off: February 15, 2010<br>Trial Date: May 4, 2010 |

PROPOUNDING PARTY: Plaintiff Joshua Munoz

RESPONDING PARTY: Defendant J.C. Penney Corporation, Inc.

SET NUMER: ONE (Interrogatory 1)

## INTERROGATORIES

INTERROGATORY NO. 1: For every individual employed by Defendant J.C. Penney Corporation, Inc. in a non-exempt job position in the State of California at any time since May 19, 2004, provide the following information:

a. the individual's full name;

b. the individual's last known address;

c. the individual's last known telephone numbers;

d. all of the individual's job titles;

e. the individual's starting and ending dates of employment; and,

f. the individual's work site or sites by store number and city.

Dated: May 25, 2009

Respectfully submitted,

Initiative Legal Group LLP

By: ______________________

H. Scott Leviant
Payam Shahian
Linh Hua

Attorneys for Plaintiff

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On **May 26, 2009**, I served the document described as: **PLAINTIFF JOSHUA MUNOZ' FIRST SET OF INTERROGATORIES TO DEFENDANT J.C. PENNEY CORPORATION, INC.** on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

Jennifer B. Zargarof
Julie Wong
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
Facsimile: (213) 620-1398

[✓] **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ] **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ] **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ] **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **May 26, 2009** at Los Angeles, California.

LINDSEY MARQUEZ
Type or Print Name

Signature

**Case No.**: CV 09-833 ODW (JTLx) Page 1

**PLAINTIFF JOSHUA MUNOZ' FIRST SET OF INTERROGATORIES TO DEFENDANT J.C. PENNEY CORPORATION, INC.**

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT B

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER B. ZARGAROF, Cal. Bar No. 204382
jzargarof@sheppardmullin.com
JULIE WONG, Cal. Bar No. 247342
jwong@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

J.C. PENNEY CORPORATION, INC.
JEROME K. LIPSICH, Texas Bar No. 00789761 (Admitted *Pro Hac Vice*)
6501 Legacy Drive (MS-1122)
Plano, Texas 75024
Telephone: 972-431-1210
Facsimile: 972-431-1133

Attorneys for Defendants J.C. PENNEY CORPORATION, INC. and J.C. PENNEY COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ESTERN DIVISION

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 t rough 10, inclusive,<br><br>Defendants. | Case No. CV 09-833 ODW (JTLx)<br><br>Assigned to: The Hon. Otis D. Wright II<br><br>CLASS ACTION<br><br>**DEFENDANT J.C. PENNEY CORPORATION INC.'S RESPONSES TO PLAINTIFF JOSHUA MUNOZ' FIRST SET OF INTERROGATORIES**<br><br>Date Filed: May 19, 2008<br>Date Removed: February 3, 2009<br>Trial Date: May 4, 2010 |

PROPOUNDING PARTY: Plaintiff JOSHUA MUNOZ

RESPONDING PARTY: Defendant J.C. PENNEY CORPORATION, INC.

SET NO.: ONE

Defendant J.C. Penney Corporation, Inc. ("Defendant") hereby responds to Plaintiff Joshua Munoz's ("Plaintiff") First Set of Special Interrogatories, as follows:

**PRELIMINARY STATEMENT**

Defendant makes this response to Plaintiff's First Set of Special Interrogatories, solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, proprietary information, trade secrets and the like, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

The identification of any document by Defendant should not constitute a waiver of its rights to assert a privilege or objection as to any other document and right to withhold the production thereof. The fact that a document is identified should not be taken as a concession of Defendant' right to withhold any other document pursuant to an appropriate claim of privilege or objection, nor is a concession or waiver of said rights to be implied or inferred by propounding party.

No incidental or implied admissions are intended in these responses. The fact that Defendant has responded to any or all of any interrogatory should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response constitutes admissible evidence. The fact that Defendant has responded to any or all of any interrogatory is not intended to and shall not be construed to be a waiver by Defendant of all or any part of any objection to any interrogatory.

