J.C. PENNEY CORPORATION, INC.
JEROME K. LIPSICH, Texas Bar No. 00789761 (Admitted *Pro Hac Vice*)
6501 Legacy Drive (MS-1122)
Plano, Texas 75024
Telephone: 972-431-1210
Facsimile: 972-431-1133

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER B. ZARGAROF, Cal. Bar No. 204382
JULIE WONG, Cal. Bar No. 247342
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendants
J.C. PENNEY CORPORATION, INC.
and J.C. PENNEY COMPANY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware corporation, J.C. PENNEY COMPANY, INC.; a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 09-0833 ODW (VBKx)<br><br>Hon. Otis D. Wright II<br><br>CLASS ACTION<br><br>**DECLARATION OF JENNIFER B. ZARGAROF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Date: August 25, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom B, 8th Floor<br>Judge: Hon. Victor B. Kenton<br><br>Complaint Filed: May 19, 2008]<br>Date Removed: February 3, 2009<br>Discovery Cut-Off: February 15, 2010<br>Trial Date: May 4, 2010 |

-1-

# DECLARATION OF JENNIFER B. ZARGAROF

I, Jennifer B. Zargarof, hereby declare the following:

1.      I am an attorney at law duly licensed and admitted to practice before all of the courts in the State of California.  I am a partner at the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. in the action entitled *Munoz v. J.C. Penney Corp., Inc., et al.*, U.S.D.C. Case Number CV 09-0833 ODW (VBKx).  I have personal knowledge of the facts stated in this declaration, and if called and sworn as a witness, could and would testify competently thereto.

2.      On October 28, 2008, the parties appeared in Los Angeles County Superior Court – Complex Division before Judge Anthony J. Mohr for a status conference.  Attached hereto as Exhibit A is a true and correct copy of the relevant pages of the hearing transcript.

3.      In December 2008, in connection with mediation, Defendant J.C. Penney Corporation, Inc. ("J.C. Penney") informally produced to Plaintiff contact information for approximately 10,000 former non-exempt California employees who worked for J.C. Penney at its retail stores.

4.      Specifically, Plaintiff requested a random sampling of 2,500 terminated, non-exempt retail employees who were employed with J.C. Penney from November 5, 2005 to December 31, 2006; a random sampling of 3,750 terminated, non-exempt retail employees who were employed with J.C. Penney from January 1, 2007 to December 31, 2007; and a random sampling of 3,750

1 terminated, non-exempt retail employees who were employed with J.C. Penney
2 from January 1, 2008 to September 9, 2008.

3

4        5.      In addition, payroll and timesheet data (i.e., detailed hours and
5 pay information during the class period) was supplied for 3,500 of the 10,000
6 putative class members in December 2008.

7

8        6.      On July 16, 2009, I met in person with Plaintiff's counsel to meet
9 and confer regarding J.C. Penney's responses to Plaintiff's First Set of Special
10 Interrogatories.  During this meeting, J.C. Penney agreed to provide the additional
11 information of employee location and position requested for the 10,000 individuals
12 already identified.   Plaintiff's only offer to compromise regarding Special
13 Interrogatory Number 1 was for Defendant to produce approximately 27,500 more
14 names.  Plaintiff's counsel represented that they were unwilling to negotiate any
15 further and the offer was their last, final, and best offer, and would expire shortly
16 thereafter if was motion practice was begun.  While I was there to meet and confer
17 in good faith, I was not authorized to agree to the production of over 25,000 putative
18 class member names without first consulting my client (and more than one person at
19 the corporation needed to approve such a significant disclosure).  As such, I
20 presented Plaintiff's offer to my client shortly after the meeting of counsel and
21 responded to Plaintiff's counsel's e-mail declining their offer on June 21, 2009.

22

23        7.      On July 17, 2009, J.C. Penney responded to Plaintiff's Second
24 Set of Requests for Production of Documents and agreed to produce numerous
25 documents in advance of Plaintiff's class certification motion pursuant to a
26 protective order, which is currently pending before the Court.  Specifically, J.C.
27 Penney has agreed to produce:  (1) documents relevant to Plaintiff's employment;
28 (2) policies relevant to Plaintiff's claims; (3) J.C. Penney's pay codes; (4) training

W02-WEST:1JUW1\401690777.1                    DECLARATION OF JENNIFER B. ZARGAROF

materials related to Plaintiff's claims; (5) orientation materials related to Plaintiff's claims; (6) position descriptions for its hourly-paid positions; (7) certain agendas that relate to Plaintiff's claims; (8) additional time sheets and wage statements for 3,500 putative class members; and (9) documents referring to the enforcement J.C. Penney's meal and rest break policies.  A true and correct copy of J.C. Penney's responses are attached hereto as Exhibit B.

    8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on July 29, 2009, at Los Angeles, California.

    _____
    JENNIFER B. ZARGAROF

EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 309                    HON. ANTHONY J.  MOHR, JUDGE


JOSHUA MUNOZ, ETC. ET AL.,          )
                                    )
                 PLAINTIFFS,        )
                                    )
        VS.                         )    SUPERIOR COURT
                                    )    CASE NO. BC 391113
J.C. PENNY CORPORATION, ETC., ET AL.,)
                                    )
                 DEFENDANTS.        )
_____ )



REPORTER'S TRANSCRIPT

OCTOBER 28, 2008

APPEARANCES:

FOR PLAINTIFFS:        INITIATIVE LEGAL GROUP
                       BY:  MATTHEW THERIAULT
                       1800 CENTURY PARK EAST
                       2ND FLOOR
                       LOS ANGELES, CALIFORNIA  90067
                       310.556.5637
                       MTHERIAULT@INITIATIVELEGAL.COM


FOR DEFENDANTS:        SHEPPARD, MULLIN, RICHTER & HAMPTON
                       BY:  JENNIFER B. ZARGAROF
                            (TELEPHONICALLY)
                       333 SOUTH HOPE STREET
                       43RD FLOOR
                       LOS ANGELES, CALIFORNIA  90071-1422
                       213.620.1780
                       JZARGAROF@SHEPPARDMULLIN.COM


                       JEROME K. LIPSICH (TELEPHONICALLY)
                       6501 LEGACY DRIVE
                       PLANO, TEXAS  75024
                       972.431.1210


# ORIGINAL

TRACEY WILSFORD, CSR NO. 7115
OFFICIAL REPORTER

| | |
|---|---|
| 1 | CASE NUMBER: | BC 391113 |
| 2 | CASE NAME: | MUNOZ V. J.C. PENNY |
| 3 | LOS ANGELES, CALIFORNIA OCTOBER 28, 2008 |
| 4 | DEPARTMENT 309 | HON. ANTHONY J.  MOHR, JUDGE |
| 5 | APPEARANCES: | (AS NOTED ON TITLE PAGE.) |
| 6 | REPORTER: | TRACEY WILSFORD, CSR NO. 7115 |
| 7 | TIME: | A.M. SESSION |

8

9                  - - O - -

10

11        THE COURT:  GOOD MORNING.

12

13            (CHORUS OF GOOD MORNING, YOUR HONOR.)

