UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00833-ODW (VBKx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Joshua Munoz v. J. C. Penney Corporation, Inc., et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**Proceedings:**  (IN CHAMBERS) PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO INTERROGATORY NO. 1

This matter involves pre-certification discovery.  Plaintiff filed a motion seeking an Order compelling Defendant to disclose the contact information for all of its current and former employees who might come within the class.  The parties agree that this amounts to approximately 65,000 names.  In a Minute Order dated August 7, 2009, this Court indicated that Plaintiff had not made a showing of necessity for disclosure of all the names and contact information.  Indeed, it is the Court's responsibility to control and monitor discovery, including pre-certification discovery.  Despite being given the opportunity to do so, Plaintiff has not even begun to demonstrate why having access to a significant and random sample of current and former employees would not create a representative pool from which both parties could conduct pre-certification discovery. Thus, Plaintiff's claim that he requires disclosure of <u>all</u> employees' contact information is simply conclusory.

Defendant has already provided contact information for 10,000 former employees, with the representation that approximately 100 of these former employees are now current employees.  In its Minute Order of August 7, 2009, the Court deemed that it would neither be necessary or feasible to contact all current employees of the Defendant.  A typographical error in that Minute Order indicated that there are 55,000 current employees of the Defendant.  As indicated in the Supplemental Joint Statement, there are in fact 11,346 such current employees. (<u>See</u> Supplemental Joint Statement at 7.)  As such, following the Court's suggestion, Defendant has offered to produce ten percent of those current employees, amounting to 1,045 names. (<u>Id</u>.)

The Court is not persuaded that Plaintiff will be unable to conduct adequate pre-certification discovery with access to the 10,000 former employees already provided, and the additional ten percent of current employees.  While Plaintiff complains that much of the contact information for the 10,000 former employees is outdated or stale, that claim is made in a conclusory fashion.  Plaintiff has not indicated to the Court what specific success or failure rate it has encountered in contacting these 10,000 employees.

Consequently, the Court makes the following Order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00833-ODW (VBKx) | Date | August 25, 2009 |
|---|---|---|---|
| Title | Joshua Munoz v. J. C. Penney Corporation, Inc., et al. | | |

1. Defendant will provide to Plaintiff contact information for ten percent of its current employees, randomly selected. The Court suggests that every tenth name, alphabetically ordered, be selected.

2. With the exception set forth in this paragraph, the pool for pre-certification discovery will consist of the 10,000 names of previously provided former employees, and the ten percent of current employee names to be provided. Both parties will be limited to this pool in pre-certification discovery, and any motions filed with this Court or the District Court which rely upon results of pre-certification discovery will provide adequate information from which the Court and the parties may determine that only names from the pool have been utilized. If either party, before the date of this Order, has initiated contact for pre-certification discovery purposes with any other current or past employee(s), said employee(s) may be added to the pool; however, the party who initiated that contact will immediately provide to the opposing party the names and all available contact information for said employee(s).

3. Both parties may initiate new telephonic contact with past and current employees in the pool between the hours of 9:00 a.m. and 5:00 p.m. in the time zone of the recipient of the call, Monday through Saturday only. If a recipient of such contact indicates a desire to have further communication, then no time or day limits will be applicable to that person. The employees may also be contacted in writing, or electronically.

4. No "opt out" information need be provided to persons in the pre-certification discovery pool.

5. This Order is without prejudice to the Court ordering that additional names be provided if Plaintiff provides sufficient factual information to convince the Court that the pool should be expanded.

The Court determines that this matter may be resolved without a hearing, and consequently, no hearing will be ordered (see Local Rule 7-15). The Court has previously vacated the hearing date which accompanied the original Notice of Motion.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | | RH |