1 | Payam Shahian (SBN 228406)
PShahian@InitiativeLegal.com
2 | Linh Hua (SBN 247419)
LHua@InitiativeLegal.com
3 | Initiative Legal Group APC
1800 Century Park East, 2nd Floor
4 | Los Angeles, California 90067
Telephone: (310) 556-5637
5 | Facsimile: (310) 861-9051

6 | Attorneys for Plaintiff Joshua Munoz

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,

Case No.: CV09-00833 ODW (VBKx)

12 |

Hon. Otis D. Wright II

13 | Plaintiff,

CLASS ACTION

14 | vs.

15 | J.C. PENNEY CORPORATION, INC., a Delaware corporation; J.C. PENNEY COMPANY, INC., and a Delaware corporation; DOES 1 through 10, inclusive,

**DECLARATION OF LINH HUA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

16 |

17 |

18 | Defendants.

Date:        December 21, 2009
Time:        1:30 p.m.
Place:        Courtroom 11

19 |

20 |

Date Action Filed:    May 19, 2008
Date Removed:    February 3, 2009
Pretrial-Conference:    April 12, 2010
Trial Date:    May 4, 2010

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

### DECLARATION OF LINH HUA

I, Linh Hua, declare as follows:

1.      I am an attorney licensed to practice in all districts in California for United States District Court.  I have personal knowledge of the facts herein and if called as a witness, I could and would competently testify.  I am an associate of Initiative Legal Group APC ("Initiative"), counsel of record for Plaintiff Joshua Munoz in the matter of *Munoz v. J.C. Penney Corp., Inc., et al.*, Case No. CV09-00833 ODW (VBKx) (the "*Munoz* Action").  I make this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

### The *Munoz* Action

2.      Upon information and belief, Plaintiff Joshua Munoz ("Plaintiff") worked as a Commissioned Sales Associate in the San Fernando and Northridge retail store locations of Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. ("Defendants" or "JCPenney") (Plaintiff and Defendants collectively referred to herein as the "Parties"), from approximately May 2006 to approximately November 2007.  During his employment, Plaintiff believed that JCPenney's retail stores were understaffed, and, as a result, he was not provided with 30-minute, uninterrupted meal periods during each day of work.  Moreover, Plaintiff believed that due to JCPenney's practice of understaffing its retail stores and consistent with its practice of having employees work through meal periods, Plaintiff was not able to take all of his rest periods when he worked at JCPenney's California retail stores.

3.      In addition, Plaintiff alleged that JCPenney failed to provide accurate wage statements to its non-exempt employees in California retail stores. Plaintiff alleged that JCPenney issued wage statements that failed to list all compensation for missed meal periods and/or missed rest periods; systematically failed to state total hours worked; and failed to list all applicable hourly rates of

1  pay correctly.

2      4.      Upon review of Initiative's files and upon information and belief,

3  before filing the initial class action complaint on May 19, 2008, Initiative

4  performed substantial research regarding factual and legal issues.  Lengthy

5  consultation with the Plaintiff triggered an investigation of JCPenney's policies

6  and practices in connection with wage and hour laws.  Analysis of documentary

7  and testimonial evidence painted a picture of employment conditions at

8  JCPenney's California retail store locations.  Based on Initiative's pre-litigation

9  work, it was determined that Plaintiff's factual circumstances gave rise to

10  meritorious claims against JCPenney for wage and hour violations.

11                          **Formal Discovery**

12      5.      Initiative investigated the Plaintiff's and Class Members' claims

13  against JCPenney by performing several tasks.  Initiative conducted (a) an

14  extensive investigation of Class Members' claims by thoroughly interviewing

15  hundreds of Class Members about their work experiences as to each of the

16  claims; (b) an extensive review of relevant policy documents; (c) a review of

17  records produced by Defendants, including a sample of time records and

18  information pertaining to wage records for Class Members; (d) research with

19  respect to the applicable law as to each pleaded claim and jurisdictional issues

20  and the potential defenses thereto.  Initiative also engaged in several exchanges

21  of formal written discovery with Defendants; obtained deposition testimony from

22  Defendants' Rule 30(b)(6) witness; moved to compel evidence to allow further

23  investigation of class allegations; and engaged in extensive motion practice.

24      6.      While this Action was pending in state court, Plaintiff propounded a

25  first set of Special Interrogatories on Defendants, on October 28, 2008.  Then,

26  formal discovery was stayed in state court to allow the Parties to prepare for

27  private mediation.  Notwithstanding, on December 2, 2008, JCPenney served

28  objections to Plaintiff's first set of Special Interrogatories.

DECLARATION OF LINH HUA ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

7.      This mediation, the first in this action, was completed in December 2008, to no avail.  The Parties resumed litigation.  Defendants filed a second notice of removal, provoking a dispute over whether this Action should continue in state or federal court.  Ultimately, the case was removed to federal court and the Parties continued to engage in formal discovery.  On May 26, 2009, Plaintiff propounded a first set of Interrogatories, seeking, among other things, names of and contact information for putative class members.  On that same date, Plaintiff also propounded a second set of Interrogatories and a first set of Requests for Production of Documents.

8.      After receipt of Defendants' objections to Plaintiff's first set of Interrogatories, the Parties complied with Central District's local rules to meet and confer prior to engaging in motion practice.  On August 4, 2009, Plaintiff filed a motion to compel Defendants' further responses to Plaintiff's first set of Interrogatories.  On August 7, 2009, the Magistrate Judge ordered the Parties to further meet and confer on the discovery issues before an order would be issued regarding the discovery dispute.

9.      On August 18, 2009, Plaintiff propounded a third set of Interrogatories on Defendants and noticed the deposition of Defendants' JCPenney's Rule 30(b)(6) witness(es).  Also, on August 18, 2009, Defendants took a full-day deposition of Plaintiff in Los Angeles, California.

10.     On August 27, 2009, because the parties were not able to come to agreement regarding the production of additional information in response to Plaintiff's first set of Interrogatories, the Court ordered Defendants to produce a sample of identities and contact information of current employees.

11.     After the Parties met and conferred as to a mutually agreeable date and location, Plaintiff took the deposition of JCPenney's Rule 30(b)(6) witness on September 16, 2009 in Plano, Texas.  The deposition was not completed and was scheduled to continue on October 13, 2009.

DECLARATION OF LINH HUA ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    12.    On September 22, 2009, Plaintiff propounded a second set of

2    Requests for Production of Documents and a fourth set of Interrogatories on

3    Defendants.  In a series of letters, Initiative also advised Defendants that Plaintiff

4    would notice the depositions of other individuals employed by Defendants who

5    may have additional information and knowledge pertaining to and relevant to

6    Plaintiff's class-wide claims.

7    13.    After the parties propounded several rounds of written discovery

8    and analyzed the responses and production of thousands of documents thereto,

9    the parties determined that the briefing schedule for Plaintiff's Motion for Class

10   Certification should be extended.  On September 29, 2009, the parties entered

11   into a stipulation that would permit both parties additional time to address the

12   voluminous factual evidence pertaining to Plaintiff's wage and hour allegations

13   and the complicated certification issues that would addressed by the Court.  On

14   September 30, 2009, the Court entered an order on the terms of the stipulation.

15   14.    Plaintiff maintained that the class claims for missed meal and rest

16   periods were strong because JCPenney did not have a consistent policy of

17   compensating class members for missed meal or rest periods.  Furthermore,

18   Defendants have a corporate policy of not allowing meal waivers in their

19   California retail stores.  However, Defendants contested Plaintiff's likelihood of

20   certifying a class because documents showed that Defendants paid at least some

21   meal period premiums to some class members during the class period.  While

22   Plaintiff believes that this matter could have been certified, he also

23   acknowledges that there is always a significant risk associated with class

24   certification proceedings.

**Preparation for Mediation**

26   15.    On December 23, 2008, the Parties participated in a full-day

27   mediation with Robert Coviello, Esq. but did not come to an agreement on

28   material terms for a class-wide settlement.  Prior to mediation, as requested by

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Initiative, Defendants produced documents and data for a representative sample

2   of class members.  Specifically, Defendants produced sample time records and

3   information pertaining to pay records for randomly selected class members.