Defendant has not completed (a) an investigation of the facts relating to this case, (b) discovery in this action, or (c) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to provide and use any subsequently discovered information at trial.

## GENERAL OBJECTIONS

To the extent that these interrogatories seek information privileged against disclosure by the attorney-client privilege and/or the attorney work-product doctrine, Defendant objects to these interrogatories on these grounds. No identification or production should be construed as a waiver of either the attorney-client privilege and/or attorney work-product doctrine. Defendant objects to these interrogatories to the extent that they are premature, vague and ambiguous because a class has not been certified.

This preliminary statement and these general objections are incorporated herein by reference to each of the responses below as if stated in full.

## RESERVATION OF RIGHT TO SUPPLEMENT OR MODIFY RESPONSES

Defendant reserves the right to supplement, modify or correct its responses to the interrogatories, or any part of them, as Defendant acquires additional information in the course of its investigation and discovery in this action. Without waiving the foregoing, Defendant responds as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For every individual employed by Defendant J.C. Penney Corporation, Inc. in a non-exempt job position in the State of California at any time since May 19, 2004, provide the following information:

(a) the individual's full name;

(b) the individual's last known address;

(c) the individual's last known telephone numbers;

(d) all of the individual's job titles;

(e) the individual's starting and ending dates of employment; and,

(f) the individual's work site or sites by store number and city.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and overly broad, particularly as to the phrase, "non-exempt job position in the State of California." To the extent such phrase is overbroad, Defendant objects on the ground that it seeks information that is not relevant to the pending action or reasonably calculated to lead to discovery of admissible evidence. Defendant also objects to this interrogatory on the ground that it is premature because no class has been certified. Defendant objects to this interrogatory on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further

objects to this interrogatory to the extent it invades the privacy of Defendant's current and former employees. Subject to and without waiving these objections, Defendant responds as follows: Defendant has already provided Plaintiff with contact information for a random sample of 10,000 non-exempt employees working in its California stores between May 2004 and November 2008.

Dated: June 26, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________

JENNIFER B. ZARGAROF
JULIE WONG
Attorneys for Defendants
J.C. PENNEY CORPORATION, INC. AND
J.C. PENNEY COMPANY, INC.

-5-

W02-WEST:1JUW1\401563931.1

DEFENDANT J.C. PENNEY CORPORATION INC.'S RESPONSES TO FIRST SET OF INTERROGATORIES

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On June 26, 2009, I served the following document(s) described as **DEFENDANT J.C. PENNEY CORPORATION, INC.'S RESPONSES TO PLAINTIFF JOSHUA MUNOZ' FIRST SET OF INTERROGATORIES** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

H. Scott Leviant, Esq.
Linh Hua, Esq.
INITIATIVE LEGAL GROUP, LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Joshua Munoz

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 26, 2009**, at Los Angeles, California.

Robin Ramage
Robin Ramage



EXHIBIT C



LINH HUA
310.556.4167 Direct
LHua@InitiativeLegal.com

VIA U.S. MAIL AND FACSIMILE (213.620.1398)

Jennifer B. Zargarof, Esq.
Julie Wong, Esq,
Sheppard Mullin Richter Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071

Subject: *Munoz v. J.C. Penney Corporation, Inc., et al.*
Case No. CV 09-833 ODW (JTLx)

Dear Counsel:

We write to request, pursuant to Civil Local Rule 37-1(a), a conference of counsel in connection with Defendant J.C. Penney Corporation's ("Defendant") failure to sufficiently respond to Plaintiff's Special Interrogatories, Set One ("SROG (1)").

As both counsel are located within the same county of the Central District, the conference shall take place in person at the office of Plaintiff's counsel, 1800 Century Park East, Second Floor, Los Angeles, CA 90067. Local Rule 37-1. We request the in person conference take place on July 14, 2009 at 11:00 a.m.