14

15        THE COURT:  OKAY.  IN THE J.C. PENNY CASE, CAN I HAVE

16   APPEARANCES.

17        MR. THERIAULT:  YES.  GOOD MORNING, YOUR HONOR.

18            MY NAME IS MATTHEW THERIAULT, T-H-E-R-I-A-U-L-T.

19   I'M FROM INITIATIVE LEGAL GROUP, AND I'M REPRESENTING THE

20   PLAINTIFF IN THIS MATTER JOSHUA MUNOZ.

21        MS. ZARGAROF (TELEPHONICALLY):  JENNIFER ZARGAROF,

22   SHEPPARD, MULLIN, REPRESENTING J.C. PENNY, DEFENDANTS.

23        THE COURT:  OKAY.

24        MR. LIPSICH (TELEPHONICALLY):  GARY LIPSICH FROM J.C.

25   PENNY ALSO REPRESENTING J.C. PENNY.

26        THE COURT:  OKAY.  SOMEBODY HAD A PRO HAC VICE.

27            IS THAT YOU?

28        MR. LIPSICH:  THAT WAS ME, YOUR HONOR, YEAH.

1    WORK THIS OUT IN MEDIATION.

2            AM I RIGHT ABOUT THAT?

3        MS. ZARGAROF:  YES YOUR HONOR.

4        THE COURT:  GOOD.

5        MR. THERIAULT:  YES.

6        THE COURT:  THEN THAT'S THE BEST WAY TO GO.

7            AS FAR AS DISCOVERY GOES, I AGREE WITH THE

8    PLAINTIFF.  I THINK BELAIR AND PIONEER PRETTY WELL SETTLE THE

9    ISSUE OF GETTING -- GETTING LISTS AND HOW TO DO IT AND

10   COMMUNICATING WITH THE CLASS.

11           I ALSO AGREE THAT WANTING TO TALK TO ALL 70,000

12   MEMBERS WOULD BE OVER THE TOP.  ON THE OTHER HAND, A FEW

13   HUNDRED OR EVEN UP TO A THOUSAND WOULD BE OKAY, IF THE

14   PLAINTIFF WANTED TO DO THAT.  SO YOU ALL SOUND REASONABLE, AND

15   I THINK YOU CAN FIGURE THAT ONE OUT AMONG YOURSELVES.

16       MR. THERIAULT:  THIS IS PLAINTIFF, YOUR HONOR.

17   MATTHEW THERIAULT FOR PLAINTIFF.

18           YEAH, I AGREE.  I DON'T KNOW IF DEFENDANT TENDS

19   TO REQUIRE A MOTION TO COMPEL ON THESE.  IT IS SOMETHING THAT

20   WE'D LIKE PRIOR TO MEDIATION, THOUGH.

21       MS. ZARGAROF:  JENNIFER ZARGAROF.

22           I DON'T THINK WE'RE GOING TO NEED TO GO TO

23   MOTION PRACTICE ON THIS.  I THINK WE CAN WORK OUT A

24   COMPROMISE.

25       THE COURT:  OKAY.  GOOD.  WELL, IF THERE'S A PROBLEM,

26   I'M HERE FOR YOU, AND BEFORE YOU START FILING MOTIONS, JUST

27   GET ME ON THE PHONE.  WE'LL HAVE A CONFERENCE ABOUT IT.

28   OTHERWISE, I THINK THE BEST THING TO DO IS JUST SEE YOU BACK

COPYING NOT PERMITTED PURSUANT TO GOVERNMENT CODE SECTION 69954(D)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 309                          HON. ANTHONY J.  MOHR, JUDGE

JOSHUA MUNOZ, ETC., ET AL.,          )
                                     )
                       PLAINTIFFS,   )
                                     )
            VS.                      )   SUPERIOR COURT
                                     )   CASE NO.  BC 391113
J.C. PENNY CORPORATION, ETC., ET AL.,)
                                     )
                       DEFENDANTS.   )
_____)


        I, LINDA BICHÉ, OFFICIAL COURT REPORTER OF THE

SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF

LOS ANGELES, DO HEREBY CERTIFY THAT I HAVE TRANSCRIBED THE

STENOGRAPHIC NOTES OF TRACEY WILSFORD, CSR NO. 7115.

        THAT THE FOREGOING PAGES, 1 THROUGH 6, COMPRISE

A FULL, TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY

ABILITY, OF SAID NOTES OF THE PROCEEDINGS IN THE

ABOVE-ENTITLED CAUSE REPORTED BY TRACEY WILSFORD,

CSR NO. 7115, HELD IN DEPARTMENT 309 ON OCTOBER 28, 2008.

        DATED THIS 27TH DAY OF JULY 2009.


_____
LINDA BICHÉ, CSR NO. 3359, RMR, CRR
            OFFICIAL REPORTER

EXHIBIT B

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER B. ZARGAROF, Cal. Bar No. 204382
jzargarof@sheppardmullin.com
JULIE WONG, Cal. Bar No. 247342
jwong@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile:  213-620-1398

J.C. PENNEY CORPORATION, INC.
JEROME K. LIPSICH, Texas Bar No. 00789761 (Admitted *Pro Hac Vice*)
6501 Legacy Drive (MS-1122)
Plano, Texas 75024
Telephone: 972-431-1210
Facsimile:  972-431-1133

Attorneys for Defendants J.C. PENNEY
CORPORATION, INC. and J.C. PENNEY
COMPANY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 09-833 ODW (JTLx)<br><br>Assigned to: The Hon. Otis D. Wright II<br><br>CLASS ACTION<br><br>**DEFENDANT J.C. PENNEY CORPORATION, INC.'S RESPONSE TO FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Date Filed:        May 19, 2008<br>Date Removed:  February 3, 2009<br>Trial Date:        May 4, 2010 |

PROPOUNDING PARTY:     Plaintiff JOSHUA MUNOZ

RESPONDING PARTY:      Defendant, J.C. PENNEY CORPORATION, INC.

SET NO.:                          ONE

-1-

W02-WEST:1JUW1\401562849.1

1         Defendant J.C. Penney Corporation, Inc. ("Defendant") hereby

2 responds to Plaintiff Joshua Munoz's ("Plaintiff") First Set of Requests for

3 Production of Documents, as follows:

4

5                   **PRELIMINARY STATEMENT**

6         Defendant makes this response to Plaintiff's First Set of Requests for

7 Production of Documents, solely for the purpose of this action. Each response is

8 subject to all objections as to competence, relevance, materiality, propriety,

9 admissibility, privilege, privacy, proprietary information, trade secrets and the like,

10 and any and all other objections on grounds that would require the exclusion of any

11 response herein if such were offered in court, all of which objections and grounds

12 are reserved and may be interposed at the time of trial.

13

14         The identification of any document by Defendant does not constitute a

15 waiver of its rights to assert a privilege or objection as to any other document and

16 right to withhold the production thereof. The fact that a document is identified

17 should not be taken as a concession of Defendant's right to withhold any other

18 document pursuant to an appropriate claim of privilege or objection, nor as a

19 concession or waiver of said rights to be implied or inferred by propounding party.

20

21         No incidental or implied admissions are intended in these responses.

22 The fact that Defendant has responded to any or all of any request should not be

23 taken as an admission that Defendant accepts or admits the existence of any facts set

24 forth or assumed by such request or that such response constitutes admissible

25 evidence. The fact that Defendant has responded to any or all of any request is not

26 intended to and shall not be construed to be a waiver by Defendant of all or any part

27 of any objection to any request.

28

W02-WEST:1JUW1\401562849.1

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Defendant has not yet completed an investigation of the facts relating to
2    this case, discovery, or preparation for trial.  Accordingly, the following responses
3    are based upon documents known at this time and are given without prejudice to
4    Defendant's right to produce subsequently discovered evidence of facts, and to add
5    to, modify or otherwise change or amend the responses herein.

6

7    **GENERAL OBJECTIONS**

8    Defendant objects to each request to the extent that it seeks documents
9    protected by the constitutional right of privacy.  Defendant objects to each request to
10   the extent that it seeks documents protected by the attorney client privilege and/or
11   the attorney work-product doctrine.  No identification or production should be
12   construed as a waiver of either the attorney-client privilege and/or attorney work-
13   product doctrine.  Defendant objects to each request to the extent it is premature,
14   vague and ambiguous because a class has not been certified.  Defendant reserves the
15   right, upon discovery of documents responsive to these requests other than the ones
16   of which Defendant is presently aware, to make subsequent objections based upon
17   documents subsequently discovered after the date of this response.  Defendant
18   objects to Plaintiff's definition of the putative class on the grounds that it is vague
19   and ambiguous, and as such responds as to Defendant's California retail store
20   hourly-paid employees only.