4   Initiative extensively analyzed the documents, including but not limited to

5   JCPenney's corporate handbooks and policy documents.  Using this information

6   produced by Defendants and information gathered from prospective class

7   members, Initiative created a damages analysis to assist in settlement

8   negotiations.  However, that mediation was unsuccessful.

9       16.   Having pursued and obtained additional information through formal

10  discovery for over nine months since the first private mediation, the parties

11  agreed to engage in a second private mediation in an attempt to informally

12  resolve the disputed claims.  With upcoming filing dates on Plaintiff's Motion

13  for Class Certification, the parties understood this second private mediation to be

14  a last attempt at informal resolution.  Equipped with additional information from

15  formal and informal discovery, both parties entered the mediation in good faith.

16  On October 12, 2009, the parties attended mediation with Mark Rudy, Esq., an

17  esteemed mediator of wage and hour class actions.  Upon information and belief,

18  throughout the day, the parties continued to work through the mediator to re-

19  evaluate their respective positions.  Initiative acknowledged that Defendants'

20  arguments had some merit and that Defendants' positions would be vigorously

21  defended at certification and trial.  At the second mediation, the Parties came to

22  agreement as to all material terms of the class-wide settlement.

23      17.   Attached as Exhibit 1 is a true and correct copy of the Joint

24  Stipulation of Settlement and Release ("Settlement Agreement").  Plaintiff

25  intends to file a fully executed copy of the Settlement Agreement with the Court

26  by December 8, 2009.   Attached as Exhibits A and B to the Settlement

27  Agreement are the Notice of Pendency of Class Action Settlement and the Claim

28  Form/FLSA Opt-In Form.

DECLARATION OF LINH HUA ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**Class Representative Payment Is Fair and Reasonable**

18.    Here, the named Plaintiff and Class Representative, Joshua Munoz, spent considerable time and effort including providing documents and information, preparing for and sitting for an all day deposition, and consulting with Initiative during the pre-litigation and litigation stages of the *Munoz* Action. He also assumed the risks associated with the potential of losing in litigation. Plaintiff has served effectively throughout the duration of his role as Class Representative.  As a direct result of Plaintiff's efforts, Class Members stand to benefit.  There are no facts suggesting that either the Class Representative or Initiative has any potential or actual conflicts of interests with Class Members. Initiative, therefore, fully supports the Enhancement Award of $15,000 as being fair, reasonable and appropriate.

**Settlement Between the Parties Is Fair, Reasonable and Adequate**

19.    The mediation was conducted at arm's-length and the resulting settlement was the outcome of an informed and educated analysis of Defendants' liability and total exposure in relation to the costs and risks attendant to Plaintiff and the Class.  Based on the foregoing data, Initiative's own independent investigation and evaluation, Initiative opines that the settlement with JCPenney for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate.  Initiative also believes that this Settlement is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by JCPenney, and numerous potential appellate issues.

///

///

///

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    I declare under penalty of perjury and the laws of the United States of

2    America that the foregoing is true and correct and that this declaration was

3    executed on December 7, 2009 at Los Angeles, California.

4

5                                    /s/ Linh Hua
                                     Linh Hua
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LINH HUA ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 1

*Munoz v. J.C. Penney Corp., Inc., et al.*
Case No.: CV09-00833 ODW (VBKx)
Declaration of Linh Hua in Support of Plaintiff's Motion for Preliminary
Approval of Class Action Settlement

1  Payam Shahian (SBN 228406)
   PShahian@Initiativelegal.com
2  Linh Hua (SBN 247419)
   LHua@Initiativelegal.com
3  Initiative Legal Group APC
   1800 Century Park East, Second Floor
4  Los Angeles, California 90067
   Telephone: (310) 556-5637
5  Facsimile: (310) 861-9051

6  Attorneys for Plaintiff Joshua Munoz

7  Jennifer B. Zargarof (SBN 204382)
   JZargarof@Sheppardmullin.com
8  Julie Wong (SBN 247342)
   JWong@Sheppardmullin.com
9  Sheppard Mullin Richter & Hampton LLP
   333 South Hope Street, 48th Floor
10 Los Angeles, CA 90017
   Telephone: (213) 620-1780
11 Facsimile: (213) 620-1398

12 Attorneys for Defendants
   J.C. Penney Corporation, Inc.
13 and J.C. Penney Company, Inc.

14

15            UNITED STATES DISTRICT COURT

16           CENTRAL DISTRICT OF CALIFORNIA

17

18  JOSHUA MUNOZ, individually, and on      Case No.: CV09-00833 ODW (VBKx)
    behalf of other members of the general
19  public similarly situated,

20                Plaintiff,                 **JOINT STIPULATION OF
                                             SETTLEMENT AND RELEASE**
21
        vs.
22

23  J.C. PENNEY CORPORATION, INC., a
    Delaware corporation; J.C. PENNEY
24  COMPANY, INC., and a Delaware
    corporation; DOES 1 through 10,
25  inclusive,

26
                  Defendants.
27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release ("Settlement Agreement") is made and entered into by and between Plaintiff Joshua Munoz ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. ("Defendants"), and their respective counsel of record, and subject to the terms and conditions hereof and the Court's approval.

### R E C I T A L S

1.    "Action" means *Joshua Munoz v. J.C. Penney Corporation, Inc., et al.*, filed on May 19, 2008 in Los Angeles County Superior Court, Case No. BC391113, and removed to United States District Court, Central District, Case No. CV09-00833 ODW (VBKx).

2.    "Class Counsel" is Initiative Legal Group APC.

3.    "Class Counsel Award" means the costs (which includes, without limitation, all costs incurred to date, as well as such costs to be incurred in documenting the settlement, providing any notices required as part of the settlement, securing the Court's approval of the settlement, administering the settlement, and obtaining entry of a judgment terminating this Action pursuant to California Rule of Court 3.769) and attorneys' fees agreed upon by the Parties for Class Counsel's litigation and resolution of this Action, subject to Court approval, from the Total Settlement Amount.  Any portion of the Class Counsel Award not awarded to Class Counsel shall not be added to the Net Settlement Amount or proportionately distributed to Class Members.

4.    "Class Members" include all current and former non-exempt employees of Defendants in California retail stores, between May 19, 2004 and the date of preliminary approval (or if any such person is incompetent or deceased, the person's legal guardian, executor, heir or successor in interest).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

5.    "Class Period" means the period from May 19, 2004 through the date of preliminary approval.

6.    "Claim Form" means the Claim Form/FLSA Opt-In Form to be submitted by Participating Class Members (substantially in form attached hereto as Exhibit B) who wish to participate in this Settlement and to receive a portion of the Net Settlement Amount.

7.    "Claims Administrator" means Rust Consulting, Inc.

8.    "Claims Administration Costs" means the cost payable from the Total Settlement Amount to the Claims Administrator for administering this Settlement, including: printing, distributing, and tracking forms for this Settlement, tax reporting, distributing all payments from the Total Settlement Amount, and providing necessary reports and declarations, as requested by the Parties or the Court.

9.    "Class List" means a list of Class Members that Defendants will diligently and in good faith compile from its records and provide to the Claims Administrator. The Class List shall be formatted as a Microsoft Office Excel spreadsheet and shall include each Class Member's full name; last known address and last known home telephone number to the extent available in Defendants' electronic personnel database; Social Security Number; number of weeks employed as a non-exempt employee in Defendants' California retail stores during the Class Period (separately listing, for each respective Class Member, the number of weeks employed as a Class Member up to April 1, 2006 and number of weeks employed as a Class Member after April 1, 2006); and employment status as either a Current or Former Class Member as of the date of preliminary approval.

10.    "Class Representative Enhancement Award" means the amount that the Court authorizes to be paid to Plaintiff in addition to his Individual Settlement Payment, in recognition of his efforts in assisting with the

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

prosecution of the Action on behalf of the Class Members and in return for executing a General Release of all employment-related claims against Defendants.

11.    "Current Class Members" include all individuals currently employed by Defendants in non-exempt job positions in California retail stores as of the date the Court grants preliminary approval of the class action settlement in this Action and who are not also Former Class Members (or if any such person is incompetent or deceased, the person's legal guardian, executor, heir or successor in interest).