## I. THE DISCOVERY RULES ARE LIBERALLY INTERPRETED TO PERMIT WIDE-RANGING DISCOVERY OF INFORMATION.

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party..." Fed. R. Civ. P. 26(b)(1). "'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635 (C.D. Cal. 2005) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *Id.* (citing *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)).

Rule 33 should be liberally construed; evidentiary, as well as ultimate facts, may be demanded by interrogatories. *See Nichols v. Sanborn Co.*, See 24 F. Supp. 908, 910-911 (D. Mass. 1938). Interrogatories to parties under Rule 33 may relate to any matters which can be inquired into under Rule 26(b). *Pueblo Trading Co. v. Reclamation Dist.*, 4 F.R.D. 471, 472 (N.D. Cal. 1945).

## II. THE NAMES AND CONTACT INFORMATION OF THE PROSPECTIVE CLASS MEMBERS ARE PROPERLY DISCOVERABLE.

Plaintiff's SROG (1) seeks information in support of his motion for class certification, namely, the names and contact information of percipient witnesses to Defendant's wage and hour policies and practices. The names and contact information of the prospective class members—each of whom is a percipient witness to Defendant's policies and practices—are therefore properly discoverable. *See Ho v. Ernst & Young, LLP*, 2007 U.S. Dist. LEXIS 37700, *5-6 (N.D. Cal. 2007) (granting plaintiff's motion to compel the names and addresses of putative class members, and holding that defendant's argument that the widespread evaluation of job duties of all putative class members would be discovery on the merits, and thus premature, was misguided because contact information is relevant to both the merits and class certification); *see also Wiegele v. Fedex Ground Package System*, 2007 U.S. Dist. LEXIS 9444, *6 (S.D. Cal. 2007) (rejecting defendant's privacy objections and finding that the Magistrate Judge properly determined that putative class members possessed relevant discoverable information concerning issues dealing with plaintiff's wage and hour claims).

## III. DEFENDANT'S OBJECTIONS ARE MERE BOILERPLATE.

Under the liberal discovery principles of the Federal Rules, a party resisting discovery carries a heavy burden of showing why discovery was denied. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). All grounds for objection to an interrogatory must be stated with specificity. *See Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000). General or boilerplate objections are not proper objections. *See United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007). Specifically, objections that requests are vague, overly broad, burdensome, oppressive, and irrelevant are insufficient to meet party's burden to explain why discovery requests were objectionable. *See id.* at 649.

### A. Plaintiff Seeks the Contact Information of All Prospective Class Members.

As an initial matter, it appears that Defendant has misinterpreted the term "non-exempt job position in the State of California" as that term applies to all employees in California who are not exempt from overtime and other labor code sections. Moreover, given that in its discovery responses Defendant admits to have already produced "a random sample of 10,000 non-exempt employees working in its California

stores between May 2004 to November 2008." Plaintiff is puzzled as to why Defendant has asserted such an objection in the first place.

Moreover, Plaintiff is also puzzled as to why Defendant might believe that it doesn't need to provide Plaintiff with the contact information of all the class members just because no class has been certified, when case law is clear that pre-certification discovery into the contact information of the putative class members is necessary to class certification. *See Charles Lee et al., v. Dynamex Inc., et al.*, 166 Cal. App. 4th 1325, 1338-1339 (2008) (holding that when denial of discovery into class members' identities leads to denial of certification, then the order denying certification must be reversed for the discovery to be allowed and for certification to be determined anew).

Moreover, to extent that Defendant was under the impression that the interrogatory requested the contact information of other employees who are not part of Plaintiff's class, we note that under the Federal Rules of Civil Procedure, when a responding party finds part of an interrogatory objectionable, it is still under a duty to provide responses to those parts of the interrogatory that are not objectionable. Accordingly, we ask that Defendant provide Plaintiff with the contact information of all non-exempt employees who worked at any of Defendant's California business locations during the relevant time period.