21

22   This preliminary statement and these general objections are
23   incorporated herein by reference to each of the responses below as if stated in full.

24

25   **RESERVATION OF RIGHT TO SUPPLEMENT OR MODIFY RESPONSES**

26   Defendant reserves the right to supplement, modify or correct its
27   responses to the requests, or any part of them, as Defendant acquires additional

28

-3-

information in the course of its investigation and discovery in this action.  Without waiving the foregoing, Defendant responds as follows:

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Plaintiff Joshua Munoz' personnel file, human resource file, and/or any other file containing information about Plaintiff Joshua Munoz.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant objects to this request on the grounds that it is vague and ambiguous, particularly as to the phrases, "personnel file" and "human resources file."  Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, and to the extent "file" refers to Plaintiff's information kept in Defendant's databases, Defendant responds as follows:  Defendant will produce Plaintiff's "personnel file."

### REQUEST FOR PRODUCTION NO. 2:

All time sheets, wage records and/or payroll records for Plaintiff Joshua Munoz.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad.  Notwithstanding said objections, and without waiving same, Defendant responds as follows:  Defendant will produce Plaintiff's time sheets and payroll records.

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 3:**

2           All documents provided to Plaintiff Joshua Munoz at the time of his

3  hiring by Defendant J.C. Penney Corporation, Inc.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

6           Defendant objects to this request on the grounds that it is vague and

7  ambiguous, and overly broad.  Notwithstanding said objections, and without

8  waiving same, Defendant responds as follows:  Defendant will produce all

9  apparently responsive documents within its possession, custody, or control.

10

11  **REQUEST FOR PRODUCTION NO. 4:**

12           All documents provided to Plaintiff Joshua Munoz at the time of

13  termination of his employment with Defendant J.C. Penney Corporation, Inc.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

16           Defendant objects to this request on the grounds that it is vague and

17  ambiguous, and overly broad.  Defendant objects to this request on the grounds that

18  it assumes facts.  Notwithstanding said objections, and without waiving same,

19  Defendant responds as follows:  Defendant will produce an information sheet given

20  to terminated employees upon request.

21

22  **REQUEST FOR PRODUCTION NO. 5:**

23           All documents reflecting the time, means of transmission and amount

24  of the final payment of wages to Plaintiff Joshua Munoz after termination of his

25  employment with Defendant J.C. Penney Corporation, Inc.

26

27

28

W02-WEST:1JUW1\401562849.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce all apparently responsive documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reflecting the time, means of transmission and amount of the final payment of wages to each individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2007, after termination of his or her employment with Defendant J.C. Penney Corporation, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive as it requires individualized inquiry regarding each putative class member. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees.

W02-WEST:1JUW1\401562849.1

**REQUEST FOR PRODUCTION NO. 7:**

All organizational charts or other documents reflecting or describing the corporate organizational structure of Defendant J.C. Penney Corporation, Inc.'s corporate headquarters, divisions, units, sites, offices, and/or locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad, particularly as to the phrase "describing the corporate organizational structure." Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Defendant also objects to this request on the ground that it seeks information that is not relevant to the pending action or reasonably calculated to lead to discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

Forms or exemplars of every version of wage statements or pay stubs provided to individuals employed by Defendant J.C. Penney Corporation, Inc. in non-exempt job positions in the State of California at any time since May 19, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce an exemplar of the responsive wage statement(s).

W02-WEST:1JUW1\401562849.1

1  **REQUEST FOR PRODUCTION NO. 9:**

2          Documents sufficient to identify every type of remuneration that could

3  have been earned by any individual employed by Defendant J.C. Penney

4  Corporation, Inc. in any non-exempt job position in the State of California at any

5  time since May 19, 2004, including, but not limited to, straight time, overtime,

6  double time, shift premiums, commissions, meal period premiums, rest break

7  premiums and any non-discretionary bonuses.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

10          Defendant objects to this request on the grounds that it is vague and

11  ambiguous, and overly broad.  Notwithstanding said objections, and without

12  waiving same, Defendant responds as follows:  Defendant will produce a list of its

13  California earning codes for its retail store hourly-paid employees in electronic

14  format bearing the file name "Req No 9_Types of CA Earnings Codes_Non-

15  Exempt.xls."

16

17  **REQUEST FOR PRODUCTION NO. 10:**

18          Exemplars of every version of any employee handbook provided to

19  individuals employed by Defendant J.C. Penney Corporation, Inc. in non-exempt

20  job positions in the State of California at any time since May 19, 2004.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

23          Defendant objects to this request on the grounds that it is vague and

24  ambiguous, and overly broad.  Defendant also objects to this request on the ground

25  that it seeks information that is not relevant to the pending action or reasonably

26  calculated to lead to discovery of admissible evidence.  Notwithstanding said

27  objections, and without waiving same, Defendant responds as follows:  Defendant

28  will produce certain portions of its handbook that are relevant to Plaintiff's claims.

-8-

**REQUEST FOR PRODUCTION NO. 11:**

All training materials provided to individuals employed by Defendant J.C. Penney Corporation, Inc. in non-exempt job positions in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant also objects to this request on the ground that it seeks information that is not relevant to the pending action or reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its training materials related to California meal and rest break policies and California scheduling and hourly pay policies.

**REQUEST FOR PRODUCTION NO. 12:**

All documents used for the orientation of newly hired Associates in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant also objects to this request on the ground that it seeks information that is not relevant to the pending action or reasonably calculated to lead to discovery of admissible evidence. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its orientation materials related to California meal and rest break policies and California scheduling and hourly pay policies.

-9-

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

**REQUEST FOR PRODUCTION NO. 13:**

All job descriptions operative, in use, or revised from May 19, 2004 to the present, for all separately-entitled employment positions in any JCPenney store in the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its position descriptions for its hourly-paid positions in its California retail stores from May 19, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

All documents which summarize or otherwise describe the job duties and functions of JCPenney Associates employed in California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad, particularly as to the phrase "summarize or otherwise describe the job duties." Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its position descriptions for its hourly-paid positions in its California retail stores from May 19, 2004 to the present.

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 15:**

All documents which summarize or otherwise describe the job duties and responsibilities of anyone with supervisory responsibility of any kind over any JCPenney Associates employed in California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad, particularly as to the phrase "summarize or otherwise describe the job duties." Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its position descriptions for its hourly positions in its California retail stores from May 19, 2004 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All meeting agendas provided to anyone with supervisory responsibility of any kind over any JCPenney Associates employed in California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad, particularly as to the phrase "anyone with supervisory responsibility of any kind." Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive because it requires a supervisor by supervisor inquiry. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce non-privileged portions of certain agendas that relate to Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 17:**

All meal break waivers, effective at any time from May 19, 2004 to the present, signed by any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive because it requires individualized inquiry. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees. Notwithstanding said objections, and without waiving same, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant is not aware of any responsive documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All revocations of any meal break waivers, effective at any time from May 19, 2004 to the present, signed by any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive because it requires individualized inquiry. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees. Notwithstanding said objections, and without waiving same, Defendant responds as

-12-

1 follows: After a diligent search and reasonable inquiry, Defendant is not aware of

2 any responsive documents within its possession, custody, or control.

3

4 **REQUEST FOR PRODUCTION NO. 19:**

5      All e-mail communications containing the phrase "meal break" or

6 "meal period."

7

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

9      Defendant objects to this request on the grounds that it is vague and

10 ambiguous, and overly broad. Defendant also objects to this request on the ground

11 that it seeks information that is not relevant to the pending action or reasonably

12 calculated to lead to discovery of admissible evidence. Defendant further objects to

13 this request on the grounds that it is unduly burdensome, harassing and oppressive.