12.    "Effective Date" means the date by which this Settlement Agreement is finally approved as provided herein and the Court's Final Judgment becomes final.

13.    "Former Class Members" include all individuals who have been formerly employed by Defendants in non-exempt job positions in California retail stores as of the date the Court grants preliminary approval of the class action settlement in this Action (or if any such person is incompetent or deceased, the person's legal guardian, executor, heir or successor in interest).

14.    "Individual Settlement Payment" means the amount payable from the Net Settlement Amount to each Class Member who submits a valid, timely Claim Form.

15.    "Labor Workforce and Development Agency Payment" means the amount that the Parties have agreed to pay to the Labor Workforce and Development Agency ("LWDA") in connection with the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, et seq., "PAGA").

16.    "Net Settlement Amount" means the portion of the Total Settlement Amount to be distributed to Class Members under this Settlement Agreement, after deducting payments for the Class Counsel Award, Class Representative

Enhancement Award, Claims Administration Costs, and the Labor Workforce and Development Agency Payment.

17. "Notice Packet" means the Notice of Pendency of Class Action Settlement and Claim Form (substantially in form attached as Exhibits A – B) that the Court directs to be sent via regular First Class U.S. Mail to all Class Members.

18. "Participating Class Members" include all current and former non-exempt retail store employees of Defendants in California, between May 19, 2004 and the date of preliminary approval, who submit timely, valid Claim Forms.

19. "Parties" means Plaintiff and Defendants, collectively.

20. "Payout Ratio" means the ratio of Adjusted Weeks Employed for each individual Current Class Member and Former Class Member to the Total Class Adjusted Weeks Employed.  For each individual Class Member, calculate the individual Adjusted Weeks Employed by (a) multiplying the number of weeks employed as a Class Member during the Class Period up to April 1, 2006 by one and one-half (1.5); (b) for Current Class Members, add the product of subpart (a) to the number of weeks employed as a Class Member after April 1, 2006; (c) for Former Class Members, add the product of subpart (a) to the number of weeks employed as a Class Member after April 1, 2006, plus four additional weeks.  Each Class Member's Payout Ratio will equal his or her individual Adjusted Weeks Employed divided by the total Adjusted Weeks Employed by all Class Members.

21. "Released Claims" means all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or relating to the claims litigated in the Action, including, without limitation statutory, constitutional, contractual, or common law claims for damages, unpaid costs, penalties,

liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief or other relief under California Business and Professions Code Sections 17200 *et seq.,* based on the following categories of allegations in the operative complaint: (a) all claims for failure to pay wages, including overtime wages, attributed to missed, late, short or interrupted meal or rest periods; (b) all claims for violations of the meal or rest period rules; (c) all claims for the failure to promptly pay all wages due and owing upon termination of employment; (d) all claims for violation of the pay day rules; (e) all claims for the failure to issue proper itemized wage statements; and (f) any and all penalties pursuant to PAGA. Class Members who submit Claim Forms will also release their Fair Labor Standards Act ("FLSA") claims.

22.    "Released Parties" means Defendants and their officers, directors, employees, partners, shareholders and agents, attorneys, and any other successors, assigns, or legal representatives.

23.    "Settlement Class" or "Settlement Class Members" includes all current and former non-exempt employees of Defendants in California retail stores, between May 19, 2004 and the date of preliminary approval, who do not submit timely, valid requests for exclusion.

24.    "Total Class Adjusted Weeks Employed" means the number of weeks all Class Members were employed by Defendants during the Class Period, adjusted to account for a weighting of weeks up to April 1, 2006 and additional weeks credited to Former Class Members.  Calculate the sum of Total Class Adjusted Weeks Employed by (a) multiplying all weeks employed by Class Members during the Class Period up to April 1, 2006 by one and one-half (1.5); (b) multiplying the number for Former Class Members by four (4) and converting that number to additional weeks; and (c) adding the product of subpart (a) and the product of subpart (b) to all weeks employed by Class Members during the Class Period after April 1, 2006.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

25.    "Total Settlement Amount" means the total amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) from which Defendants are required by this Settlement Agreement to pay to Participating Class Members, Plaintiff, Class Counsel, the LWDA, and Claims Administrator pursuant to the terms of this Settlement Agreement.

26.    On May 19, 2008, Plaintiff filed a proposed Class Action Complaint in the Superior Court of the State of California for the County of Los Angeles, designated as Case No. BC386630, on behalf of himself and all other employees of Defendants similarly situated, alleging Defendants' violation of  (1) California Labor Code §§ 201 and 202 (wages not paid upon termination); (2) California Labor Code § 204 (failure to pay wages); (3) California Labor Code §§ 226.7(a) and 512 (missed meal periods); (4) California Labor Code § 226.7(a) (missed rest periods); (5) California Labor Code § 226(a) (improper wage statements); and, (6) California Business & Professions Code §§ 17200, et seq.  On August 29, 2008, by stipulation of the Parties, Plaintiff filed a First Amended Complaint to seek remedies available under the Labor Code Private Attorneys General Act of 2004, California Labor Code §§ 2698, et seq.  The case was removed to the United States District Court, Central District, on February 3, 2009.

27.    Since May 2008, Class Counsel conducted a thorough investigation into the facts of the Action, including: (a) an extensive investigation of Class Member claims, including, but not limited to, interviewing Class Members regarding their work experiences and each of the pleaded claims; (b) an extensive review of relevant policy documents; (c) a review of records produced by Defendants reflecting a sample of time records and wage records for Class Members; (d) research with respect to the applicable law as to each pleaded claim and jurisdictional issues and the potential defenses thereto; (e) multiple exchanges of formal written discovery with Defendants; (f) moving to compel

JOINT STIPULATION OF SETTLEMENT AND RELEASE

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  evidence to allow further investigation of class allegations; (g) engaging in

2  extensive motion practice; and, (h) participating in two private mediations.

3      28.    Class Counsel has diligently pursued an investigation of the Class

4  Members' claims against Defendants.  Based on the forgoing data and on its own

5  independent investigation and evaluation, Class Counsel is of the opinion that

6  the settlement with Defendants for the consideration and on the terms set forth in

7  this Settlement Agreement is fair, reasonable, and adequate and is in the best

8  interest of the Settlement Class in light of all known facts and circumstances,

9  including the risk of significant delay and uncertainty associated with litigation,

10  various defenses asserted by Defendants, and numerous potential appellate

11  issues.  Defendants and Defendants' counsel also agree that the settlement is fair

12  and in the best interest of the Class Members.

13      29.    Defendants deny that they have engaged in any unlawful activity,

14  have failed to comply with California's laws in any respect, or have any liability

15  to anyone under the claims asserted in the Action. The Parties expressly

16  acknowledge that this settlement is entered into solely for the purpose of

17  compromising highly disputed claims and that nothing herein is an admission of

18  liability or wrongdoing by Defendants. Neither this Settlement Agreement nor

19  any document prepared in connection with the Settlement may be used in any

20  proceeding by Plaintiff or any Class Member as an admission by Defendants.

21      30.    It is the Parties' intention that this Settlement Agreement shall

22  constitute a full and complete settlement and release of any and all Released

23  Claims against any and all Released Parties.

**T E R M S  O F  A G R E E M E N T**

24

25      NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among

26  Plaintiff, on behalf of himself and the Settlement Class Members, and

27  Defendants, and subject to the approval of the Court, that the Action is hereby

28  being compromised and settled pursuant to the terms and conditions set forth in

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

this Settlement Agreement and that after the date of the Court's final approval of this settlement, judgment shall be entered, subject to the continuing jurisdiction of the Court as set forth below, subject to the recitals set forth hereinabove which by this reference become an integral part of this Settlement Agreement and subject to the following terms and conditions:

1.    Release As To All Class Members.  As of the Effective Date, Class Members who do not timely submit valid requests for exclusion will release their Released Claims against the Released Parties.

With respect to the Released Claims only, Settlement Class Members stipulate and agree that, upon the Effective Date, Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The citation to Section 1542 is not intended to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

effectuate a general release of all claims by Settlement Class Members.  Instead, the citation to Section 1542 is intended to ensure that Settlement Class Members release, to the greatest extent possible by operation of law, those claims subsumed by the Released Claims.