**B. Defendant's Remaining Objections Are Mere Boilerplate.**

**1. Defendant's Overbreadth Objection is Mere Boilerplate and Without Merit.**

A party objecting to discovery on the basis of overbreadth must support its objection, unless the request appears overly broad on its face. A conclusory statement is insufficient. *See Cory v. Aztec*, 225 F.R.D. 667, 677 (D. Kan. 2005); *see also St. Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2001).

Defendant has failed to provide any support or explanation for its objection that the interrogatory is overly broad. Instead, Defendant states in a conclusory fashion that the interrogatory is "overly broad" while having provided Plaintiff with the names of approximately 10,000 class members in the past.

**2. Defendant's Relevance Objection is Mere Boilerplate and Without Merit.**

Relevancy is broadly construed, and a discovery request should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery: (1) does not come within the scope of relevance as defined

under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery. *See Cory*, 225 F.R.D. at 672-3.

As stated, above, the names and contact information of the prospective class members—each of whom is a percipient witness to Defendant's wage and hour policies and practices—are properly discoverable. *See Ho*, 2007 U.S. Dist. LEXIS 37700 at *5-6; *Wiegele*, 2007 U.S. Dist. LEXIS 9444 at *6.

Defendant's conclusory statement that the interrogatory is irrelevant is mere boilerplate and without merit.

**3. Defendant's Privacy Objection is Boilerplate and Without Merit.**

Third-party privacy rights, although not a federally recognized privilege, is a state recognized privilege in a federal action based on diversity jurisdiction. Fed. R. Evid. 501; *Star Editorial, Inc. v. United States Dist. Court for the Cent. Dist. of Cal.* (Dangerfield), 7 F.3d 856, 859 (9th Cir. 1993).[1] The trend in California has been a steady movement toward permitting discovery of class member contact information without impediment. *See Pioneer Elecs. v. Superior Court*, 40 Cal. 4th 360, 371-75 (2007) (permitting discovery of class member identities in consumer class action); *Belaire-West Landscape, Inc. v. Superior Court (Rodriguez)*, 149 Cal. App. 4th 554, 562 (2007) (permitting discovery of class member identities in a wage and hour class action); and *Puerto v. Superior Court (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242 (2008) (writ of mandate issued holding that limiting plaintiff's access to class members in a wage and hour class action by an opt-in notice was an abuse of discretion).[2]

---

[1] In California, the right to privacy is set forth in Article I, Section I of the California Constitution. California courts have treated the right to privacy as a privilege in the discovery context, and, as such, have determined it is a right subject to invasion depending upon the circumstances. *See, e.g., Heller v. Norcal Mutual Ins. Co.*, 8 Cal. 4th 30, 42-44 (1994), *cert. denied*, 513 U.S. 1059, 115 S. Ct. 669, 130 L. Ed. 2d 602 (1994); *Hill v. National College Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). Thus, "the privilege is subject to balancing the needs of the litigation with the sensitivity of the information/records sought." *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999).

[2] In *Puerto*, the Court of Appeal issued a peremptory writ of mandate directing the trial court to vacate the challenged opt-in notice procedure order and to enter a new order directing the disclosure of contact information for the individuals identified in response to the interrogatory, finding that: 1) identification of potential witnesses is within the scope of proper discovery under Code Civ. Proc. § 2017.010, *id.* at 1249-50, 2) although the class members had a legitimate expectation that their addresses and telephone numbers would not be disclosed, it was reasonable to conclude that they might want to share this information with coworkers who sought relief for violations of employment laws, *id.* at 1253, 3) there were no unusual circumstances suggesting that the contact information should be restricted, *id.* at 1254-55, and 4) disclosure of the contact information would not significantly intrude upon the potential witnesses' right to privacy under Cal. Const., art. I, § 1.