14 Defendant further objects to this request on the grounds and to the extent that it

15 seeks information protected by the attorney-client and/or work product privileges.

16

17 **REQUEST FOR PRODUCTION NO. 20:**

18      All e-mail communications from any J.C. Penney Corporation, Inc.

19 managerial employee containing the phrase "meal break" or "meal period."

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

22      Defendant objects to this request on the grounds that it is vague and

23 ambiguous, and overly broad. Defendant also objects to this request on the ground

24 that it seeks information that is not relevant to the pending action or reasonably

25 calculated to lead to discovery of admissible evidence. Defendant further objects to

26 this request on the grounds that it is unduly burdensome, harassing and oppressive.

27 Defendant further objects to this request on the grounds and to the extent that it

28 seeks information protected by the attorney-client and/or work product privileges.

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

W02-WEST:1JUW1\401562849.1

**REQUEST FOR PRODUCTION NO. 21:**

All documents constituting any version of Defendant J.C. Penney Corporation, Inc.'s meal break policy for any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its California retail store meal break policies for its hourly-paid employees.

**REQUEST FOR PRODUCTION NO. 22:**

All documents referring to enforcement of Defendant J.C. Penney Corporation, Inc.'s meal break policy for any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive because it requires individualized inquiry. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees. Notwithstanding said objections, and without waiving same, Defendant responds as follows:

-14-

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1  Defendant will produce all apparently responsive documents within its possession,
2  custody, or control.

3

4  **REQUEST FOR PRODUCTION NO. 23:**

5     All documents referencing the scheduling of meal periods for any
6  individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt
7  job position in the State of California at any time since May 19, 2004.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10    Defendant objects to this request on the grounds that it is vague and
11 ambiguous, and overly broad.  Defendant further objects to this request on the
12 grounds that it is unduly burdensome, harassing and oppressive.  Defendant further
13 objects to this request on the grounds and to the extent that it seeks information
14 protected by the attorney-client and/or work product privileges.  Notwithstanding
15 said objections, and without waiving same, Defendant responds as follows:
16 Defendant will produce its policies for scheduling meal breaks for hourly-paid
17 employees in its California retail stores.

18

19 **REQUEST FOR PRODUCTION NO. 24:**

20    All documents describing procedures for tracking the meal periods
21 taken by any individual employed by Defendant J.C. Penney Corporation, Inc. in
22 any non-exempt job position in the State of California at any time since May 19,
23 2004.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

26    Defendant objects to this request on the grounds that it is vague and
27 ambiguous, and overly broad, particularly as to the term "tracking."  Defendant
28 further objects to this request on the grounds that it is unduly burdensome, harassing

1  and oppressive. Defendant further objects to this request on the grounds and to the

2  extent that it seeks information protected by the attorney-client and/or work product

3  privileges. Notwithstanding said objections, and without waiving same, and to the

4  extent "tracking" means the recording of meal periods, Defendant responds as

5  follows: Defendant will produce its policies for recording meal breaks for hourly-

6  paid employees in its California retail stores.

7

8  **REQUEST FOR PRODUCTION NO. 25:**

9        All documents referring to complaints about any meal period by any

10  individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt

11  job position in the State of California at any time since May 19, 2004.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

14        Defendant objects to this request on the grounds that it is vague and

15  ambiguous, and overly broad, particularly as to the term "complaints." Defendant

16  further objects to this request on the grounds that it is unduly burdensome, harassing

17  and oppressive because it requires individualized inquiry. Defendant further objects

18  to this request on the grounds and to the extent that it seeks information protected by

19  the attorney-client and/or work product privileges. Defendant further objects to this

20  request on the ground that it invades the privacy of Defendant's current and former

21  employees.

22

23  **REQUEST FOR PRODUCTION NO. 26:**

24        All non-privileged documents relating to efforts, if any, to investigate

25  any disputes, complaints, grievances, and/or expressions of concern about any meal

26  period by any individual employed by Defendant J.C. Penney Corporation, Inc. in

27  any non-exempt job position in the State of California at any time since May 19,

28  2004.

-16-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad, particularly as to the phrase "investigate any disputes, complaints, grievances, and/or expressions of concern." Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive because it requires individualized inquiry. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees.

**REQUEST FOR PRODUCTION NO. 27:**

All documents describing procedures for providing compensation for missed meal periods in the form of a meal period premium payment to any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its California meal break policies for hourly-paid employees in its retail stores.

**REQUEST FOR PRODUCTION NO. 28:**

All documents describing procedures for providing compensation for meal periods of less than 30 minutes in the form of a meal period premium payment to any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its California meal break policies for hourly-paid employees in its retail stores.

**REQUEST FOR PRODUCTION NO. 29:**

All documents describing procedures for providing compensation for meal periods beginning after the fifth hour of work in a day in the form of a meal period premium payment to any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information

-18-

W02-WEST:1JUW1\401562849.1

1  protected by the attorney-client and/or work product privileges. Notwithstanding
2  said objections, and without waiving same, Defendant responds as follows:
3  Defendant will produce its California meal break policies for hourly-paid employees
4  in its retail stores.

5

6  **REQUEST FOR PRODUCTION NO. 30:**

7          All documents stating the aggregate total amount of meal period
8  premium payments made to individuals employed by Defendant J.C. Penney
9  Corporation, Inc. in non-exempt job positions in the State of California at any time
10 since May 19, 2004.

11

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13         Defendant objects to this request on the grounds that it is vague and
14 ambiguous, and overly broad. Defendant further objects to this request on the
15 grounds that it is unduly burdensome, harassing and oppressive. Defendant further
16 objects to this request on the grounds and to the extent that it seeks information
17 protected by the attorney-client and/or work product privileges. Defendant also
18 objects to this request on the grounds and to the extent that it seeks confidential and
19 proprietary information. Notwithstanding said objections, and without waiving
20 same, Defendant responds as follows: From May 19, 2004 to June 6, 2009,
21 Defendant estimates that it has paid approximately $4,840,932 in "meal period
22 premium payments" to hourly-paid employees in its California retail stores.

23

24 **REQUEST FOR PRODUCTION NO. 31:**

25         Documents sufficient to identify the total amount of meal period
26 premium payments made to each individual employed by Defendant J.C. Penney
27 Corporation, Inc. in any non-exempt job position in the State of California at any
28 time since May 19, 2004.

-19-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Defendant also objects to this request on the grounds and to the extent that it seeks confidential and proprietary information. Notwithstanding said objections, and without waiving same, Defendant responds as follows: From May 19, 2004 to June 6, 2009, Defendant estimates that it has paid approximately $4,840,932 in "meal period premium payments" to hourly-paid employees in its California retail stores.

**REQUEST FOR PRODUCTION NO. 32:**

All documents describing procedures for calculating the amount of a meal period premium payment issued to any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its California meal break policies for hourly-paid employees in its retail stores.

-20-

W02-WEST:1JUW1\401562849.1

**REQUEST FOR PRODUCTION NO. 33:**

All e-mail communications containing the phrase "rest break."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant also objects to this request on the ground that it seeks information that is not relevant to the pending action or reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges.

**REQUEST FOR PRODUCTION NO. 34:**

All e-mail communications from any J.C. Penney Corporation, Inc. managerial employee containing the phrase "rest break."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant also objects to this request on the ground that it seeks information that is not relevant to the pending action or reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges.

**REQUEST FOR PRODUCTION NO. 35:**

All documents constituting any version of Defendant J.C. Penney Corporation, Inc.'s rest break policy for any individual employed by Defendant J.C.

-21-

W02-WEST:1JUW1\401562849.1

1 | Penney Corporation, Inc. in any non-exempt job position in the State of California at
2 | any time since May 19, 2004.