2.    <u>General Release By Plaintiff Only</u>.  In addition to the specific releases made by Settlement Class Members, Plaintiff, as of the Effective Date, makes the additional following general release of all claims, known or unknown, in exchange and consideration for the Class Representative Enhancement Award.

Plaintiff agrees to the General Release of the Released Parties.  Plaintiff also agrees to release all wage and hour claims arising from or related to his employment with Defendants including the Fair Labor Standards Act and the California Labor Code.  The General Release includes any unknown claims that Plaintiff does not know or suspect to exist in his favor at the time of the General Release, which, if known by him, might have affected his settlement with, and release of, the Released Parties or might have affected his decision not to object to this Settlement or the General Release.

With respect to the General Release, Plaintiff stipulates and agrees that, upon the Effective Date, Plaintiff shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of the General Release, but Plaintiff upon the Effective Date, shall be deemed to have,

and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3.   <u>Tax Liability</u>.  Defendants make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Class Members are not relying on any statement or representation by Defendants in this regard.  Class Members understand and agree that Class Members will be solely responsible for the payment of any taxes and penalties assessed on the payments described herein and will defend, indemnify, and hold Defendants free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages.  Class Members understand and agree that the Claims Administrator will be responsible for issuing all tax forms and any necessary tax withholding.

4.   <u>CIRCULAR 230 DISCLAIMER</u>.  EACH PARTY TO THIS SETTLEMENT AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS SETTLEMENT AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS SETTLEMENT AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS SETTLEMENT AGREEMENT, (B) HAS NOT ENTERED INTO THIS SETTLEMENT AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS SETTLEMENT AGREEMENT.

5.     Creation of the Total Settlement Fund and Administration of the Final Settlement Payments.  The Claims Administrator will create a Qualified Settlement Fund from which all payments from this Settlement will be distributed.  Within ten (10) calendar days of issuance of the Court's order granting final approval of this Settlement, Defendants shall deliver the entirety of the Total Settlement Amount to the Claims Administrator which will be immediately deposited into the Qualified Settlement Fund.  Payments from the Total Settlement Amount shall be distributed for: (1) Individual Settlement

Payments to Participating Class Members, (2) the Class Representative Enhancement Award, (3) the Labor Workforce and Development Agency Payment, (4) the Class Counsel Award, and (5) the Claims Administration Costs, subject to Court approval.

   5.1. <u>Class Representative Enhancement Award</u>.  Subject to Court approval, in exchange for a General Release, the release of all Released Claims and for his time and effort in bringing and prosecuting this matter, Plaintiff shall be paid up to Fifteen Thousand Dollars ($15,000) or such other amount as the Court may order.  This Class Representative Enhancement Award shall be paid to the Plaintiff by the Claims Administrator no later than seven (7) days after the Claims Administrator receives the Total Settlement Fund from Defendants, and such payment shall be made solely from the Total Settlement Amount.  The Claims Administrator shall issue an IRS Form 1099 – MISC, Box 3 for the Class Representative Enhancement Award.  The Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on his Class Representative Enhancement Award and shall hold harmless Defendants from any claim or liability for taxes, penalties, or interest arising as a result of the payment.  This Class Representative Enhancement Award shall be in addition to the Plaintiff's Individual Settlement Payment from the Net Settlement Amount as a Class Member.  Defendants will not oppose a request for a Class Representative Enhancement Award of up to $15,000.

   5.2. <u>Labor Workforce and Development Agency Payment</u>.  The Parties have agreed to allocate $100,000 from the Total Settlement Amount as penalties in connection with PAGA claims.  Pursuant to PAGA, the Parties agree to pay 75% of this allocation or $75,000 to the LWDA.  The remaining 25% of the allocation or $25,000 will remain as

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

part of the Net Settlement Amount for distribution to Participating Class Members.   The Claims Administrator will distribute the Labor Workforce and Development Agency Payment from the Total Settlement Amount within seven (7) calendar days after the Claims Administrator receives the Total Settlement Fund from Defendants.

   5.3.   <u>Claims Administrator Costs</u>.  The Claims Administrator shall be paid for the costs of administration of the Settlement and for distribution of all payments from the Total Settlement Amount.  The estimate of such costs of administration and for the disbursement of the Total Settlement Amount is $193,000.  This estimate includes the required tax reporting on the Individual Settlement Amounts, including the issuing of 1099 IRS Forms and IRS W-2 Forms.  No fewer than ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall provide the Court and all counsel for the Parties with a statement detailing the costs of administration of the Total Settlement Amount.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.  An IRS Form 1099 – MISC, Box 7 shall be issued to the Claims Administrator.

   The Parties each represent they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest.

   5.4.   <u>Notice Procedure</u>.  The Notice Procedure shall be managed and administered as follows:

   5.4.1. Within 40 calendar days after Preliminary Approval, Defendants shall provide the Class List to the Claims Administrator.

   5.4.2. <u>Notice By First-Class U.S. Mail</u>.  Within 20 days after receiving the Class List from Defendants as provided herein, the

Claims Administrator shall send copies of the Notice Packet to all Class Members via regular First Class U.S. Mail, using the most current, known mailing addresses identified from the Class List. Prior to mailing the Notice Packets, the Claims Administrator will perform a search based on the National Change of Address Database to update and correct any known or identifiable address changes.

5.4.3. <u>Procedure For Undeliverable Notices</u>. Any Notice Packets returned to the Claims Administrator as non-delivered on or before the deadline for postmarking Claim Forms shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, the Claims Administrator shall promptly attempt to determine a correct address using a single skip-trace, or other search using the name, address and/or Social Security Number of the Class Member involved, and shall then perform a single re-mailing. If after performing a skip-trace search, the Notice Packet is still returned to the Claims Administrator as non-deliverable, that individual will be deemed a Settlement Class Member for purposes of the Released Claims, described herein. Those Class Members who receive a re-mailed Notice Packet shall have their deadline for postmarking Claim Forms extended thirty (30) days from the original deadline to postmark Claim Forms or ninety (90) days from the date of mailing of the Notice Packet. The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member timely submitted his or her Claim Form.

5.4.4. <u>Reminders</u>. No more than 30 and not less than 20 days after the initial mailing, the Claims Administrator will mail one reminder postcard and make one automated reminder telephone call,

where telephone numbers were provided by Defendants to the Claims Administrator, to all Class Members who have not yet returned Claim Forms or submitted written requests for exclusion. All reminder postcards shall include each Class Members' respective estimated Individual Settlement Payment and the contact information for Class Counsel and the Claims Administrator.

5.5.    Claim Form.  All Class Members will be eligible to submit a claim for Individual Settlement Payments by timely submitting valid Claim Forms.  In order for a Class Member to receive an Individual Settlement Payment, the Class Member must accurately complete, sign, and postmark the Claim Form by not later than 60 calendar days from the date of mailing of the Notice Packet.  Each Claim Form will list: (1) the number of weeks the Class Member was employed by Defendants during the Class Period (separately listing the number of weeks employed as a Class Member up to April 1, 2006 and the number of weeks employed as a Class Member after April 1, 2006), (2) the estimated Individual Settlement Payment of the Class Member, and (3) the deadline by which to postmark the Claim Form.  To the extent a Class Member disputes the information listed on his or her Claim Form, the Class Member may produce evidence to the Claims Administrator showing such other employment dates he or she contends were not included in the listed number of weeks employed as a Class Member within the Class Period.

5.5.1. All Class Members who submit valid and timely Claim Forms will receive Individual Settlement Payments from the Net Settlement Amount, distributed through the Claims Administrator. The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member timely submitted his or her Claim Form.  Claim Forms received by the

Claims Administrator that have been postmarked after the deadline shall be paid only if they are otherwise valid and if the Parties so agree.  For purposes of this Settlement Agreement, a Claim Form shall be deemed "valid" only if: (a) the Class Member correctly provided the last four digits of his or her Social Security Number; (b) the Class Member has signed the Claim Form; and (c) the name and the last four digits of the Social Security Number provided by the Class Member on the Claim Form match Defendants' records as provided to the Claims Administrator.