California federal courts have also ordered the disclosure of names and contact information. *See Wiegele*, 2007 U.S. Dist. LEXIS 9444 at *6 (denying defendant's privacy objection, finding that the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories); *see also Ho*, 2007 U.S. Dist. LEXIS 37700 at *6 (compelling disclosure of the contact information of all putative class members, and not merely a subset).
Here, Plaintiff seeks information relevant to his motion for class certification. Defendant, by contrast, has failed to articulate, apart from its boilerplate objection, any countervailing privacy right.

Accordingly, Defendant's objection is without merit.

**4. Defendant's Objection That the Requested Information Is Not Related to the Subject Matter of This Action nor Reasonably Calculated to Lead to the Discovery of Admissible Evidence is Mere Boilerplate and Without Merit.**

Defendant's assertion that Plaintiff's request for the names and contact information is premature runs directly contrary to case law. *See Ho,* 2007 U.S. Dist. LEXIS 37700 at * 5-6 (defendant's argument that widespread evaluation of the job duties of all putative class members would be discovery on the merits, and thus premature, was misguided because contact information is relevant to both the merits and class certification); *see also Wiegele*, 2007 U.S. Dist. LEXIS 9444 at * 5, *citing Bartold v. Glendale Federal Bank*, 81 Cal. App. 4th 816, 827 (2000) (due process requires an opportunity to conduct discovery on class action issues prior to class certification proceedings, and discovery of putative plaintiff's names and addresses should be provided before the class is certified, not after).

Again, this information is relevant to support Plaintiff's motion for class certification.

## IV. CONCLUSION.

Plaintiff is entitled to discover the names and contact information of all prospective class members to support his motion for class certification. Accordingly, Plaintiff requests that Defendant respond fully to each of the interrogatories. With that said, Plaintiff understands Defendant's concerns regarding the privacy rights of third party employees. Therefore, to protect their privacy rights, Plaintiff is willing to receive their contact information pursuant to the terms of a Court approved Protective Order.

Please advise if you are available on July 14, 2009, or within the next 10 days, for an in person conference at the offices of Plaintiff's counsel.

Thank you for your anticipated professional cooperation.

Very truly yours,

Linh Hua

Cc: Jerome K. Lipsich, Esq. (via facsimile only: 972-431-1133)



EXHIBIT D

**From:** Linh Hua
**Sent:** Monday, July 20, 2009 7:14 PM
**To:** 'Jennifer Bates Zargarof'
**Cc:** Scott Leviant; Payam Shahian
**Subject:** Munoz v. JCPenney - P's SROGS No. 1

Jennifer,

On July 16, 2009, during the parties' Local Rule 37-1 Pre-Filing Conference of Counsel, you stated that Plaintiff would receive a response from Defendants by either July 16, 2009 or July 17, 2009 regarding Defendants' objections to Plaintiff's Special Interrogatory No. 1 and Plaintiff's proposal for resolving the dispute over those objections. To date, since our Local Rule 37-1 Conference, we have received no additional responses from Defendants.

As we stated during the Local Rule 37-1 Conference, existing deadlines leave Plaintiff no option but to file a Motion to Compel Defendants' Further Responses to Plaintiff's Special Interrogatory No. 1. As we have complied with all meet and confer efforts, if Plaintiff does not receive a response from Defendants to Plaintiff's proposal to compromise by 11:00 a.m. of July 21, 2009, we will provide you with Plaintiff's portion of the joint stipulation together with all declarations and exhibits to be offered in support of Plaintiff's Motion to Compel Defendants' Further Responses to Plaintiff's Special Interrogatory No. 1 tomorrow.

Please contact us if you have any questions.