3 |

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

5 |       Defendant objects to this request on the grounds that it is vague and
6 | ambiguous, and overly broad.  Notwithstanding said objections, and without
7 | waiving same, Defendant responds as follows:  Defendant will produce its
8 | California retail store rest break policies for its hourly-paid employees.

9 |

10 | **REQUEST FOR PRODUCTION NO. 36:**

11 |       All documents referring to enforcement of Defendant J.C. Penney
12 | Corporation, Inc.'s rest break policy for any individual employed by Defendant J.C.
13 | Penney Corporation, Inc. in any non-exempt job position in the State of California at
14 | any time since May 19, 2004.

15 |

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

17 |       Defendant objects to this request on the grounds that it is vague and
18 | ambiguous, and overly broad.  Defendant further objects to this request on the
19 | grounds that it is unduly burdensome, harassing and oppressive because it requires
20 | individualized inquiry.  Defendant further objects to this request on the grounds and
21 | to the extent that it seeks information protected by the attorney-client and/or work
22 | product privileges.  Defendant further objects to this request on the ground that it
23 | invades the privacy of Defendant's current and former employees.  Defendant
24 | further objects to this request on the ground that it invades the privacy of
25 | Defendant's current and former employees.  Notwithstanding said objections, and
26 | without waiving same, Defendant responds as follows:  Defendant will produce its
27 | rest break policies for hourly-paid employees working in its California retail stores.

28 |

W02-WEST:1JUW1\401562849.1

**REQUEST FOR PRODUCTION NO. 37:**

All documents referencing the scheduling of rest breaks for any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its policies for scheduling rest breaks for hourly-paid employees in its California retail stores.

**REQUEST FOR PRODUCTION NO. 38:**

All documents describing procedures for tracking the rest breaks taken by any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad, particularly as to the term "tracking." Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, and to the extent "tracking" means the recording of rest periods, Defendant responds as

-23-

1  follows: Defendant will produce its rest break policies for hourly-paid employees in

2  its California retail stores.

3

4  **REQUEST FOR PRODUCTION NO. 39:**

5           All documents referring to complaints about any rest breaks by any

6  individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt

7  job position in the State of California at any time since May 19, 2004.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

10          Defendant objects to this request on the grounds that it is vague and

11  ambiguous, and overly broad, particularly as to the term "complaints." Defendant

12  further objects to this request on the grounds that it is unduly burdensome, harassing

13  and oppressive because it requires individualized inquiry. Defendant further objects

14  to this request on the grounds and to the extent that it seeks information protected by

15  the attorney-client and/or work product privileges. Defendant further objects to this

16  request on the ground that it invades the privacy of Defendant's current and former

17  employees.

18

19  **REQUEST FOR PRODUCTION NO. 40:**

20          All non-privileged documents relating to efforts, if any, to investigate

21  any disputes, complaints, grievances, and/or expressions of concern about any rest

22  break by any individual employed by Defendant J.C. Penney Corporation, Inc. in

23  any non-exempt job position in the State of California at any time since May 19,

24  2004.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

27          Defendant objects to this request on the grounds that it is vague and

28  ambiguous, and overly broad, particularly as to the phrase "investigate any disputes,

W02-WEST:1JUW1\401562849.1

complaints, grievances, and/or expressions of concern." Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive because it requires individualized inquiry. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees.

**REQUEST FOR PRODUCTION NO. 41:**

All documents describing procedures for providing compensation for missed rest breaks in the form of a rest break premium payment to any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its rest breaks policies for hourly-paid employees in its California retail stores.

**REQUEST FOR PRODUCTION NO. 42:**

All documents describing procedures for providing compensation for rest breaks of less than 10 minutes in the form of a rest break premium payment to any individual employed by Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State of California at any time since May 19, 2004.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

2         Defendant objects to this request on the grounds that it is vague and

3  ambiguous, and overly broad.  Defendant further objects to this request on the

4  grounds and to the extent that it seeks information protected by the attorney-client

5  and/or work product privileges.  Notwithstanding said objections, and without

6  waiving same, Defendant responds as follows:  Defendant will produce its rest

7  breaks policies for hourly-paid employees in its California retail stores.

8

9  **REQUEST FOR PRODUCTION NO. 43:**

10         All documents describing procedures for providing compensation for

11  rest breaks not provided in the middle of a four hour work period in the form of a

12  rest break premium payment to any individual employed by Defendant J.C. Penney

13  Corporation, Inc. in any non-exempt job position in the State of California at any

14  time since May 19, 2004.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

17         Defendant objects to this request on the grounds that it is vague and

18  ambiguous, and overly broad.  Defendant further objects to this request on the

19  grounds and to the extent that it seeks information protected by the attorney-client

20  and/or work product privileges.  Notwithstanding said objections, and without

21  waiving same, Defendant responds as follows:  Defendant will produce its rest

22  breaks policies for hourly-paid employees in its California retail stores.

23

24  **REQUEST FOR PRODUCTION NO. 44:**

25         All documents describing procedures for calculating the amount of a

26  rest break premium payment that would be issued to any individual employed by

27  Defendant J.C. Penney Corporation, Inc. in any non-exempt job position in the State

28  of California at any time since May 19, 2004.

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

W02-WEST:1JUW1\401562849.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce its rest breaks policies for hourly-paid employees in its California retail stores.

**REQUEST FOR PRODUCTION NO. 45:**

Each and every daily time sheet and corresponding wage statements for 5,000 randomly-selected, non-exempt or hourly paid employees who were employed by Defendant from May 19, 2004 to the present (the selection shall be made by computer that assigns a number to each employee meeting this definition, followed by a random, computer generated selection of 5,000 of them).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this request on the grounds that it is vague and ambiguous, and overly broad. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing and oppressive. Defendant further objects to this request on the ground that it invades the privacy of Defendant's current and former employees. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant will produce updated data for the 3,500 randomly selected hourly-paid employees previously selected by Plaintiff's counsel. The electronic data files will bear the following names: "Req 45_Final_Sample of 3500.xls;" "Req 45_VLM Random Sample of 3500.mdb;" "Req 45_WorkBrain Archived Random 3500.xls;" "Req 45_WB Current 3500 RS.xls;" and "Req 45_Wage Statements 3500 With Oth Earns Hours.mdb."

1 | **REQUEST FOR PRODUCTION NO. 46:**

2 |         For each JCPenney store in California that was operational at any time

3 | since May 19, 2004, all documents stating any labor budget for each such store.

4 |

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

6 |         Defendant objects to this request on the grounds that it is vague and

7 | ambiguous, and overly broad. Defendant further objects to this request on the

8 | grounds that it is unduly burdensome, harassing and oppressive. Defendant also

9 | objects to this request on the ground that it seeks information that is not relevant to

10 | the pending action or reasonably calculated to lead to discovery of admissible

11 | evidence. Defendant also objects to this request on the grounds and to the extent

12 | that it seeks confidential and proprietary information. Defendant further objects to

13 | this request on the grounds that it assumes facts.

14 |

15 | **REQUEST FOR PRODUCTION NO. 47:**

16 |         For any JCPenney store in California that was operational at any time

17 | since May 19, 2004, all documents identifying any instance where labor costs

18 | exceeded the amount budgeted to the store for labor costs.

19 |

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

21 |         Defendant objects to this request on the grounds that it is vague and

22 | ambiguous, and overly broad. Defendant further objects to this request on the

23 | grounds that it is unduly burdensome, harassing and oppressive. Defendant also

24 | objects to this request on the ground that it seeks information that is not relevant to

25 | the pending action or reasonably calculated to lead to discovery of admissible

26 | evidence. Defendant also objects to this request on the grounds and to the extent

27 | that it seeks confidential and proprietary information. Defendant further objects to

28 | this request on the grounds that it assumes facts.