5.5.2. <u>Cure of Defective Claim Form.</u>  If a Class Member's Claim Form is defective as to any of the three requirements listed above, the Class Member shall be given an opportunity to cure the defect(s).  Any such Claim Form shall be returned to the Class Member no later than three (3) business days with a cure letter stating that the Class Member has fifteen (15) days from the date of the cure letter or fifteen (15) days from the deadline, whichever date is later, to postmark a revised Claim Form.  The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member timely submitted his or her revised Claim Form.  If the revised Claim Form is not postmarked within that period, it shall be deemed untimely.  However, the Parties will meet and confer, and that Class Member will receive an Individual Settlement Payment only if it is otherwise valid and as the Parties so agree.  If the Claim Form is deemed invalid, the Class Member will still be bound by this Settlement Agreement unless he or she submits a timely, valid request for exclusion.  If a Class Member timely submits both a valid Claim Form and timely submits a valid request for exclusion, the Parties will deem this an

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

inadvertent mistake on the part of the Class Member, and a cure letter will be provided to the Class Member within three (3) business days stating the mistake and notifying the Class Member of an opportunity to cure.  If both a timely, valid Claim Form and request for exclusion are submitted, the request for exclusion will be deemed invalid unless the Class Member provides an additional written request for exclusion from the Settlement.

5.5.3.  <u>Resolution of Disputes</u>.  Should any questions arise regarding the determination of eligibility for, or the amounts of, any Individual Settlement Payments under the terms of this Settlement Agreement that are not resolved by the Claims Administrator, Class Counsel and Defendants' Counsel shall meet and confer in an attempt to reach an agreement.  If Class Counsel and Defendants' Counsel cannot agree, the Court shall make the final determination, and that determination shall be conclusive, final and binding.

5.6.    <u>Request for Exclusion</u>.  Not later than 60 calendar days from the date of mailing of the Notice Packet, Class Members must sign and postmark written requests for exclusion if they wish to be excluded from this Settlement.  The Notice Packet shall provide instructions to the Class Members who wish to exclude themselves from the Settlement.  Requests for exclusion:  (1) must contain the name, address, telephone number and the last four digits of the Social Security Number of the person requesting exclusion; (2) must be returned by mail to the Claims Administrator at the specified address; (3) must be signed by the Class Member; (4) and must be postmarked not later than 60 calendar days from the date of mailing of the Notice Packet.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  In the event the procedures in

this paragraph are followed, a Class Member who does not timely submit a valid request for exclusion shall be deemed a Settlement Class Member and will be bound by all terms of the Settlement Agreement, Release, and any Final Judgment entered by the Court if the Settlement is granted final approved by the Court.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit requests for exclusion to the Settlement Agreement.

5.7.    <u>Objections</u>.  In order to object to the Settlement Agreement, a Class Member must file his or her objection with the Court and serve a copy of his or her objection on the Parties ("Notice of Objection").  The Notice of Objection must state the Class Member's full name, most current address and telephone number, last 4-digits of his or her Social Security Number, the basis for the objection, and dates of employment with Defendants.  The Notice of Objection must state whether the Class Member intends to appear at the Final Approval/Settlement Fairness Hearing.  The Notice of Objection must be signed by the Class Member, filed with the Court, and served on the Parties not later than 60 calendar days after the date of mailing of the Notice Packet.  The postmark date of the filing and service shall be deemed the exclusive means for determining whether the Notice of Objection is timely.  Class Members who fail to make objections in the manner specified in this paragraph shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.  Unless a timely, valid request for exclusion is submitted consistent with the terms of this Settlement Agreement, the Class Member shall be bound by the Settlement Agreement and Release.  Class Members who file and serve timely Notices of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court.  At

no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement Agreement or appeal from the Order and Final Judgment.  Class Counsel shall not represent any Class Members with respect to any such objections to this Settlement.

5.8.    Within 10 days of the last date on which Class Members may timely postmark Claim Forms, requests for exclusion, or objections, the Claims Administrator shall provide Defendants and Class Counsel a report showing:  (i) the number of Class Members who have timely submitted valid requests for exclusion; (ii) the names of the Class Members who have timely submitted valid Claim Forms; and (iii) the Individual Settlement Payments owed to each Participating Class Member. Additionally, the Claims Administrator will provide counsel for both Parties updated reports as needed or requested.

5.9.    Individual Settlement Payment Calculations: The Participating Class Members' Individual Settlement Payments shall be managed and administered as follows:

5.9.1.  To determine the Individual Settlement Payment for each Participating Class Member, the Claims Administrator will multiply the respective Participating Class Member's Payout Ratio by the Net Settlement Amount.  Participating Class Members, other than Plaintiff, are not eligible to receive any compensation other than their Individual Settlement Payments, and they may only receive Individual Settlement Payments if they timely submit valid Claim Forms or submit Claim Forms consistent with the cure provisions for defective claims set forth in this Settlement Agreement.

5.9.2. The Individual Settlement Payments shall be paid to the Participating Class Members by the Claims Administrator no later than seven (7) days after the Claims Administrator receives the Total Settlement Fund from Defendants, and such payment shall be made solely from the Net Settlement Amount.  One-third (33.33%) of each Individual Settlement Payment shall be allocated as wages, one-third (33.33%) shall be allocated as interests, and one-third (33.33%) shall be allocated as penalties.  The employee portion of the taxes will be paid out of the Net Settlement Amount. Defendants will pay the employer portion of taxes (FICA, FITU, SDI, etc.).

5.9.3. If the total of all the Individual Settlement Payments to be made pursuant to this Settlement Agreement is less than fifty percent (50%) of the Net Settlement Amount, the Claims Administrator shall proportionately increase the Individual Settlement Payments for each Participating Class Member to ensure that the total of all the Individual Settlement Payments actually made equals at least fifty percent (50%) of the Net Settlement Amount.  Any unclaimed amounts above fifty percent (50%) of the Net Settlement Amount shall be the exclusive property of Defendants.  If the total of all the Individual Settlement Payments to be made pursuant to this Settlement Agreement is more than fifty percent (50%) of the Net Settlement Amount, all valid claims will be paid out from the Net Settlement Amount.

5.9.4. Funds represented by Individual Settlement Payment checks returned as undeliverable and Individual Settlement Payment checks remaining un-cashed for more than 120 days after issuance will constitute "unpaid residuals in class action litigation" as

described in *Cundiff v. Verizon California, Inc.*, 167 Cal. App. 4th 718 (2008). Those funds represented by un-cashed checks which remain outstanding 180 days after the mailing of the Individual Settlement Payment checks by the Claims Administrator shall be tendered to the California State Controller's Office (SCO), Unclaimed Property Division.

5.9.5. Class Members will have the opportunity, should they disagree with Defendants' records regarding their total number of weeks employed as Class Members by Defendants represented on the Claim Form, to provide documentation and/or an explanation to show contrary or additional dates or weeks of employment. If there is a dispute or contrary evidence, the Claims Administrator will consult with the Parties to determine whether an adjustment is warranted. The Claims Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Settlement Agreement. Any disputes (including those concerning the total workweeks of each Class Member during the Class Period) not resolved by the Claims Administrator concerning the administration of the Settlement Agreement will be resolved by the Court, under the laws of the State of California. Prior to any such involvement of the Court, counsel for the Parties will meet and confer in good faith to resolve the disputes without the necessity of involving the Court.

5.9.6. The Claims Administrator, on Defendants' behalf, shall have the authority and obligation to make payments, credits and disbursements, including payments and credits in the manner set forth herein, to Class Members calculated in accordance with the

methodology set out in this Settlement Agreement and orders of the Court.

5.9.7. No person shall have any claim against Defendants, Defendants' Counsel, the Plaintiff, Class Members, Class Counsel or the Claims Administrator based on distributions and payments made in accordance with this Settlement Agreement.

5.10.  Claims Administration.

5.10.1.      The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

5.10.2.      The Claims Administrator shall be responsible for:  processing and mailing payments to the Plaintiff, Class Counsel, Participating Class Members, and the LWDA; printing and mailing the Notice Packets and reminder postcards to the Class Members as directed by the Court; placing automated reminder telephone calls with Class Members; receiving and reporting the Claim Forms and requests for exclusion submitted by Class Members; issuing tax forms as indicated in this Settlement Agreement; and other tasks as the Parties mutually agree or the Court orders the Claims Administrator to perform.  The Claims Administrator shall keep Defendants, Defendants' counsel and Class Counsel timely apprised of the performance of all Claims Administrator responsibilities.