Thanks,

**Linh Hua ▫ Initiative Legal Group LLP**

1800 Century Park East ▫ 2nd Floor ▫ Los Angeles, CA 90067 ▫ 310.556.5637 main▫ 310.861.9051 facsimile

LHua@InitiativeLegal.com ▫ www.InitiativeLegal.com

CONFIDENTIAL COMMUNICATION:

The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others. If you have received this message in error, please immediately notify the sender by reply email or telephone and return the message to Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067, and delete it from your system.

# EXHIBIT E

**From:** Jennifer Bates Zargarof [JZargarof@sheppardmullin.com]
**Sent:** Tuesday, July 21, 2009 10:43 AM
**To:** Linh Hua
**Cc:** Scott Leviant; Payam Shahian; Julie Wong
**Subject:** RE: Munoz v. JCPenney - P's SROGS No. 1

Thank you for your follow up email and for meeting with me last week to discuss these and other discovery issues. I am able to meet the deadline in your email, but I also want to be clear that I do not agree with your representations regarding my promise to get back to you. We met on the afternoon of the 16th, so it was already fairly late in the day central time when I returned to my office. I assured you that I would try to reach my in-house contact that day so that he could raise the issues with the the decision makers as soon as possible. I did so and and am getting back to you on the morning of the third business day after our afternoon meeting in your office. That response time can hardly be considered unreasonable delay.

As to the Special Interrogatory 1 -- JC Penney does not agree to provide another roughly 50,000+ (or the "last, best" offered compromise of 25,000+) names, contact information and other information.

As to the 10,000 names and contact information already produced, JC Penney will provide a supplemental response with the other information requested -- last position held, last store location, and dates of employment. I am waiting to hear back as to how quickly this information can be generated and will follow up with you ASAP.

When you send the joint stipulation, please address it to Julie Wong as well in case one of us is out of the office when you send it. Please let me know if there is anything else to discuss. I am in the office today and generally available.

Jennifer

---

**From:** Linh Hua [mailto:LHua@initiativelegal.com]
**Sent:** Monday, July 20, 2009 7:14 PM
**To:** Jennifer Bates Zargarof
**Cc:** Scott Leviant; Payam Shahian
**Subject:** Munoz v. JCPenney - P's SROGS No. 1

Jennifer,

On July 16, 2009, during the parties' Local Rule 37-1 Pre-Filing Conference of Counsel, you stated that Plaintiff would receive a response from Defendants by either July 16, 2009 or July 17, 2009 regarding Defendants' objections to Plaintiff's Special Interrogatory No. 1 and Plaintiff's proposal for resolving the dispute over those objections. To date, since our Local Rule 37-1 Conference, we have received no additional responses from Defendants.

As we stated during the Local Rule 37-1 Conference, existing deadlines leave Plaintiff no option but to file a Motion to Compel Defendants' Further Responses to Plaintiff's Special Interrogatory No. 1. As we have complied with all meet and confer efforts, if Plaintiff does not receive a response from Defendants to Plaintiff's proposal to compromise by 11:00 a.m. of July 21, 2009, we will provide you with Plaintiff's portion of the joint stipulation together with all declarations and exhibits to be offered in support of Plaintiff's Motion to Compel Defendants' Further Responses to Plaintiff's Special Interrogatory No. 1 tomorrow.

Please contact us if you have any questions.

Thanks,

**Linh Hua ▫ Initiative Legal Group LLP**

1800 Century Park East ▫ 2nd Floor ▫ Los Angeles, CA 90067 ▫ 310.556.5637 main▫ 310.861.9051 facsimile

LHua@InitiativeLegal.com ▫ www.InitiativeLegal.com

CONFIDENTIAL COMMUNICATION:

The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others. If you have received this message in error, please immediately notify the sender by reply email or telephone and return the message to Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067, and delete it from your system.

---

333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
213.620.1780 *office*
213.620.1398 *fax*
www.sheppardmullin.com

**Jennifer Bates Zargarof**
213.617.4243 *direct* | 213.443.2779 *direct fax*
JZargarof@sheppardmullin.com | Bio

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---