-28-

W02-WEST:1JUW1\401562849.1

1  **REQUEST FOR PRODUCTION NO. 48:**

2        For any JCPenney store in California that was operational at any time

3  since May 19, 2004, all communications to any managerial employee at any such

4  store expressing the need to reduce labor costs.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

7        Defendant objects to this request on the grounds that it is vague and

8  ambiguous, and overly broad.  Defendant further objects to this request on the

9  grounds that it is unduly burdensome, harassing and oppressive.  Defendant also

10  objects to this request on the ground that it seeks information that is not relevant to

11  the pending action or reasonably calculated to lead to discovery of admissible

12  evidence.  Defendant also objects to this request on the grounds and to the extent

13  that it seeks confidential and proprietary information.  Defendant further objects to

14  this request on the grounds that it assumes facts.

15

16  **REQUEST FOR PRODUCTION NO. 49:**

17        All documents that support Defendant J.C. Penney Corporation, Inc.'s

18  First Affirmative Defense.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

21        Defendant objects to this request on the grounds that it is vague and

22  ambiguous.  Defendant also objects to this request on the ground that it calls for a

23  legal conclusion.  Defendant further objects to this request on the grounds and to the

24  extent that it seeks information protected by the attorney-client and/or work product

25  privileges.  Notwithstanding said objections, and without waiving same, Defendant

26  responds as follows:  Aside from Plaintiff's complaint, Defendant is not aware of

27  any other responsive documents within its possession, custody, or control.

28

W02-WEST:1JUW1\401562849.1

1  **REQUEST FOR PRODUCTION NO. 50:**

2          All documents that support Defendant J.C. Penney Corporation, Inc.'s

3  Second Affirmative Defense.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

6          Defendant objects to this request on the grounds that it is vague and

7  ambiguous.  Defendant also objects to this request on the ground that it calls for a

8  legal conclusion.  Defendant further objects to this request on the grounds and to the

9  extent that it seeks information protected by the attorney-client and/or work product

10  privileges.  Notwithstanding said objections, and without waiving same, Defendant

11  responds as follows:  Aside from Plaintiff's complaint, Defendant is not aware of

12  any other responsive documents within its possession, custody, or control.

13

14  **REQUEST FOR PRODUCTION NO. 51:**

15          All documents that support Defendant J.C. Penney Corporation, Inc.'s

16  Third Affirmative Defense.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

19          Defendant objects to this request on the grounds that it is vague and

20  ambiguous.  Defendant also objects to this request on the ground that it calls for a

21  legal conclusion.  Defendant further objects to this request on the grounds and to the

22  extent that it seeks information protected by the attorney-client and/or work product

23  privileges.  Notwithstanding said objections, and without waiving same, Defendant

24  responds as follows:  After a diligent search and reasonable inquiry, Defendant is

25  not aware of any responsive documents within its possession, custody, or control.

26

27

28

W02-WEST:1JUW1\401562849.1

1   **REQUEST FOR PRODUCTION NO. 52:**

2         All documents that support Defendant J.C. Penney Corporation, Inc.'s

3   Fourth Affirmative Defense.

4

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

6         Defendant objects to this request on the grounds that it is vague and

7   ambiguous. Defendant also objects to this request on the ground that it calls for a

8   legal conclusion. Defendant further objects to this request on the grounds and to the

9   extent that it seeks information protected by the attorney-client and/or work product

10   privileges. Notwithstanding said objections, and without waiving same, Defendant

11   responds as follows: After a diligent search and reasonable inquiry, Defendant is

12   not aware of any responsive documents within its possession, custody, or control.

13

14   **REQUEST FOR PRODUCTION NO. 53:**

15         All documents that support Defendant J.C. Penney Corporation, Inc.'s

16   Fifth Affirmative Defense.

17

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

19         Defendant objects to this request on the grounds that it is vague and

20   ambiguous. Defendant also objects to this request on the ground that it calls for a

21   legal conclusion. Defendant further objects to this request on the grounds and to the

22   extent that it seeks information protected by the attorney-client and/or work product

23   privileges. Notwithstanding said objections, and without waiving same, Defendant

24   responds as follows: After a diligent search and reasonable inquiry, Defendant is

25   not aware of any responsive documents within its possession, custody, or control.

26

27

28

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

W02-WEST:1JUW1\401562849.1

1  **REQUEST FOR PRODUCTION NO. 54:**

2         All documents that support Defendant J.C. Penney Corporation, Inc.'s

3  Sixth Affirmative Defense.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

6         Defendant objects to this request on the grounds that it is vague and

7  ambiguous.  Defendant also objects to this request on the ground that it calls for a

8  legal conclusion.  Defendant further objects to this request on the grounds and to the

9  extent that it seeks information protected by the attorney-client and/or work product

10  privileges.  Notwithstanding said objections, and without waiving same, Defendant

11  responds as follows:  After a diligent search and reasonable inquiry, Defendant is

12  not aware of any responsive documents within its possession, custody, or control.

13

14  **REQUEST FOR PRODUCTION NO. 55:**

15         All documents that support Defendant J.C. Penney Corporation, Inc.'s

16  Seventh Affirmative Defense.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

19         Defendant objects to this request on the grounds that it is vague and

20  ambiguous.  Defendant also objects to this request on the ground that it calls for a

21  legal conclusion.  Defendant further objects to this request on the grounds and to the

22  extent that it seeks information protected by the attorney-client and/or work product

23  privileges.  Notwithstanding said objections, and without waiving same, Defendant

24  responds as follows:  After a diligent search and reasonable inquiry, Defendant is

25  not aware of any responsive documents within its possession, custody, or control.

26

27

28

W02-WEST:1JUW1\401562849.1

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 56:**

2          All documents that support Defendant J.C. Penney Corporation, Inc.'s

3  Eighth Affirmative Defense.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

6          Defendant objects to this request on the grounds that it is vague and

7  ambiguous.  Defendant also objects to this request on the ground that it calls for a

8  legal conclusion.  Defendant further objects to this request on the grounds and to the

9  extent that it seeks information protected by the attorney-client and/or work product

10 privileges.  Notwithstanding said objections, and without waiving same, Defendant

11 responds as follows:  After a diligent search and reasonable inquiry, Defendant is

12 not aware of any responsive documents within its possession, custody, or control.

13

14 **REQUEST FOR PRODUCTION NO. 57:**

15         All documents that support Defendant J.C. Penney Corporation, Inc.'s

16 Ninth Affirmative Defense.

17

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

19         Defendant objects to this request on the grounds that it is vague and

20 ambiguous.  Defendant also objects to this request on the ground that it calls for a

21 legal conclusion.  Defendant further objects to this request on the grounds and to the

22 extent that it seeks information protected by the attorney-client and/or work product

23 privileges.  Notwithstanding said objections, and without waiving same, Defendant

24 responds as follows:  After a diligent search and reasonable inquiry, Defendant is

25 not aware of any responsive documents within its possession, custody, or control.

26

27

28

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

**REQUEST FOR PRODUCTION NO. 58**:

All documents that support Defendant J.C. Penney Corporation, Inc.'s Tenth Affirmative Defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects to this request on the ground that it calls for a legal conclusion. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant is not aware of any responsive documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 59**:

All documents that support Defendant J.C. Penney Corporation, Inc.'s Eleventh Affirmative Defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant also objects to this request on the ground that it calls for a legal conclusion. Defendant further objects to this request on the grounds and to the extent that it seeks information protected by the attorney-client and/or work product privileges. Notwithstanding said objections, and without waiving same, Defendant responds as follows: Defendant refers Plaintiff to the documents it will produce in response to his First Set of Requests for Production of Documents.