5.10.3.      Any tax return filing required by this Settlement Agreement shall be made by the Claims Administrator.  Any expenses incurred in connection with such filing shall be a cost of administration of the Settlement Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

5.11. <u>Preliminary Settlement Hearing</u>.  Plaintiff shall notice a hearing date with the Court to request preliminary approval of the Settlement Agreement and to request the entry of the Preliminary Approval Order for certification of the Class for settlement purposes only, preliminarily approving the proposed Settlement and all terms set forth herein, certifying the Settlement Class and the Class Period, and setting a date for a Final Approval/Settlement Fairness Hearing.  The Order shall provide for the Notice Packet to be sent to Class Members as specified herein.  In conjunction with this hearing, Plaintiff will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include the proposed Notice Packet, attached hereto as Exhibits A-B, as necessary to implement the Settlement.

5.12. <u>No Solicitation of Settlement Objections or Exclusions</u>.  The Parties agree to use their best efforts to carry out the terms of this Settlement Agreement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit either requests for exclusion or written objections to the Settlement Agreement or to appeal from the Court's Final Judgment.

5.13. <u>Option to Terminate Settlement</u>.  If, after the deadline to postmark Claim Forms or requests for exclusion and before the Final Approval Hearing, greater than ten (10) percent of all Class Members submit requests for exclusion, Defendants shall have, in their sole discretion, the option to rescind this Settlement Agreement.  Defendants must exercise this right to rescind in writing to Class Counsel within 10 calendar days after the Claims Administrator first notifies the Parties that the total number of valid requests for exclusion is greater than ten (10) percent of all Class Members.  The Parties also agree that Plaintiff has the option to rescind the Settlement Agreement if the margin of error for the

workweek data submitted by Defendants to Plaintiff in connection with the mediation exceeds a ten percent (10%) margin of error when compared to workweek data submitted by Defendants to the Claims Administrator for purposes of Settlement. If the option to rescind is exercised by either Party, Defendants shall be solely responsible for the costs of the Claims Administration of this Settlement Agreement.

5.14. Final Settlement Approval Hearing and Entry of Final Judgment. Upon expiration of the deadline to postmark Claim Forms, requests for exclusion, or objections to the Settlement Agreement, with the Court's permission, a Final Approval/Settlement Fairness Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (i) Participating Class Members' claims, (ii) the Class Counsel Award, (iii) the Class Representative Enhancement Award, (iv) the Labor Workforce Development Payment, and (v) the Claims Administration Costs. The Final Approval/Settlement Fairness Hearing shall not be held earlier than thirty (30) days from deadline to submit Claim Forms, requests for exclusion, or objections to the Settlement Agreement. Upon final approval of the Settlement by the Court at or after the Final Approval/Settlement Fairness Hearing, the Parties shall present the Final Judgment to the Court for its approval. After entry of the Final Judgment, the Court shall have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

5.15. Nullification of Settlement Agreement. In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not

enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning.  In such a case, the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid by Defendants and shall not be repaid to Defendants.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review, but any fees incurred by the Claims Administrator prior to it being notified of the filing of an appeal from the Court's Final Judgment, or any other appellate review, shall be paid to the Claims Administrator by Defendants within thirty (30) days of said notification.

5.16.  Certification By Claims Administrator.  Upon completion of administration of the Settlement, the Claims Administrator shall provide written certification of such completion to counsel for all Parties and the Court, if requested by the Parties or by the Court.

6.     Class Counsel Award.

6.1.    Defendants agree not to oppose or impede any application or motion by Class Counsel for attorneys' fees in the amount of $1,875,000 (25% of the Total Settlement Amount), and for the reimbursement of costs and expenses associated with Class Counsel's prosecution of this matter, not in excess of $75,000, from the Total Settlement Amount.  Defendants

shall have no obligation to pay to any person, entity or other organization the difference between the lesser amount granted by the Court for the attorneys' fees request of $1,875,000, and that difference shall not be added to the Net Settlement Payment for distribution to Class Members.

   6.2. Within ten (10) calendar days of final approval, Defendants shall deliver the Class Counsel Award to the Claims Administrator.

   6.3. The Claims Administrator will provide to Class Counsel the Court-approved Class Counsel Award no later than seven (7) calendar days after the Claims Administrator's receipt of the funds for the Class Counsel Award from Defendants.  Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this Paragraph.  The Claims Administrator will issue an IRS Form 1099 – MISC, Box 14 to Class Counsel for the payments made pursuant to this Paragraph.  Defendants will not issue an IRS Form 1099 to Class Counsel for the Class Counsel Award.

  7. <u>Dispute Resolution</u>.  Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of Individual Settlement Payments, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

   7.1. If the Plaintiff or Class Counsel, on behalf of the Plaintiff or any Class Member, or the Defendants at any time believe that the other party has breached or acted contrary to the Settlement Agreement, that party shall notify the other party in writing of the alleged violation.

   7.2. Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

7.3.    If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) days to resolve their differences.

7.4.    If the Parties are unable to resolve their differences after thirty (30) days of the letter reference in Paragraph 7.1, either Party may file an appropriate motion for enforcement with the Court.  The briefing of such motion or opposition shall not exceed ten (10) double-spaced pages (excluding exhibits).

7.5.    Reasonable attorneys' fees and costs for work done in resolving a dispute under this Section may be recovered by any party that prevails under the standards set forth within the meaning of applicable law.

8.    Exhibits and Headings.  The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

9.    Interim Stay of Proceedings.  The Parties agree to refrain from further litigation of this matter, except such proceedings necessary to implement and obtain an Order granting Final Approval of the terms of the Settlement.  The Parties further agree that the mutual, voluntary cessation of litigation shall terminate in the event that Final Approval cannot be obtained for this Settlement, or any settlement modified by the Parties in accordance with instructions or guidance from the Court.

10.    Amendment or Modification.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.    Entire Agreement.  This Agreement, any supplemental written agreement subsequently incorporated, and any attached Exhibits constitute the entire Settlement Agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

12.    Public Statements.  Neither Plaintiff, Class Members nor Class Counsel shall hold any press conference related in any way to the Settlement. Neither Plaintiff, Class Member nor Class Counsel shall issue any press release related in any way to the Settlement.  Class Counsel and/or the Claims Administrator may post a link or information on its website to the Notice Packet and included forms, as well as a set of Frequently Asked Questions ("FAQ") that have been approved by the Parties.

13.    Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The person(s) signing this Agreement on behalf of Defendants represent and warrant that they are authorized to sign this Agreement on behalf of Defendants.

14.    <u>Binding on Successors and Assigns</u>.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

15.    <u>California Law Governs</u>.  All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

16.    <u>Counterparts</u>.  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

17.    <u>This Settlement Is Fair, Adequate and Reasonable</u>.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present and potential.

18.    <u>Jurisdiction of the Court</u>.  As required by California Rule of Court 3.769, the Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

19.    <u>Plaintiff's Waiver of Right to be Excluded and Object</u>.  The Plaintiff agrees to sign this Settlement Agreement and by signing this Settlement Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and agrees not to object to any of the terms of this Settlement Agreement.  Any such request for exclusion or objection

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

shall therefore be void and of no force or effect.  Efforts by Plaintiff to circumvent the terms of this paragraph shall be void and of no force or effect. Plaintiff is not required to submit a Claim Form in addition to executing this Settlement Agreement, and he will be issued his Individual Settlement Payment at the time the Claims Administrator issues Individual Settlement Payments for other Participating Class Members.

20.   Waiver of Certain Appeals.  The Parties agree to waive appeals and to stipulate to class certification for purposes of this settlement only; provided, however, Plaintiff or Class Counsel may appeal any reduction in the Class Counsel Award.