J.C. PENNEY CORPORATION, INC 'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 60:**

2          All documents that support Defendant J.C. Penney Corporation, Inc.'s

3  Twelfth Affirmative Defense.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

6          Defendant objects to this request on the grounds that it is vague and

7  ambiguous. Defendant further objects to this request on the grounds that it is unduly

8  burdensome, harassing and oppressive. Defendant also objects to this request on the

9  ground that it calls for a legal conclusion. Defendant further objects to this request

10  on the grounds and to the extent that it seeks information protected by the attorney-

11  client and/or work product privileges. Notwithstanding said objections, and without

12  waiving same, Defendant responds as follows: Defendant refers Plaintiff to the

13  documents it will produce in response to his First Set of Requests for Production of

14  Documents.

15

16  **REQUEST FOR PRODUCTION NO. 61:**

17          All documents that support Defendant J.C. Penney Corporation, Inc.'s

18  Thirteenth Affirmative Defense.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

21          Defendant objects to this request on the grounds that it is vague and

22  ambiguous. Defendant further objects to this request on the grounds that it is unduly

23  burdensome, harassing and oppressive. Defendant also objects to this request on the

24  ground that it calls for a legal conclusion. Defendant further objects to this request

25  on the grounds and to the extent that it seeks information protected by the attorney-

26  client and/or work product privileges. Notwithstanding said objections, and without

27  waiving same, Defendant responds as follows: Defendant refers Plaintiff to the

28

-35-

1  documents it will produce in response to his First Set of Requests for Production of

2  Documents.

3

4  **REQUEST FOR PRODUCTION NO. 62:**

5          All documents that support Defendant J.C. Penney Corporation, Inc.'s

6  Fourteenth Affirmative Defense.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

9          Defendant objects to this request on the grounds that it is vague and

10  ambiguous.  Defendant further objects to this request on the grounds that it is unduly

11  burdensome, harassing and oppressive.  Defendant also objects to this request on the

12  ground that it calls for a legal conclusion.  Defendant further objects to this request

13  on the grounds and to the extent that it seeks information protected by the attorney-

14  client and/or work product privileges.  Notwithstanding said objections, and without

15  waiving same, Defendant responds as follows:  Defendant refers Plaintiff to the

16  documents it will produce in response to his First Set of Requests for Production of

17  Documents.

18

19  **REQUEST FOR PRODUCTION NO. 63:**

20          All documents that support Defendant J.C. Penney Corporation, Inc.'s

21  Fifteenth Affirmative Defense.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

24          Defendant objects to this request on the grounds that it is vague and

25  ambiguous.  Defendant further objects to this request on the grounds that it is unduly

26  burdensome, harassing and oppressive.  Defendant also objects to this request on the

27  ground that it calls for a legal conclusion.  Defendant further objects to this request

28  on the grounds and to the extent that it seeks information protected by the attorney-

-36-

W02-WEST:1JUW1\401562849.1

1  client and/or work product privileges. Notwithstanding said objections, and without

2  waiving same, Defendant responds as follows: Defendant refers Plaintiff to the

3  documents it will produce in response to his First Set of Requests for Production of

4  Documents.

5

6  **REQUEST FOR PRODUCTION NO. 64:**

7          All documents that support Defendant J.C. Penney Corporation, Inc.'s

8  Sixteenth Affirmative Defense.

9

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

11         Defendant objects to this request on the grounds that it is vague and

12 ambiguous. Defendant further objects to this request on the grounds that it is unduly

13 burdensome, harassing and oppressive. Defendant also objects to this request on the

14 ground that it calls for a legal conclusion. Defendant further objects to this request

15 on the grounds and to the extent that it seeks information protected by the attorney-

16 client and/or work product privileges. Notwithstanding said objections, and without

17 waiving same, Defendant responds as follows: Defendant refers Plaintiff to the

18 documents it will produce in response to his First Set of Requests for Production of

19 Documents.

20

21 **REQUEST FOR PRODUCTION NO. 65:**

22         All documents that support Defendant J.C. Penney Corporation, Inc.'s

23 Seventeenth Affirmative Defense.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

26         Defendant objects to this request on the grounds that it is vague and

27 ambiguous. Defendant also objects to this request on the ground that it calls for a

28 legal conclusion. Defendant further objects to this request on the grounds and to the

1  extent that it seeks information protected by the attorney-client and/or work product

2  privileges. Notwithstanding said objections, and without waiving same, Defendant

3  responds as follows: Aside from Plaintiff's Complaint, Defendant is not aware of

4  any other responsive documents within its possession, custody, or control.

5

6  **REQUEST FOR PRODUCTION NO. 66:**

7          All documents that support Defendant J.C. Penney Corporation, Inc.'s

8  Eighteenth Affirmative Defense.

9

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

11         Defendant objects to this request on the grounds that it is vague and

12 ambiguous. Defendant also objects to this request on the ground that it calls for a

13 legal conclusion. Defendant further objects to this request on the grounds and to the

14 extent that it seeks information protected by the attorney-client and/or work product

15 privileges. Defendant objects to this request on the ground that it requires

16 Defendant to prove a negative. Notwithstanding said objections, and without

17 waiving same, Defendant responds as follows: After a diligent search and

18 reasonable inquiry, Defendant is not aware of any responsive documents within its

19 possession, custody, or control.

20

21 **REQUEST FOR PRODUCTION NO. 67:**

22         All documents that support Defendant J.C. Penney Corporation, Inc.'s

23 Nineteenth Affirmative Defense.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

26         Defendant objects to this request on the grounds that it is vague and

27 ambiguous. Defendant also objects to this request on the ground that it calls for a

28 legal conclusion. Defendant further objects to this request on the grounds and to the

W02-WEST:1JUW1\401562849.1

1   extent that it seeks information protected by the attorney-client and/or work product

2   privileges. Notwithstanding said objections, and without waiving same, Defendant

3   responds as follows: After a diligent search and reasonable inquiry, Defendant is

4   not aware of any responsive documents within its possession, custody, or control.

5

6   **REQUEST FOR PRODUCTION NO. 68:**

7           All documents that support Defendant J.C. Penney Corporation, Inc.'s

8   Twentieth Affirmative Defense.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

11          Defendant objects to this request on the grounds that it is vague and

12  ambiguous. Defendant also objects to this request on the ground that it calls for a

13  legal conclusion. Defendant further objects to this request on the grounds and to the

14  extent that it seeks information protected by the attorney-client and/or work product

15  privileges. Notwithstanding said objections, and without waiving same, Defendant

16  responds as follows: After a diligent search and reasonable inquiry, Defendant is

17  not aware of any responsive documents within its possession, custody, or control.

18

19  **REQUEST FOR PRODUCTION NO. 69:**

20          All documents that support Defendant J.C. Penney Corporation, Inc.'s

21  Twenty-First Affirmative Defense.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

24          Defendant objects to this request on the grounds that it is vague and

25  ambiguous. Defendant further objects to this request on the grounds that it is unduly

26  burdensome, harassing and oppressive. Defendant also objects to this request on the

27  ground that it calls for a legal conclusion. Defendant further objects to this request

28  on the grounds and to the extent that it seeks information protected by the attorney-

1  client and/or work product privileges. Notwithstanding said objections, and without

2  waiving same, Defendant responds as follows: Defendant refers Plaintiff to the

3  documents it will produce in response to his First Set of Requests for Production of

4  Documents.

5

6  **REQUEST FOR PRODUCTION NO. 70:**

7     All documents that support Defendant J.C. Penney Corporation, Inc.'s

8  Twenty-Second Affirmative Defense.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

11     Defendant objects to this request on the grounds that it is vague and

12  ambiguous. Defendant also objects to this request on the ground that it calls for a

13  legal conclusion. Defendant further objects to this request on the grounds and to the

14  extent that it seeks information protected by the attorney-client and/or work product

15  privileges. Defendant objects to this request on the grounds that it requires

16  Defendant to prove a negative. Notwithstanding said objections, and without

17  waiving same, Defendant responds as follows: After a diligent search and

18  reasonable inquiry, Defendant is not aware of any responsive documents within its

19  possession, custody, or control.