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF: Joshua Munoz**

DATED: _____   By: _____

Joshua Munoz

**DEFENDANTS: J.C. PENNEY CORPORATION, INC. and J.C. PENNEY COMPANY, INC.**

DATED: _____   By: _____

_____

Please Print Name of Authorized Signatory

_____

Please Print Title of Authorized Signatory

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    **AGREED TO, APPROVED AS TO FORM AND ACCEPTED.**

2                                    **CLASS COUNSEL:**

3                                    INITIATIVE LEGAL GROUP, APC

4

5    DATED: _____    By: _____

6                                    MARC PRIMO
                                     PAYAM SHAHIAN
7                                    LINH HUA
                                     Attorneys for Plaintiff
8                                    Joshua Munoz

9

10                                   **DEFENDANTS' COUNSEL:**

11                                   SHEPPARD MULLIN RICHTER &
                                     HAMPTON LLP
12

13   DATED: _____    By: _____

14                                   JENNIFER B. ZARGAROF
                                     Attorneys for Defendants
15                                   J.C. Penney Corporation, Inc. and J.C.
                                     Penney Company, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE

# EXHIBIT A

*Munoz v. J.C. Penney Corp., Inc., et al.*
Case No.: CV09-00833 ODW (VBKx)
Declaration of Linh Hua in Support of Plaintiff's Motion for Preliminary
Approval of Class Action Settlement

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware corporation; J.C. PENNEY COMPANY, INC., and a Delaware corporation; DOES 1 through 10, inclusive,<br><br>        Defendants. | ) Case No.: CV09-00833 ODW (VBKx)<br>)<br>) **CLASS ACTION**<br>)<br>) **NOTICE OF CLASS ACTION SETTLEMENT**<br>) **AND FINAL FAIRNESS HEARING**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLEASE READ THIS NOTICE CAREFULLY.

### WHAT IS IN THIS NOTICE?

1. Why did I get this notice? ............................................................................................... Page 2

2. Why you should read this notice? ................................................................................. Page 2

3. What is this case about? ............................................................................................... Page 2

4. How much is the class action settlement? .............................................................. Pages 2-3

5. What claims am I releasing? ......................................................................................... Page 3

6. When will I receive my settlement payment? ............................................................... Page 3

7. How do I claim my settlement payment? .................................................................... Page 4

8. What if I do not want to participate in the Settlement? ........................................ Pages 3-4

9. What if I want to object to the Settlement? ............................................................... Page 4

10. Final Fairness Hearing ............................................................................................... Page 4

11. Who are the attorneys representing the parties? ....................................................... Page 4

12. What if I need additional information? ........................................................................ Page 4

**Questions? Call 1-800-XXX-XXXX toll free**

**Why did I get this notice?**

You have received this notice because the business records of J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. ("JCPenney") indicate that you worked for JCPenney as an hourly non-exempt California retail store employee between May 19, 2004 and [**date of prelim approval**].  You may be a member of the Settlement Class.  As such, you may be eligible to receive money from this Settlement.  Depending on the actions you take (or don't take), one of three things will happen:

  (i)      if you submit a Claim Form / FLSA Opt-In Form by [**deadline**], and the Settlement receives final approval from the Court, you will receive a payment.  In addition, you will have released claims covered by the Settlement;

  (ii)     if you do not submit a Claim Form / FLSA Opt-In Form by [**deadline**], and if the Settlement receives final approval from the Court, you will not receive a payment.  However, your claims (except FLSA claims) covered by the Settlement will still have been released; or

  (iii)    if you submit a valid request for exclusion from the Settlement by [**deadline**], you will not receive payment and you will not have released claims covered by the Settlement.

If you wish to make an objection to the settlement, please read page 4 of this notice.

**Why should you read this notice?**

The United States District Court has granted preliminary approval of a class action settlement in the case of *Munoz v. J.C. Penney Corp., Inc., et al.*, Case No. CV09-00833 ODW (VBKx) ("Lawsuit").  The Court ordered that you receive this notice to inform you of the Settlement and Final Fairness Hearing date.  The Court will hold a Final Fairness Hearing on _____, 2010 at 1:30 p.m.  This notice explains your rights to share in the Settlement or to exclude yourself from the Settlement.

**What is this case about?**

On May 19, 2008, plaintiff Joshua Munoz ("Plaintiff"), on behalf of himself and all others similarly situated, filed a complaint against JCPenney in the Los Angeles County Superior Court.  The Lawsuit was removed to the United States District Court on February 3, 2009.  In the Complaint, Mr. Munoz alleged that JCPenney violated California's wage and hour laws and unfair competition laws by not providing its hourly, non-exempt employees with adequate meal and rest periods, not timely paying wages during or after employment with JCPenney, and issuing inaccurate wage statements.  JCPenney denies the allegations in the Complaint.

The parties have been gathering information and actively litigating the Lawsuit since before May 19, 2008.  Private mediations were held on December 23, 2008 and October 12, 2009. Ultimately, Plaintiff and JCPenney agreed to settle the Lawsuit.  The Settlement represents a resolution of highly disputed claims. The Settlement does not reflect that JCPenney admits any liability or that any party has successfully proven their claims.  Nevertheless, Plaintiff and JCPenney, and counsel for all parties concerned, have concluded that the Settlement is advantageous, considering the risks, uncertainties, and cost to each side of continued litigation. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

As a member of the Class, you must decide whether you want to participate in the Settlement or elect to exclude yourself by submitting a timely and valid written request for exclusion.  If you want to receive your share of the settlement amount that will be paid by JCPenney, you must submit a valid and timely Claim Form / FLSA Opt-In Form by [**deadline**].

**How much is the class action settlement?**

JCPenney will pay up to $7,500,000, including attorneys' fees and costs, to settle this matter.  Subject to Court approval, this sum of money will cover claims by all Class Members, the Class Representative Enhancement Award of up to $15,000, the cost of administering the Settlement and distribution of all payments, and a $75,000 payment to the California Labor Workforce and Development Agency, and Class Counsel Award.  The attorneys for the Plaintiff will apply separately for their reasonable fees of up to $1,875,000 and costs of up to $75,000, which are subject to Court approval.  The settlement fund will be divided by the total number of weeks worked by the entire Class to determine the weekly compensation rate for each Class Member who worked for JCPenney as an hourly, non-exempt California retail store employee between May 19, 2004 and [**date of prelim approval**].

**Questions? Call 1-800-XXX-XXXX toll free**

Your estimated portion of the settlement fund is listed on the attached Claim Form / FLSA Opt-In Form. That estimated portion reflects a calculation that provides greater weight for workweeks up to April 1, 2006 during the Class Period and provides additional payment for former employees who release additional claims. Please note that applicable taxes and statutory deductions will be withheld from each participating Class Member's payment for the wages component of the Settlement payment. An IRS 1099 Form and W-2 Form will also be issued to you for the payment. A payment will only be available to you if you submit a valid and timely Claim Form / FLSA Opt-In Form by [**deadline**].

## What claims am I releasing?

The Settlement includes a release by members of the Settlement Class (other than those who file valid written requests for exclusion) in favor of JCPenney (including: J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc., and their officers, directors, employees, partners, shareholders and agents, attorneys, and any other successors, assigns, or legal representatives). It releases all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or relating to the claims litigated in the Action, including, without limitation statutory, constitutional, contractual, or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief or other relief under California Business and Professions Code Section 17200 *et seq.,* based on the following categories of allegations in the operative complaint: (a) all claims for failure to pay wages, including overtime wages, attributed to missed, late, short or interrupted meal or rest periods; (b) all claims for violations of the meal or rest period rules; (c) all claims for the failure to promptly pay all wages due and owing upon termination of employment; (d) all claims for violation of the pay day rules; (e) all claims for the failure to issue proper itemized wage statements; and (f) any and all penalties pursuant to PAGA. Class Members who submit Claim Forms/FLSA Opt-In Forms will also release their Fair Labor Standards Act ("FLSA") claims.

With respect to the Released Claims, the Class Members expressly waive all rights under Section 1542 of the California Civil Code, which provides as follows: Section 1542. [General Release – Claims Extinguished.] A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

Any Class Member who submits a Claim Form / FLSA Opt-In Form will be deemed to have opted into the action for purposes of the FLSA and shall thereby release and waive any claims such Class Member may have under the FLSA. Only those Class Members who submit Claim Forms / FLSA Opt-In Forms will be deemed to have opted into the action for purposes of the FLSA and thereby released and waived any of their claims under the FLSA.