20

21  **REQUEST FOR PRODUCTION NO. 71:**

22     All documents that support Defendant J.C. Penney Corporation, Inc.'s

23  Twenty-Third Affirmative Defense.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

26     Defendant objects to this request on the grounds that it is vague and

27  ambiguous. Defendant also objects to this request on the ground that it calls for a

28  legal conclusion. Defendant further objects to this request on the grounds and to the

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1  extent that it seeks information protected by the attorney-client and/or work product
2  privileges.  Defendant objects to this request on the grounds that it requires
3  Defendant to prove a negative.  Notwithstanding said objections, and without
4  waiving same, Defendant responds as follows:  After a diligent search and
5  reasonable inquiry, Defendant is not aware of any responsive documents within its
6  possession, custody, or control.
7
8  **REQUEST FOR PRODUCTION NO. 72:**
9          All documents that support Defendant J.C. Penney Corporation, Inc.'s
10  Twenty-Fourth Affirmative Defense.
11
12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**
13          Defendant objects to this request on the grounds that it is vague and
14  ambiguous.  Defendant also objects to this request on the ground that it calls for a
15  legal conclusion.  Defendant further objects to this request on the grounds and to the
16  extent that it seeks information protected by the attorney-client and/or work product
17  privileges.  Notwithstanding said objections, and without waiving same, Defendant
18  responds as follows:  Aside from Plaintiff's Complaint, Defendant is not aware of
19  any other responsive documents within its possession, custody, or control.
20
21  **REQUEST FOR PRODUCTION NO. 73:**
22          All documents that support Defendant J.C. Penney Corporation, Inc.'s
23  Twenty-Fifth Affirmative Defense.
24
25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**
26          Defendant objects to this request on the grounds that it is vague and
27  ambiguous.  Defendant further objects to this request on the grounds that it is unduly
28  burdensome, harassing and oppressive.  Defendant also objects to this request on the

-41-

J.C. PENNEY CORPORATION, INC.'S RESPONSE TO
FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS

1  ground that it calls for a legal conclusion.  Defendant further objects to this request

2  on the grounds and to the extent that it seeks information protected by the attorney-

3  client and/or work product privileges.  Notwithstanding said objections, and without

4  waiving same, Defendant responds as follows:  Defendant refers Plaintiff to the

5  documents it will produce in response to his First Set of Requests for Production of

6  Documents.

7

8  **REQUEST FOR PRODUCTION NO. 74:**

9        All documents that support Defendant J.C. Penney Corporation, Inc.'s

10  Twenty-Sixth Affirmative Defense.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

13        Defendant objects to this request on the grounds that it is vague and

14  ambiguous.  Defendant also objects to this request on the ground that it calls for a

15  legal conclusion.  Defendant further objects to this request on the grounds and to the

16  extent that it seeks information protected by the attorney-client and/or work product

17  privileges.  Notwithstanding said objections, and without waiving same, Defendant

18  responds as follows:  After a diligent search and reasonable inquiry, Defendant is

19  not aware of any responsive documents within its possession, custody, or control.

20

21  **REQUEST FOR PRODUCTION NO. 75:**

22        All documents that support Defendant J.C. Penney Corporation, Inc.'s

23  Twenty-Seventh Affirmative Defense.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

26        Defendant objects to this request on the grounds that it is vague and

27  ambiguous.  Defendant also objects to this request on the ground that it calls for a

28  legal conclusion.  Defendant further objects to this request on the grounds and to the

-42-

W02-WEST:1JUW1\401562849.1

1 | extent that it seeks information protected by the attorney-client and/or work product

2 | privileges.  Notwithstanding said objections, and without waiving same, Defendant

3 | responds as follows:  Aside from Plaintiff's Complaint, Defendant is not aware of

4 | any other responsive documents within its possession, custody, or control.

5 |

6 | **REQUEST FOR PRODUCTION NO. 76:**

7 | All documents that support Defendant J.C. Penney Corporation, Inc.'s

8 | Twenty-Eighth Affirmative Defense.

9 |

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

11 | Defendant objects to this request on the grounds that it is vague and

12 | ambiguous.  Defendant also objects to this request on the ground that it calls for a

13 | legal conclusion.  Defendant further objects to this request on the grounds and to the

14 | extent that it seeks information protected by the attorney-client and/or work product

15 | privileges.  Notwithstanding said objections, and without waiving same, Defendant

16 | responds as follows:  After a diligent search and reasonable inquiry, Defendant is

17 | not aware of any responsive documents within its possession, custody, or control.

18 |

19 | **REQUEST FOR PRODUCTION NO. 77:**

20 | All documents that support Defendant J.C. Penney Corporation, Inc.'s

21 | Twenty-Ninth Affirmative Defense.

22 |

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

24 | Defendant objects to this request on the grounds that it is vague and

25 | ambiguous.  Defendant further objects to this request on the grounds that it is unduly

26 | burdensome, harassing and oppressive.  Defendant also objects to this request on the

27 | ground that it calls for a legal conclusion.  Defendant further objects to this request

28 | on the grounds and to the extent that it seeks information protected by the attorney-

-43-

1  client and/or work product privileges.  Notwithstanding said objections, and without

2  waiving same, Defendant responds as follows:  Defendant refers Plaintiff to the

3  documents it will produce in response to his First Set of Requests for Production of

4  Documents.

5

6  **REQUEST FOR PRODUCTION NO. 78:**

7          All documents that support Defendant J.C. Penney Corporation, Inc.'s

8  Thirtieth Affirmative Defense.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

11          Defendant objects to this request on the grounds that it is vague and

12  ambiguous.  Defendant further objects to this request on the grounds that it is unduly

13  burdensome, harassing and oppressive.  Defendant also objects to this request on the

14  ground that it calls for a legal conclusion.  Defendant further objects to this request

15  on the grounds and to the extent that it seeks information protected by the attorney-

16  client and/or work product privileges.  Defendant also objects to this request on the

17  grounds that it is premature because no class has been certified and there may be

18  individuals who have released the claims brought by Plaintiff.

19

20  **REQUEST FOR PRODUCTION NO. 79:**

21          All documents stating Defendant J.C. Penney Corporation, Inc.'s record

22  retention policies in effect since since [sic] May 19, 2004.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

25          Defendant objects to this request on the grounds that it is vague and

26  ambiguous, and overly broad.  Defendant also objects to this request on the ground

27  that it seeks information that is not relevant to the pending action or reasonably

28  calculated to lead to discovery of admissible evidence.  Defendant further objects to

W02-WEST:1JUW1\401562849.1

1    this request on the grounds and to the extent that it seeks information protected by

2    the attorney-client and/or work product privileges.

3

4    Dated: July 17, 2009        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                   By

7                              JEROME K. LIPSICH

8                       JENNIFER B. ZARGAROF
                               JULIE WONG

9                        Attorneys for Defendants
         J.C. Penney Corporation, Inc. and J.C. Penney

10                          Company, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1JUW1\401562849.1

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On July 17, 2009, I served the following document(s) described as **DEFENDANT J.C. PENNEY CORPORATION, INC.'S RESPONSE TO FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| H. Scott Leviant, Esq.<br>Linh Hua, Esq.<br>INITIATIVE LEGAL GROUP, LLP<br>1800 Century Park East, 2nd Floor<br>Los Angeles, California 90067<br>Telephone: (310) 556-5637<br>Facsimile: (310) 861-9051 | Attorneys for Plaintiff Joshua Munoz |

☒  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐  **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 17, 2009**, at Los Angeles, California.

_____
Cynthia Coblentz