## When will I receive my settlement payment?

Your Settlement payment will be distributed after the Court grants final approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement. A Settlement payment will be distributed to you if you submit a valid Claim Form / FLSA Opt-In Form by [**deadline**].

## How do I claim my settlement payment?

To receive a share of the Settlement, you must complete and sign the enclosed Claim Form / FLSA Opt-In Form and mail it via first class mail to the Claims Administrator:

    ***Munoz v. JCPenney Claims Administrator***
    Address
    Address

To be valid, the Claim Form / FLSA Opt-In Form must be completed, must be signed by you, and must be postmarked no later than [**deadline**]. A member of the Settlement Class who does not mail a Claim Form / FLSA Opt-In Form in the manner and by the deadline specified above will not receive a share of the Settlement proceeds.

## What if I do not want to participate in the Settlement?

You will be excluded from the Settlement if you elect to submit a valid written request for exclusion from the Settlement by [**deadline**]. Your request for exclusion (1) must contain your name, address, telephone number and

**Questions? Call 1-800-XXX-XXXX toll free**

the last four digits of the Social Security Number, (2) must be signed by you, (3) must be postmarked by [**deadline**] and mailed to the Claims Administrator:

> ***Munoz v. JCPenney Claims Administrator***
> Address
> Address

## What if I want to object to the Settlement?

Any objection to the Settlement must be in writing and must explain, in clear and concise terms, the basis for your objection. In addition, in order to be considered, your objection must be filed with the Court and served on all Parties by [**deadline**].

| Office of the Clerk | Payam Shahian, Esq. | Jennifer B. Zargarof, Esq. |
|---|---|---|
| United States District Court | Linh Hua, Esq. | Julie Wong, Esq. |
| Central District of California | INITIATIVE LEGAL GROUP APC | SHEPPARD  MULLIN  RICHTER  & HAMPTON |
| Edward R. Roybal Courthouse | 1800 Century Park East, 2nd Floor | |
| 255 East Temple Street | Los Angeles, CA 90067 | 333 South Hope Street, 48th Floor |
| Los Angeles, California 9001 | | Los Angeles, California 90071 |

Your objection must include your full name, address, telephone number, last four digits of your Social Security Number, dates of your employment at JCPenney, and your signature.  Your objection must also indicate whether you intend to appear at the Final Approval Hearing scheduled for [**date/time**].

Any member of the Settlement Class who does not object to the Settlement in the manner described above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  If the Court rejects your objection, you will still be bound by the terms of the Settlement.

## Final Fairness Hearing

The Court will hold a Final Fairness Hearing in Courtroom 11 of the United States District Court, Central District of California, 312 N. Spring Street, Los Angeles, CA 90012, on [**date/time**], to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Class Counsel's request for attorneys' fees and costs on behalf of Plaintiff's counsel, the Claims Administrator's fees and expenses, the payment the California Labor and Workforce Development Agency, and the Class Representative Enhancement Award.  The hearing may be postponed without further notice to the Class.  It is not necessary for you to appear at this hearing.

## Who are the attorneys representing the parties?

| | |
|---|---|
| Attorneys for the Plaintiff | Attorneys for the Defendants |
| Payam Shahian, Esq. | Jennifer B. Zargarof, Esq. |
| Linh Hua, Esq. | Julie Wong, Esq. |
| INITIATIVE LEGAL GROUP APC | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 1800 Century Park East, Second Floor | 333 South Hope Street, 48th Floor |
| Los Angeles, CA 90067 | Los Angeles, California 90071 |
| Telephone: (310) 556-5637 | Telephone: (213) 620.1780 |
| Facsimile: (310) 861-9051 | Facsimile:  (213) 620.1398 |
| PShahian@initiativelegal.com | JZargarof@sheppardmullin.com |

## What if I need additional information?

If you have any questions, you may contact the ***Munoz v. JCPenney Claims Administrator.***  Call (**800**) **xxx-xxxx.** Claim Forms/FLSA Opt-In Forms and requests for exclusion should be mailed to: ***Munoz v. JCPenney Claims Administrator,*** Address. Address.

**PLEASE DO NOT TELEPHONE THE COURT, DEFENDANTS' COUNSEL, OR DEFENDANTS FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

**Questions? Call 1-800-XXX-XXXX toll free**

# EXHIBIT B

*Munoz v. J.C. Penney Corp., Inc., et al.*
Case No.: CV09-00833 ODW (VBKx)
Declaration of Linh Hua in Support of Plaintiff's Motion for Preliminary
Approval of Class Action Settlement

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MUNOZ, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware corporation; J.C. PENNEY COMPANY, INC., and a Delaware corporation; DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV09-00833 ODW (VBKx)<br><br>**CLAIM FORM /**<br><br>**FLSA OPT-IN FORM** |

---

**IF YOU WANT TO RECEIVE YOUR SHARE OF THIS CLASS ACTION SETTLEMENT, COMPLETE THIS FORM IN ITS ENTIRETY, SIGN THE FORM, POSTMARK AND RETURN TO THE ADDRESS BELOW NO LATER THAN [deadline].**

*Munoz v. JCPenny Claims Administrator*
Address
Address

---

I declare as follows:

(1)     I received the Notice of Class Action Settlement and Final Fairness Hearing in this action, and I wish to receive my share of the proposed Settlement.

(2)     I am or was employed by Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. ("Defendants" or "JCPenney") as a non-exempt hourly-paid employee in any of JCPenney's California Retail Stores at any time from May 19, 2004 through [date of preliminary approval].

(3)    **Please check __ONE__ box:**

❑    I __agree__ with JCPenney's records that between May 19, 2004 and April 1, 2006, I was employed ____ weeks, and between April 2, 2006 and [date of prelim], I was employed ____ weeks by JCPenney as a non-exempt hourly-paid employee in any of JCPenney's California Retail Stores.  Based my weeks of work, I can expect to receive approximately $_____ for my share of the Settlement.

1

☐    I **disagree** with JCPenney's records and instead contend that between May 19, 2004 and April 1, 2006, I was employed _____ weeks, and between April 2, 2006 and [date of prelim], I was employed _____ weeks by JCPenney as a non-exempt hourly-paid employee in any of JCPenney's California Retail Stores. I have enclosed documents supporting my contention in this regard, and understand that the Claims Administrator will determine the validity of my contention.

(4)    **Release.** By signing below, I understand that I am agreeing to a release in favor of JCPenney (including: J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc., and their officers, directors, employees, partners, shareholders and agents, attorneys, and any other successors, assigns, or legal representatives). I release all applicable California wage and hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising from or relating to the claims litigated in the Action, including, without limitation statutory, constitutional, contractual, or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief or other relief under California Business and Professions Code Sections 17200 *et seq.,* based on the following categories of allegations in the operative complaint: (a) all claims for failure to pay wages, including overtime wages, attributed to missed, late, short, or interrupted meal or rest periods; (b) all claims for violations of the meal or rest period rules; (c) all claims for the failure to promptly pay all wages due and owing upon termination of employment; (d) all claims for violation of the pay day rules; (e) all claims for the failure to issue proper itemized wage statements; and (f) any and all penalties pursuant to PAGA. Class Members who submit Claim Forms/FLSA Opt-In Forms will also release their Fair Labor Standards Act ("FLSA") claims. I submit this Claim Form / FLSA Opt-In Form and am deemed to have opted into the action for purposes of the FLSA and shall thereby release and waive any claims that I may have under the FLSA.

With respect to the Released Claims, I expressly waive all rights under Section 1542 of the California Civil Code, which provides as follows: Section 1542. [General Release – Claims Extinguished.] A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

By signing below, I also hereby consent to join this action under 29 U.S.C. § 216(b) for purposes of the Fair Labor Standards Act.

Executed on _____, at _____.
                         [date]                                          [city, state]

I declare under penalty of perjury that the foregoing and the information provided below is true and correct.

Social Security #:  ☐ ☐ ☐ ☐

             *(Enter the last four digits*                  _____
          *of your Social Security Number)*             (Signature)