Jose R. Garay, Esq., SBN 200494
JOSE GARAY, *APLC*
2030 Main Street, Suite 1300
Irvine, CA 92614
TEL: (949) 260-9193
FAX: (949) 260-9194

Roger Carter, Esq., SBN 140196
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, CA 92614
TEL: (949) 260-4737
FAX: (949) 260-4754

Scott B. Cooper, SBN 174520
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
TEL: (949) 724-9200
FAX: (949) 724-9255

James R. Hawkins
HAWKINS & SOFONIO
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
TEL: (949) 788-2911
FAX: (949) 788-2912

Attorneys for Plaintiff, MARK ORTIZ, on behalf of
himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ORTIZ on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>KMART, form unknown, and DOES 1 through 500, inclusive,<br><br>      Defendants. | Case No.  **SACV06-638 ODW (ANx)**<br><br>**STIPULATION OF CLASS ACTION SETTLEMENT** |

1

# CLASS ACTION SETTLEMENT AGREEMENT

This Stipulation of Class Action Settlement ("Stipulation") is entered into by and between plaintiff Mark Ortiz (the "Class Representative"), on behalf of himself and as a representative of the Settlement Class described herein, and defendant Kmart Corporation ("Defendant" or "Kmart"). The Class Representative and Defendant are collectively referred to herein as "the Parties."

This Stipulation is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. As detailed below, in the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become final for any reason, this Stipulation shall be deemed null and void and shall be of no force or effect whatsoever.

## FACTUAL BACKGROUND AND RECITALS

A.     On April 21, 2006, the Class Representative filed a Complaint, initiating a class action lawsuit against Kmart in the Orange County Superior Court, entitled <u>Mark Ortiz v. Kmart et al.</u>, Case No. 06 CC 00079 (the "Lawsuit"). On July 12, 2006, Kmart removed the lawsuit to United States District Court for the Central District of California (the "Court") (Case No. SACV06-638 ODW (ANx)).

B.     The Complaint alleges causes of action under California law for (1) failure to pay wages; (2) failure to provide rest periods and meal periods or compensation in lieu thereof; (3) failure to pay wages of terminated or resigned employees; (4) knowing and intentional failure to comply with itemized employee wage statement provisions; and (5) violation of the unfair competition law. The Complaint also seeks waiting time penalties, pre-judgment interest, and attorneys' fees and costs.

C.     The Complaint alleges all of its five causes of action on behalf of a class of "Kmart's Non-Exempt Employees" within the state of California (the "Class

2

Members").  The Class Representative was formerly employed by Kmart as an overnight replenishment associate and was paid on a non-exempt basis.

D.     Consistent with an April 22, 2003 Order by the Bankruptcy Court confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and Its Affiliated Debtors and Debtors-in-Possession, the Parties filed and the Court entered a Joint Stipulation And Order Regarding Limitation On Alleged Liability Period in which the Parties agreed that the liability period for which damages are being sought by the Class Representative on behalf of himself and the putative class would be limited to the period beginning April 23, 2003.

E.     On November 15, 2007, the Parties participated in mediation before Mark Rudy, a neutral mediator.  That effort was productive, and Mr. Rudy issued a mediator's proposal on November 21, 2007.  The Parties accepted the mediator's proposal on December 3, 2007 and reached the conditional agreement reflected in this Stipulation.  At all times, the Parties' negotiations were adversarial, non-collusive, and at an arm's length.

F.     Nothing in this Stipulation, nor the fact of the Stipulation itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind on the part of Kmart with respect to the Alleged Claims.  Kmart denies all the claims and contentions alleged by the Class Representative in the Lawsuit. Nonetheless, Kmart has concluded that further litigation would be protracted and expensive, and would also divert management and employee time.  Kmart has taken into account the uncertainty and risks inherent in litigation, especially in multi-party cases.  Kmart has therefore concluded that it is desirable that the Lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

G.     The Class Representative and Class Counsel believe that the claims asserted in this lawsuit have merit.  Class Counsel, however, recognizes and acknowledges the significant expense and length of continued proceedings necessary

3

1  to prosecute the litigation against Kmart through trials and through appeals. Class

2  Counsel is also mindful of the inherent problems of proof and possible defenses to the

3  Alleged Claims. After careful consideration and mediation, Class Counsel has

4  concluded that it is desirable that this class action lawsuit be fully and finally settled in

5  the manner and upon the terms and conditions set forth in this Stipulation. Both Class

6  Counsel and the Class Representative believe that the settlement set forth in this

7  Stipulation confers substantial benefits upon the Settlement Class and each of the

8  Class Members.

9       H.    The Parties are sufficiently familiar with the facts of the Lawsuit and the

10  applicable law so as to warrant settlement at this time. Prior to the mediation, the

11  Parties engaged in both formal and informal discovery. Kmart responded to the Class

12  Representative's Requests for Production of Documents and Special Interrogatories

13  and produced documents, including time records and payroll records for a random

14  sample of approximately 500 employees, which encompassed over 250,000 lines of

15  data consisting of over 77,000 shifts. Kmart also produced over 900 pages of

16  documents relating to its applicable policies and procedures. The Class

17  Representative took the deposition of Kmart pursuant to Federal Rules of Civil

18  Procedure 30(b)(6) on a number of topics. Kmart took the deposition of the Class

19  Representative.

20       I.    The Parties are represented by competent counsel and have had the

21  opportunity to consult with counsel prior to the submission of this Stipulation to the

22  Court.

23       J.    Pursuant to Federal Rules of Evidence 408 and California Evidence Code

24  Sections 1119 and 1152, this Stipulation and any related documents filed or created in

25  connection with it shall be inadmissible in evidence in any proceeding, except as

26  necessary to approve, interpret or enforce this Stipulation.

27

28

STIPULATION OF CLASS ACTION SETTLEMENT

**TERMS OF AGREEMENT**

IT IS HEREBY STIPULATED AND AGREED by and between the Class Representative, for himself and for the Class (as defined hereafter), and Kmart that, subject to the conditions precedent set forth in Section 2 below, the Lawsuit and the Released Claims shall be finally and fully compromised, released, resolved, relinquished, discharged and settled, and the Lawsuit shall be dismissed with prejudice, and without any adverse findings or conclusions against Kmart or anyone else, upon and subject to the terms and conditions of this Stipulation, as follows:

**1.**     **DEFINITIONS**

As used in this Stipulation, the following terms shall have the meanings specified below:

1.1     "Alleged Claims" means the claims that were alleged in the Complaint filed by the Class Representative against Kmart on April 21, 2006, including, but not limited to, the claims that the Class Members were not permitted to leave stores after clocking out or otherwise were required to work "off the clock" and were therefore not paid all wages and overtime wages earned, were not paid all wages earned at the time of discharge, were not provided with legally compliant meal periods, were not provided with legally compliant rest periods, and did not receive proper itemized wage statements, entitling them to damages, statutory penalties, restitution, penalties, interest, attorneys' fees, costs, injunctive and other equitable relief. (Complaint ¶¶ 2-6, 14-23, 36-39, 41-45, 48-51, 54-56; Prayer.)

1.2     "Attorneys' Fees" shall have the meaning set forth in Section 5 of this Stipulation.

1.3     "Claims Administrator" means the third-party claims administration firm Rust Consulting, Inc.

1.4     "Class" and "Class Members" mean all current and former non-exempt employees (i.e., employees paid on an hourly basis and eligible to receive overtime compensation) working for Kmart in California during the Class Period.

5

1      1.5    "Class Counsel" means The Cooper Law Firm, P.C., the law firm of Jose

2  Garay, APLC, The Carter Law Firm, and the law firm of Hawkins & Sofonio.

3      1.6    "Class Period" means the period from April 23, 2003 to the Date of

4  Preliminary Approval.

5      1.7    "Class Representative" means Mark Ortiz.

6      1.8    "Compensable Workweeks" means the total number of days a Class

7  Member was employed as a non-exempt employee in California during the Class

8  Period (not including days on which an employee was on a leave of absence of any

9  kind) divided by seven and rounded to the nearest two decimal places.

10      1.9    "Court" means the United States District Court for the Central District of

11  California.

12      1.10   "Date of Final Approval" means the date the Court enters an order

13  granting final approval of the Settlement.

14      1.11   "Date of Preliminary Approval" means the date the Court enters an order

15  granting preliminary approval of the Settlement.

16      1.12   "Day" means calendar day, unless expressly stated otherwise.

17      1.13   "Effective Date" means the later of: (1) if no appeal is taken, the date on

18  which the time to file any appeal from the Judgment has expired; or (2) if an appeal is

19  timely filed with respect to the Judgment, the date such an appeal is dismissed or the

20  Judgment is affirmed, and the Judgment is not subject to further judicial review or

21  reconsideration by any court.

22      1.14   "Enhancement Award" shall have the meaning set forth in Section 6 of

23  this Stipulation.

24      1.15   "Judgment" means the judgment or order to be rendered and entered by

25  the Court pursuant to this Stipulation.

26      1.16   "Last Known Address" means the most recently recorded mailing address

27  for a Class Member as such information is contained in employment or personnel

28  records maintained by Kmart.

1.17   "Lawsuit" means the action styled <u>Mark Ortiz v. Kmart et al.</u> Case No. SACV06-638 ODW (ANx), pending in the United States District Court for the Central District of California.

1.18   "Litigation Expenses" means those expenses and costs of litigation incurred by Class Counsel and approved for reimbursement by the Court, excluding costs or fees of the Claims Administrator.

1.19   "Maximum Settlement Consideration" means the maximum amount that Kmart shall pay under the terms of this Stipulation, which is Eight Million Dollars ($8,000,000.00), and is inclusive of all Settlement Payments, Attorneys' Fees, Litigation Expenses, Claims Administration Costs, and any Enhancement Award to the Class Representative.  This amount does not include the employer's share of payroll taxes, such at FICA and FUTA, except to the extent that those taxes may be paid by Kmart using any Unclaimed Amount.

1.20   "Net Settlement Consideration" means the Maximum Settlement Consideration less Attorneys' Fees, Litigation Expenses, Claims Administration Costs, and any Enhancement Award to the Class Representative.

1.21   "Notice of Pendency of Class Action Settlement" or "Notice" shall have the meaning set forth in Section 8.1 of this Stipulation.

1.22   "Notice Period" shall have the meaning set forth in Section 8.4 of this Stipulation.

1.23   "Participating Claimant" means each Class Member who submits a Qualifying Settlement Claim Certification Form in response to the Notice of Pendency of Class Action Settlement.

1.24   The "Parties" mean the Class Representative and Kmart.

1.25   "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to the Claims Administrator.

7

1.26 "Reasonable Address Verification Measure" means the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address.

1.27 "Released Claims" shall have the meaning set forth in Section 11 of this Stipulation.

1.28 "Released Parties" means Kmart Corporation, and each and all of its respective past and present parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past and present directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint venturers, assigns, or related entities, and each and all of their respective executors, successors, assigns and legal representatives.

1.29 "Unclaimed Amount" shall have the meaning set forth in Section 4.7 of this Stipulation.

1.30 "Settlement" means the terms and conditions set forth in this Stipulation.

1.31 "Settlement Claim Certification Form" means the form attached as Form A to the Notice of Pendency of Class Action Settlement.

1.32 "Settlement Class" and "Settlement Class Member" mean all individuals who have not opted out of the Settlement after Notice and who are therefore in the class that is certified for purposes of Settlement only, following the entry of an appropriate Order by the Court.

1.33 "Settlement Payment" means the total, gross amount due to an individual Participating Claimant, which shall be calculated as described in Sections 4.2 and 4.7 of this Stipulation.

1.34 "Total Consideration Payment" means the total amount paid by Kmart in consideration for settlement of the Lawsuit, including Settlement Payments, Attorneys' Fees, Litigation Expenses, Claims Administration Costs, and an

Enhancement Payment to the Class Representative.  The Total Consideration Payment shall not include any Unclaimed Amount.

1.35   "Unknown Claims" shall have the meaning set forth in Section 11 of this Stipulation.

1.36   "Updated Address" means a mailing that was updated via Reasonable Address Verification measures or via an updated mailing address provided by the United States Postal Service or a Class Member.

1.37   "Weekly Settlement Amount" means the Net Settlement Consideration divided by the total number of Compensable Workweeks worked by all Class Members during the Class Period.

## 2.   CONDITIONS PRECEDENT TO EFFECTIVENESS OF STIPULATION

2.1   The Parties enter into this Stipulation and the Settlement on a conditional basis.

This Stipulation will become final and effective only upon the occurrence of all of the following events:

(A)   The Court enters an order granting preliminary approval of the Settlement;

(B)   The Court enters an order granting final approval of the Settlement;

(C)   Judgment is entered by the Court dismissing the Lawsuit with prejudice; and

(D)   The Effective Date occurs, and any challenge to the Settlement, whether by objection or appeal, is resolved in favor of enforcement of the Settlement.

Unless the Court orders otherwise or agreed in writing by the Parties, this Stipulation shall be deemed null and void *ab initio* upon the failure of any of these four conditions to occur.

9

## 3. CONDITIONAL CLASS CERTIFICATION

3.1 The Parties stipulate to class certification for purposes of the Settlement only. If the Court does not grant preliminary or final approval of this Settlement or, if appealed, the Judgment is not affirmed, the Parties agree that class certification will automatically be deemed revoked. The Parties will take any other steps necessary to decertify the class. In the case that the class certification for settlement purposes is deemed revoked, that class certification shall have no precedential value and it shall not be introduced into evidence or used for any other purpose.

## 4. SETTLEMENT CONSIDERATION

4.1 Kmart agrees to pay each Participating Claimant his or her Settlement Payment as consideration for settlement of the lawsuit. The Maximum Settlement Consideration shall not exceed the aggregate sum of Eight Million Dollars ($8,000,000.00). Notwithstanding any other provision in this Stipulation, aside from the employer's share of payroll taxes, in no event will Kmart be obligated to pay more than Eight Million Dollars ($8,000,000.00) in total settlement of the Lawsuit, including all Settlement Payments, Litigation Expenses, Claims Administration Costs, Enhancement Award, or any other amounts whatsoever.

4.2 Each Participating Claimant shall receive a Settlement Payment, which is a share of the Net Settlement Consideration based on the number of Compensable Workweeks worked by the Participating Claimant during the Class Period. The Settlement Payment for each individual Participating Claimant shall be calculated by multiplying the Weekly Settlement Amount by the Participating Claimant's Compensable Workweeks.

4.3 The Total Consideration Payment will constitute adequate consideration for this Settlement and will be made in full and final settlement of:

(A) The Released Claims during the Class Period;

(B) Class Counsel's claim for Attorneys' Fees and Litigation Expenses; and

10

STIPULATION OF CLASS ACTION SETTLEMENT
Request for Judicial Notice: Exhibit B          Page 26

1              (C)    Any other obligation of the Parties under this Stipulation.

2        4.4    Kmart agrees to pay an Enhancement Award of Five Thousand Dollars

3 ($5,000.00) to the Class Representative upon Class Counsel's application and the

4 Court's approval, pursuant to Section 6.  The Class Representative shall be issued an

5 IRS Form 1099 for any Enhancement Award.

6        4.5    For the purpose of calculating applicable taxes, the Parties agree that fifty

7 percent (50%) of each Settlement Payment constitutes wages (and each Participating

8 Claimant will be issued an IRS Form W-2 for such payment to him or her), and fifty

9 percent (50%) constitutes interest, penalties and other non-wage payments (and each

10 Participating Claimant will be issued an IRS Form 1099 for such payment to him or

11 her).  Kmart shall not be responsible for payroll tax payments on any portion of the

12 Settlement Consideration that is attributable to Attorneys' Fees, Litigation Expenses,

13 Claims Administration Costs, penalties, interest or any Class Representative

14 Enhancement Award.  The Parties further understand that the Class Representative

15 and any Participating Claimant who receives any Settlement Payment pursuant to this

16 Stipulation shall be solely responsible for any and all tax obligations associated with

17 such receipt, except as set forth in this Section.

18        4.6    Kmart will not use the Settlement Payments to calculate any additional

19 benefits including, for example (but without limitation), vacation, holiday pay,

20 pension, or 401(k) plan contributions.  Kmart contends that the Settlement Payments

21 do not represent any modification of previously credited hours of service or other

22 eligibility criteria under any employee pension or employee welfare benefit plan

23 sponsored by Kmart.  Nor does Kmart consider the Settlement Payments

24 "compensation" for purposes of determining eligibility for, or benefit accrual within,

25 an employee pension benefit plan, an employee welfare benefit plan, or other plan

26 sponsored by Kmart or its predecessors, subsidiaries, or successors.

27

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1        4.7    <u>Unclaimed Portion of the Net Settlement Consideration</u>

2            (A)    Kmart shall not be required to pay any Unclaimed Amount that

3 remains after payment of the Settlement Payments. The "Unclaimed Amount" shall

4 be the amount of the Net Settlement Consideration less the total of Settlement

5 Payments allocated to Participating Claimants. However, in no case shall the

6 Unclaimed Amount be more than fifty percent (50%) of the Net Settlement

7 Consideration.

8            (B)    In the event that the total Settlement Payments allocated to

9 Participating Claimants is less than fifty percent (50%) of the Net Settlement

10 Consideration, the total amount of Settlement Payments shall be adjusted to an

11 amount equal to fifty percent (50%) of the Net Settlement Consideration. In that case,

12 the Settlement Payment for each Participating Claimant shall be increased to include a

13 pro rata share of the difference between the Net Settlement Consideration and the total

14 of Settlement Payments, based on the number of Compensable Workweeks worked by

15 each Participating Claimant during the Class Period.

16            (C)    The Claims Administrator shall notify Kmart's counsel of the

17 Unclaimed Amount pursuant to Section 9.2 of this Stipulation, and Kmart shall, at all

18 times, retain custody and control of the Unclaimed Amount.

19            (D)    Kmart understands and agrees that it shall be responsible for

20 paying the employer's share of any applicable payroll taxes, including those collected

21 under the authority of the Federal Insurance Contributions Act (FICA), separate and

22 apart from, and in addition to, the Maximum Settlement Consideration. Kmart shall

23 use funds from the Unclaimed Amount, if any, to pay the FICA taxes.

24        4.8    The Settlement Payments shall be paid according to Section 9 of

25 this Stipulation.

26

27

28

## 5. ATTORNEYS' FEES AND COSTS OF CLASS COUNSEL

5.1    Counsel will submit an application for: (a) an award of Attorneys' Fees of no more than twenty-five percent (25%) of the Maximum Settlement Consideration; and (b) an award of actual Litigation Expenses not to exceed forty-five Thousand Dollars ($45,000).  The amounts set forth in this Section will constitute complete consideration for all work performed and expenses incurred to date and for all worked to be performed and expenses to be incurred through the completion of the litigation and its settlement.  Kmart will not oppose a motion for approval of Class Representative's Attorneys' Fees and Litigation Expenses consistent with this Section.

5.2    The Attorneys' Fees and Litigation Expenses shall be paid according to Section 9.4 of this Stipulation.

## 6. CLASS REPRESENTATIVE ENHANCEMENT AWARD

6.1    Class Counsel will submit an application for Five Thousand Dollars ($5,000.00) as an "Enhancement Award" to Class Representative Mark Ortiz for his time, effort and participation in this Lawsuit as Class Representative.  Kmart will not oppose a motion for approval of such enhancement award to Mark Ortiz, and agrees that the request is fair and reasonable under the circumstances of this case.

6.2    The Enhancement Award shall be paid according to Section 9 of this Stipulation.

## 7. COSTS OF CLAIMS ADMINISTRATION

7.1    "Claims Administration Costs" shall include all costs and expenses due to the Claims Administrator in connection with its administration of the claims including, but not limited to, providing Notice, locating Class Members, processing Opt-Out Forms and Settlement Claim Certification Forms, and administering and distributing Settlement Payments to the Settlement Class Members.  All Claims Administration Costs shall be paid from the Maximum Settlement Consideration.

## 8.     <u>NOTICE PROCEDURE</u>

     8.1     <u>Notice to Class Members</u>

     Within twenty-one (21) calendar days after preliminary approval of this settlement agreement, Defendant will provide to the Claims Administrator all of the following information about each Class Member in a format requested by the Claims Administrator: (1) name, (2) Last Known Address, (3) Social Security number, and (4) the number of Compensable Workweeks the employee worked. Not later than thirty-five (35) calendar days following the Date of Preliminary Approval, the Claims Administrator shall send, via U.S. Mail, to each of the Class Members a Notice of Pendency of Class Action Settlement (hereafter, "Notice"), an Opt-Out Form, and a Settlement Claim Certification Form substantially in the form attached hereto and made a part hereof as Exhibit "A." The Claims Administrator shall send each mailing to the Last Known Address of each Class Member after complying with the procedures specified in Section 8.2 of this Stipulation.

     8.2     <u>Updating Last Known Addresses of Class Members</u>

     Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address for each Class Member. To the extent that this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

     8.3     <u>Date of Mailing and Re-Mailing of Notice</u>

     Unless the Claims Administrator receives a Notice returned from the United States Postal Service, that Notice shall be deemed mailed on the date the Claims Administrator places the Notice with the United States Postal Service for mailing. In the event that, subsequent to the first mailing and at least seven (7) days prior to the end of the Notice Period, the Notice is returned by the United States Postal Service to the Claims Administrator with a forwarding address for the recipient, the Claims

14

1    Administrator shall re-mail the notice to that address no later than the last day of the

2    Notice Period, and the forwarding address will be deemed the Updated Address for

3    that Class Member.  In the event that subsequent to the first mailing and at least seven

4    (7) days prior to the end of the Notice Period the Notice is returned by the United

5    States Postal Service to the Claims Administrator without a forwarding address (i.e.,

6    the address is no longer valid and the envelope is marked "Return to Sender"), the

7    Claims Administrator shall complete a standard skip trace in an effort to ascertain the

8    current address of the particular Class Member in question and, if such address is

9    ascertained, the Claims Administrator will re-send the Notice no later than the last day

10   of the Notice Period; if no Updated Address is ascertained for that Class Member, the

11   Claims Administrator will re-send the Notice to the Last Known Address no later than

12   the last day of the Notice Period.  For those Class Members who are re-sent the Notice

13   under this section, the Notice Period shall be extended another twenty-five (25) days

14   beyond the initial Notice Period.

15        8.4    Opt-Out and Claims Procedure

16            (A)    Subject to Court approval, Class Members shall have forty-five

17   (45) days from the date that the Claims Administrator mails the Notice to them

18   (referred to hereafter as the "Notice Period") to properly complete the Settlement

19   Claim Certification Form or Opt-Out Form and to return it by mail to the Claims

20   Administrator.  The date of mailing of the Opt-Out Form or Settlement Claim

21   Certification Form is deemed to be the date the form is deposited in the U.S. Mail,

22   postage prepaid, as evidenced by the post-mark.  If the last day of the Notice Period

23   falls on a Sunday or legal holiday, the Notice Period shall be deemed to extend

24   through the next business day.  Class Members who do not properly and/or timely

25   submit the Opt-Out Form become Settlement Class Members and shall be subject to

26   the Judgment.  Class Members that do not properly and/or timely submit the

27   Settlement Claim Certification Form shall not become a Participating Claimant, and

28   shall not be entitled to any Settlement Payment.

(B)     Class Members who submit both a Settlement Claim Certification Form and an Opt-Out Form shall be sent a cure letter by the Claims Administrator seeking clarification of the response they want to submit.  Absent any cure, they will be deemed Participating Claimants.

(C)     Within five (5) business days after the expiration of the Notice Period the Claims Administrator shall notify Class Counsel and Kmart's counsel of (i) the Class Members who have opted out of the Class; and (ii) the Class Members who have submitted Qualifying Settlement Claim Certification Forms.  The Claims Administrator shall identify these Class Members by employee identification number.

(D)     If seven percent (7%) or more of the Class Members opt-out of the Settlement Class, then Kmart shall have the right, in its sole discretion, to void the Stipulation and to revoke class certification.  Kmart has ten (10) business days following its notification by the Claims Administrator regarding the number of Class Members who have opted out of the Class to notify Class Counsel of its intent to void the agreement and to revoke class certification.

8.5     Objections

Any Class Member who wishes to object to the Settlement must file and deliver a written objection with the Court, and serve copies of the written objection to Class Counsel and counsel for Kmart, no later than forty-five (45) days from the date that Notice is mailed to them.  The date of delivery of the written objection is deemed to be the date the objection is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark.  The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.  Unless otherwise ordered by the Court, Class Members shall not be entitled to speak at the Final Approval Hearing unless they have submitted a timely written objection pursuant to this subsection. Class Members who have properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.

16

8.6     No later than (20) days prior to the Final Approval Hearing, the Claims Administrator shall provide Class Counsel and Kmart's Counsel with a Declaration of Compliance to be filed with the Court by Class Counsel.

## 9.     PAYMENT OF CLAIMS

9.1     As a condition of receiving any Settlement Payment under this Stipulation, Class Members must not "opt-out" of the Class, must submit a Qualifying Settlement Claim Certification Form, and must release the Released Claims. Each Participating Claimant shall be entitled to a payment equal to the sum of the Settlement Payment, less the Participating Claimant's share of taxes and withholding. The Settlement Payment shall be determined by the Claims Administrator in the manner described in Section 4.2 (and Section 4.7, if necessary) of this Stipulation.

9.2     Within ten (10) business days of notice by the Claims Administrator of the Class Members who have made claims and those who have opted out of the Class, in accordance with Section 8.4, the Claims Administrator will notify Kmart's counsel of: (a) the Net Settlement Consideration; (b) the Total Consideration Payment; (c) the Unclaimed Amount, if any; and (d) the Settlement Payments due to each Class Member (by employee identification number).

9.3     The Claims Administrator shall be responsible for mailing payments to the Settlement Class Members, as well as issuing payment of any Enhancement Award, Attorneys' Fees and Litigation Expenses.

9.4     Not later than twenty-one (21) days following the Effective Date, Kmart shall provide the Claims Administrator with the Total Consideration Payment. However, in the event that the Order on Class Counsel's application for Class Representative's Attorneys' Fees, Litigation Expenses and Enhancement Award is not final within twenty-one (21) days of the Effective Date, any amounts payable under such Order as part of the Total Consideration Payment will be paid within twenty-one (21) days after the Order is deemed final and no longer subject to any further judicial reconsideration, review or appeal.

17

1       9.5    Not later than thirty-one (31) days following the Effective Date, the

2  Claims Administrator shall mail to each Settlement Class Member a check in the

3  amount(s) calculated pursuant to Sections 4.2, 4.7 (if necessary) and 9.1 of this

4  Stipulation. The Claims Administrator shall be responsible for making any applicable

5  employee payroll deductions from the Settlement Payments.

6       9.6    Any checks issued to Participating Claimants shall remain negotiable for

7  a period of at least one hundred eighty (180) days from the date of mailing. The funds

8  associated with any checks which are not timely negotiated will be considered

9  unclaimed property and turned over to the State Controller's office pursuant to

10  California Code of Civil Procedure section 1500 *et seq.* and California Administrative

11  Code section 1150 *et seq.* Participating Claimants who fail to negotiate their check(s)

12  in a timely fashion shall, like all Settlement Class Members, remain subject to the

13  terms of the Judgment.

14  **10.**   **DISMISSAL WITH PREJUDICE**

15       10.1   At the Final Approval Hearing, the Parties agree to jointly request that

16  the Court immediately enter an order dismissing the Lawsuit with prejudice and to

17  take whatever steps may be necessary to obtain such dismissal.

18  **11.**   **RELEASED CLAIMS**

19       11.1   <u>Class Release</u>

20       The Class Representative and the Settlement Class Members, on behalf of

21  themselves, and each of their heirs, representatives, successors, assigns, and attorneys,

22  hereby compromise, release, resolve, relinquish, discharge and settle each and all of

23  the Released Parties from each of the Alleged, Released and Unknown Claims that

24  exist in their favor through the Date of Preliminary Approval. The Class

25  Representative and Settlement Class Members further agree that they will not institute

26  any action or cause of action (in law, in equity or administratively), suits, debts, liens,

27  or claims, known or unknown, fixed or contingent, which they may have or claim to

28  have in state or federal court, or with any state, federal or local government agency,

1   except the EEOC, or with any administrative or advisory body arising from or

2   reasonably attributable to the Alleged, Released and Unknown Claims.  The

3   Participating Claimants shall specifically agree to the provisions of this Section in the

4   Settlement Claim Certification Form.

5          "Released Claims" means the Alleged Claims and those that are reasonably

6   related to the Alleged Claims, whether such causes of action are in tort, contract, or

7   pursuant to a statutory remedy, including (a) any such claims under California Labor

8   Code Sections 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558,

9   1194, 1194.2, 1197, 1197.1, 1198, 2699, or 2802, the applicable Industrial Welfare

10  Commission Wage Orders, the Fair Labor Standards Act, 29 United States Code

11  Section 201 *et seq.*, and all implementing regulations and interpreting guidance; and

12  (b) any other causes of action that are based on or reasonably relate to the purported

13  nonpayment of compensation or overtime compensation for work required to be

14  performed "off the clock," meal or rest period violations, failure to pay all wages due

15  at termination, inaccurate wage statements, or unfair or unlawful business practices

16  based on these alleged violations (including under Business & Professions Code

17  Section 17200 et. seq.), including related premiums, penalties, interest, punitive

18  damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting,

19  whether such causes of action are in tort, contract, or pursuant to a statutory remedy.

20  "Unknown Claims" means any Released Claims which the Class Representatives or

21  any Settlement Class Member does not know or suspect to exist in his or her favor at

22  the time of the Released Claims which, if known by him or her, might have affected

23  his or her Settlement with and Release of the Released Parties or might have affected

24  his or her decision not to object to this Settlement.

25         With respect to any and all Released Claims, the Class Representative and the

26  Settlement Class Members agree that, upon the Effective Date, they shall and have, by

27  operation of the judgment, waived and relinquished, to the fullest extent permitted by

28

1    law, the provisions, rights, and benefits of §1542 of the California Civil Code, which

2    provides:

3           A general release does not extend to claims which the creditor does
     not know or suspect to exist in his or her favor at the time of
4           executing the release, which if known by him or her must have
     materially affected his or her settlement with the debtor.
5

6    The Settlement Class Members may hereafter discover facts in addition to or different

7    from those which they now know or believe to be true with respect to the subject

8    matter of the Released Claims, but stipulate and agree that the Settlement Class

9    Members, upon the Effective Date, fully, finally and forever settle and release any and

10   all Released Claims, known or unknown, suspected or unsuspected, contingent or

11   non-contingent, which now exist, or heretofore have existed upon any theory of law or

12   equity and without regard to the subsequent discovery or existence of such different or

13   additional facts.

14          11.2   <u>Class Representative Individual Release</u>

15          The Class Representative agrees that consideration set forth in this Stipulation

16   represents full settlement of all claims that were or could have been raised in the

17   Lawsuit against Released Parties by Class Representative.  Class Representative, on

18   behalf of himself, and each of his heirs, representatives, successors, assigns, and

19   attorneys, hereby compromises, releases, resolves, relinquishes, discharges and settles

20   each and all of the Released Parties from any and all claims he has or may have had

21   against any of them arising out of or reasonably related to the claims made in the

22   Lawsuit, and agrees that he will not institute any such action or cause of action (in

23   law, in equity or administratively), suits, debts, liens, or claims, known or unknown,

24   fixed or contingent, which he may have had or claim to have had in state or federal

25   court, or with any state, federal or local government agency, except the EEOC, or with

26   any administrative or advisory body arising from or attributable to the Released

27   Parties.

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

Class Representative specifically acknowledges that he is aware of and familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Representative, being aware of this section, hereby expressly waives and relinquishes all rights and benefits he may have under this section as well as any other statutes or common law principles of a similar effect. Class Representative may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Released Claims, but stipulates and agrees that, upon the Effective Date, Class Representative shall and hereby does fully, finally and forever settle and release any and all claims against Kmart, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity and without regard to the subsequent discovery or existence of such different or additional facts.

Class Representative also agrees that, to the extent permitted by law, if a claim is prosecuted in his name against Released Parties before any court or administrative agency, other than the Workers' Compensation Appeals Board, that he waives, and agrees not to take, any award of money or other damages from such proceeding. Class Representative agrees that if a claim is prosecuted in his name against Released Parties that he will immediately request in writing that the claim on his behalf be withdrawn.

## 12. MOTION FOR COURT APPROVAL

### 12.1 Motion for Preliminary Approval

As soon as practicable, Class Representative shall file: (i) this Stipulation, including all attached exhibits; (ii) a noticed motion seeking the Court's preliminary approval of this Settlement ("Motion for Preliminary Approval"); (iii) a proposed

order granting such preliminary approval and setting hearing for final approval; and (iv) and any other documents consistent with the Settlement and reasonably necessary to obtain the Court's approval of the Settlement. Class Counsel will provide Kmart with five business days to review and approve the Motion for Preliminary Approval and all supporting papers. The Parties will ask the Court to maintain jurisdiction of this matter for the purpose of monitoring compliance with and performance under this Stipulation and any and all orders and judgments, including the Judgment, entered by the Court.

12.2    Motion for Final Approval

The Parties shall request that the Motion for Final Approval be set for hearing within 45 days after the last day of the Notice Period, or as soon thereafter as the Court's calendar shall allow. No later than 21 calendar days before the Final Approval Hearing, Class Representative shall file a Motion for Final Approval, Memorandum of Points and Authorities in Support of the Settlement, and his Motion(s) for Attorney's Fees, Costs and Class Representative Enhancement, and any other documents consistent with the Settlement and reasonably necessary to obtain the Court's approval of the Settlement. Class Counsel will provide Kmart with five business days to review and approve the Motion for Final Approval and all supporting papers.

**13.    COOPERATION**

13.1    The Parties shall cooperate fully with one another in seeking approval of the Court of this Stipulation (including its Exhibits) and to use their respective best efforts to consummate the Settlement and cause the Judgment to be entered and to become final. The Parties therefore agree to cooperate in good faith to promptly prepare, execute and finalize all Settlement-related documents, seek all necessary Court approvals, and do all other things necessary to consummate the Settlement. All Settlement-related documents, including, but not limited to, this Stipulation (and all attached exhibits), the Motion for Preliminary Approval (and any supporting papers), and the Motion for Final Approval (and any supporting papers) must be acceptable in

both form and content to each of the Parties.  In the event that the Parties are unable to reach agreement on the form or content of any documents needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement, the Parties agree to seek the assistance of the Court.  The Parties further agree that all such documents, supplemental provisions, and assistance of the Court shall be consistent with this Stipulation.

13.2    No Party to this Stipulation shall seek to evade his or its good faith obligations to seek approval and implementation of this Settlement by virtue of any ruling, order, governmental report or other development, whether in the Lawsuit, in any other litigation or otherwise that hereafter might occur and might be deemed to alter the relative strengths of the Parties with respect to any claims or defenses or their relative bargaining power with respect to negotiating.  The Parties and their respective counsel of record deem this Settlement to be fair and reasonable and have arrived at this Settlement in arms-length negotiations taking into account all relevant factors, present or potential.

## 14.    MISCELLANEOUS PROVISIONS

14.1    All of the Parties have been represented by counsel throughout all negotiations that preceded the execution of this Stipulation, and this Stipulation is made with the consent and advice of counsel.

14.2    The Parties and Settlement Class Members waive their right to seek any form of appellate review over any order or judgment that is consistent with the terms of this Stipulation.

14.3    This Stipulation may not be modified or amended, except in a writing that is signed by the respective counsel of record for the Parties and approved by the Court.

14.4    This Stipulation and the exhibits attached hereto constitute the entire agreement between the Parties concerning the subject matter hereof, and supersede and replace all prior negotiations, understandings, memoranda of understanding and

1  proposed agreements, written and oral, relating thereto. No extrinsic oral or written

2  representations or terms shall modify, vary or contradict the terms of the Stipulation

3  unless made in writing and signed by duly authorized representatives of all Parties and

4  approved in writing by a final order of the Court. No waiver of any term, provision or

5  condition of this Agreement, whether by conduct or otherwise, in any one or more

6  instance shall be deemed to be or construed as a further or continuing waiver of any

7  such term, provision or condition.

8       14.5   This Stipulation shall be subject to, governed by, construed, enforced,

9  and administered in accordance with the laws of the State of California, without

10  giving effect to the principles of conflict of laws, both in its procedural and

11  substantive aspects, and shall be subject to the continuing jurisdiction of the Court.

12  This Stipulation shall be construed as a whole according to its fair meaning and intent,

13  and not strictly for or against any party, regardless of who drafted (or was principally

14  responsible for drafting) this Stipulation or any specific term or condition thereof.

15       14.6   This Stipulation may be executed in one or more counterparts, each of

16  which shall be deemed an original and together shall constitute one and the same

17  instrument. When each of the Parties has signed at least one such counterpart, this

18  Stipulation shall become effective and binding as to all of the Parties as of the day and

19  year last written. Fax and/or electronically scanned signatures shall be deemed as

20  effective as originals.

21       14.7   The Settlement shall be binding upon and inure to the benefit of the

22  settling parties' respective successors, assigns, heirs, spouses, marital communities,

23  executors, administrators and legal representatives.

24       14.8   In the event that legal action arises out of this Stipulation or is necessary

25  to enforce any of the terms or provisions of this Stipulation, the prevailing party in the

26  action shall be entitled to recover its reasonable attorneys' fees and costs.

27       14.9   Plaintiff and his counsel agree that they will not issue any press releases

28  or press statements, post any internet disclosures, have any communications with the

press or media about the Lawsuit or this Stipulation, or otherwise publicize or communicate the terms of this Stipulation other than through the filing of the Stipulation and supporting documents with the Court. Notwithstanding the foregoing, Plaintiff and his counsel shall have the right to disclose the terms of the Stipulation as may be required by a Court order or under federal or state tax and/or securities laws or under generally accepted accounting principles.

14.10 Within forty-five (45) Days after the Effective Date, Class Counsel shall, upon written demand by Kmart, return all documents and data received from Kmart that was identified as Confidential by Kmart or that constitutes employee payroll data or time records other than Plaintiff's. Neither Class Counsel, Class Representative, nor their agents or representatives shall retain any such documents and data.

14.11 If any federal, state, or local government authority, including the U.S. Department of Labor or the California Division of Labor Standards Enforcement, commences an administrative proceeding or action (either in a *parens patriae* or other function) that asserts claims within the scope of the Alleged Claims in this Lawsuit on or before a date that is three years from the date the Court enters an Order granting preliminary approval of the Settlement, Class Counsel will execute an appropriate declaration at the request of Kmart supporting the Settlement and, if Class Counsel agrees that the governmental action is within the scope of the Lawsuit, the Settlement, and the Judgment, making a statement in the declaration to that effect.

14.12 After this Stipulation is fully executed by all Parties and their attorneys of record, all litigation in this Lawsuit shall be stayed, and the Parties shall make no additional court filings except as specifically provided for herein and as are necessary to enforce the terms of the Settlement or pursuant to a written agreement between the Parties.

14.13 Each individual signing this Stipulation warrants that he and/or she has the authority and is expressly authorized to enter into this Stipulation on behalf of the party for which that individual signs.

1     IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted

2   the foregoing terms and conditions by executing this Stipulation as of the date

3   indicated below.

4

5   Dated: February 5, 2008

6

7   By: _____

8          Mark Ortiz

9

10  Dated: February ___, 2008

11

12  By: _____

13         William Harker

14         On Behalf of Defendant

                KMART CORPORATION

15

16  APPROVED AS TO FORM:

17  Dated: February 6, 2008       THE COOPER LAW FIRM, P.C.

18

19  By: _____

20         Scott B. Cooper

21         Attorneys for Plaintiff MARK

                ORTIZ

22

23  Dated: February ___, 2008     WINSTON & STRAWN LLP

24

25  By: _____

26         Jessie A. Kohler

27         Attorneys for Defendant

                KMART CORPORATION

28

26

STIPULATION OF CLASS ACTION SETTLEMENT

1    IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted

2  the foregoing terms and conditions by executing this Stipulation as of the date

3  indicated below.

4

5  Dated: February ___, 2008

6

7                                              By: _____

8                                                   Mark Ortiz

9

10  Dated: February _6_, 2008

11

12                                              By: _____

13                                                   William Harker

14                                                   On Behalf of Defendant
                                                     KMART CORPORATION
15

16  APPROVED AS TO FORM:

17  Dated: February ___, 2008        THE COOPER LAW FIRM, P.C.

18

19                                              By: _____

20                                                   Scott B. Cooper
                                                     Attorneys for Plaintiff MARK
21                                                   ORTIZ

22

23  Dated: February ___, 2008        WINSTON & STRAWN LLP

24

25                                              By: _____

26                                                   Jessie A. Kohler
                                                     Attorneys for Defendant
27                                                   KMART CORPORATION

28

                                       26
                    STIPULATION OF CLASS ACTION SETTLEMENT

IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted the foregoing terms and conditions by executing this Stipulation as of the date indicated below.

Dated: February ___, 2008

By: _____
     Mark Ortiz

Dated: February ___, 2008

By: _____
     William Harker
     On Behalf of Defendant
     KMART CORPORATION

APPROVED AS TO FORM:

Dated: February ___, 2008       THE COOPER LAW FIRM, P.C.

By: _____
     Scott B. Cooper
     Attorneys for Plaintiff MARK
     ORTIZ

Dated: February 6, 2008      WINSTON & STRAWN LLP

By: _____
     Jessie A. Kohler
     Attorneys for Defendant
     KMART CORPORATION

26

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ORTIZ on behalf of himself and all others similarly situated, | **CLASS ACTION CASE NO. SACV06-638 ODW (ANx)** |
| Plaintiff, | |
| vs. | **[PROPOSED] NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT** |
| KMART, form unknown, and DOES 1 through 500, inclusive, | |
| Defendants. | |

**TO: ANY AND ALL PERSONS WHO WERE EMPLOYED AT KMART CORPORATION AT ANY TIME FROM APRIL 23, 2003 THROUGH [INSERT PRELIMINARY APPROVAL DATE] AS A NON-EXEMPT, HOURLY EMPLOYEE IN CALIFORNIA.**

**THIS NOTICE REQUIRES THAT YOU EITHER: (1) SUBMIT A SETTLEMENT CLAIM CERTIFICATION FORM ON OR BEFORE [INSERT END OF NOTICE PERIOD, 2008] IN ORDER TO RECEIVE PAYMENT UNDER THE TERMS OF THE SETTLEMENT; OR (2) SUBMIT A WRITTEN REQUEST FOR EXCLUSION VIA U.S. MAIL POSTMARKED ON OR BEFORE [INSERT END OF NOTICE PERIOD, 2008] IN ORDER TO BE EXCLUDED FROM THE SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION. THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS.**

## I. NOTICE

This is to notify you of a claim that was filed on April 21, 2006 against Kmart Corporation ("Kmart"). The lawsuit is entitled <u>Mark Ortiz v. Kmart.</u> Case No. SACV06-638 ODW (ANx) (the "Action"), and is pending before the United States District Court for the Central District of California.

Please understand that this is not a notice of a lawsuit against you. You are not being sued.

This purpose of this notice is to inform you of the proposed settlement (the "Settlement") of the Action. The notice is also intended (1) to describe the Settlement, including how the Settlement Fund is to be allocated and how the Settlement may affect you, and (2) to advise you of your rights and options with respect to the settlement.

Kmart takes no position on how you should respond to this notice, if at all. Your participation in the Settlement will not impact your employment relationship with Kmart in any way whatsoever.

## II. DESCRIPTION OF THE ACTION

The Plaintiff has brought this lawsuit as a class action. In class actions, one or more persons bring claims in a lawsuit on behalf of themselves and others who are purportedly in a similar situation or have similar possible claims against the defendant.

The Plaintiff in this case has made claims on behalf of all current and former non-exempt workers employed in California by Kmart since April 23, 2003 (the "Settlement Class"). This includes anyone who worked at the Kmart during that time and was paid on an hourly basis.

In the lawsuit, the Plaintiff alleges that Kmart committed the following acts in violation of California law: (1) Failure to pay all wages earned, including overtime wages; (2) Failure to allow a 30-minute duty free meal period each work day; (3) Failure to provide 10-minute rest break(s) each work day; (4) Failure to pay all wages to employees upon termination of employment; and (5) Failure to provide proper wage statements.

Kmart and Plaintiff (the "Parties") and their attorneys have investigated the facts and law during the litigation of the Action, including, among other things, information and documents obtained both formally and informally. The attorneys have analyzed the applicable law as it relates to Plaintiff's allegations, the defenses thereto, and the damages claimed by Plaintiff. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual or legal allegations made against Kmart in the Action or even that the Action could or should proceed as a class action.

The Plaintiff and Plaintiff's counsel believe that the claims asserted in the Action have merit. However, Plaintiff's counsel recognizes and acknowledges the expense and delay of continued proceedings necessary to prosecute the Action against Kmart through trial and possible appeals. Plaintiff's counsel has also taken into account the uncertainty of the outcome and the risk of any litigation. Thus, Plaintiff and Plaintiff's counsel engaged in intensive arm's-length negotiations with Kmart and its attorneys, leading to a Stipulation for Class Action Settlement. Plaintiff and Plaintiff's counsel believe that the Stipulation for Class Action Settlement is fair, reasonable, adequate, and in the best interests of the Class Members (defined in Section III, below) and of Plaintiff.

Nothing contained in the Stipulation for Class Action Settlement (a copy of which is on file with the Clerk of the Court), nor the fact of the Settlement itself, shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing of any kind on the part of Kmart with respect to the claims asserted in the Action. Kmart has denied any wrongdoing in this matter and has entered into this Settlement as a compromise to avoid the expense, inconvenience, risk and diversion of management and employee time and attention that will result from further litigation. Kmart's attorneys have also taken into account the uncertainty of the outcome and the

risk of litigation. In light of these realities, Kmart believes that the Settlement is the best way to resolve the Action while minimizing its own further expenditures.

This notice is not an expression of any opinion or ruling by the Court regarding the merits of Plaintiff's claims. Additionally, although the court has granted preliminary approval of the Settlement, it has made no determination concerning whether the Settlement should receive final approval. That decision will be made at or after the Settlement Hearing, described in Section VIII, below.

## III. TERMS OF THE SETTLEMENT

The following is a summary of the terms of the agreement to settle the case. The specific and complete terms of the proposed Settlement are contained in the Stipulation for Class Action Settlement, filed with the court.

**Settlement Fund and Distribution of Settlement Amounts.** The Plaintiff has reached a voluntary settlement with Kmart on behalf of the Settlement Class. Kmart has agreed to pay $8,000,000 to settle the lawsuit (the "Settlement Fund"). Participating Class Members will be paid a share of the Settlement Fund (after deductions for attorneys' fees, costs, enhancements and the costs of administration), based of the number of compensable work weeks that each Participating Class Member worked for Kmart between April 23, 2003 to [insert preliminary approval date] multiplied by a "Weekly Payment Amount." "Participating Class Members" are Settlement Class Members who receive this Notice and properly and timely submit the Settlement Claim Certification Form. The "Weekly Payment Amount" is calculated by dividing the Settlement Fund (less deductions for attorneys' fees, costs, enhancements and the costs of administration) by the total number of compensable work weeks worked by the Settlement Class. Participating Class Members will be issued their settlement checks within forty-five (45) days from the date the Settlement becomes effective.

Kmart will retain any unclaimed amount of the Settlement Fund not distributed to Participating Class Members. However, in no event will Kmart pay Participating Class Members a total amount that is less than half of the Settlement Fund after deductions have been made for attorneys' fees, costs, enhancements and the costs of administration of the Settlement.

If seven percent (7%) or more of the Settlement Class opts-out of the class, then Kmart has the right to void the Settlement.

**Wage Withholdings on Settlement Amounts.** Fifty percent (50%) of the Settlement payment made to you will be considered "wages." Just like your paycheck, this portion is subject to required wage withholdings and deductions (including tax withholdings), so the amount that you receive in your settlement check will be less than your gross share of the Settlement Fund. You will be issued an IRS Form W-2 for that amount. The other fifty percent (50%) of the Settlement payment will not be considered wages. You will be issued an IRS Form 1099 for that amount and you will be responsible for the tax obligations associated with receiving that payment.

**Releases.** Effective upon entry of a Court order granting Final Approval of the proposed Stipulation for Class Action Settlement, Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described in Section VI, below, will be deemed to have waived and released Kmart, its parent, subsidiaries, and affiliated corporations and entities ("Released Parties"), from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, and without regard to the subsequent discovery or existence of different or additional facts, that each Settlement Class Member had, now has, or may hereafter claim to have against the Released Parties arising out of, or reasonably related to, the alleged claims in the Complaint that the Class Members (1) were not permitted to leave stores after clocking out or otherwise were required to work "off the clock" and were therefore not paid all wages and overtime wages earned, (2) were not paid all wages earned at the time of discharge, (3) were not provided with legally compliant meal periods, (4) were not provided with legally compliant rest periods, and (5) did not receive proper itemized wage statements, entitling them to damages, statutory penalties, restitution, penalties, interest, attorneys' fees, costs, injunctive and other equitable relief ("Released Claims").

"Released Claims" include (a) any such claims under California Labor Code Sections 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699, or 2802, the applicable Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, 29 United States Code Section 201 *et seq.*, and all implementing regulations and interpreting guidance; and (b) any other causes of action that are based on or reasonably relate to the purported nonpayment of compensation or overtime compensation for work required to be performed "off the clock," meal or rest period violations, failure to pay all wages due at termination, inaccurate wage statements, or unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Section 17200 et. seq.), including related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy. The release includes claims which Settlement Class Members do not know or suspect to exist in their favor, which, if known by him or her, might have affected their Settlement with and release of the Released Entities or might have affected their decision not to object to the Settlement.

With respect to any and all Released Claims, the Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described in Section VI, shall, by operation of the judgment, waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Upon final Court approval of the Stipulation for Class Action Settlement , the Court shall dismiss with prejudice, and fully and finally settle the Action as to all Settlement Class Members, except

those who properly and timely request exclusion from the Settlement in the manner described in Section VI, below.

## IV.  THE SETTLEMENT CLASS

Solely for purposes of this Settlement, the parties have agreed to the conditional certification of a Settlement Class consisting of all non-exempt, hourly Kmart employees in California from April 23, 2003 and [preliminary approval date].

## V.  CLASS MEMBER WORKWEEKS

You are receiving this notice because you have been identified as a member of the Settlement Class.

Kmart's records demonstrate that you, the named recipient of this notice, worked for Kmart as a non-exempt, hourly employee from _____ to _____.

**According to Kmart's records, you worked __ Compensable Workweeks during that period.**  Your "Compensable Workweeks" were determined by counting all of the days during which you were employed by Kmart as a non-exempt employee during the time period from April 23, 2003 to [insert preliminary approval date] (the "Class Period"), dividing this number by seven (7) and rounding that number to the nearest two decimal points.  Days during which you were on a leave of absence for any reason will not be counted when calculating "Compensable Workweeks."

If you choose to participate in the Settlement as described in Section VII below, you will receive a payment based only on your Compensable Workweeks.

The Compensable Workweeks listed in this Notice are presumed to be correct unless you submit documentation that proves otherwise.  If you dispute your dates of employment as a non-exempt, hourly employee or your Compensable Workweeks and you wish to participate in the Settlement, please include the following information in the Settlement Claim Certification Form, attached to this Notice as Form "A":  the position you held, the store locations where you worked, and the dates that you worked during the Class Period, and all documents that support your claim.

## VI.  RIGHT TO OPT OUT OF THE CLASS SETTLEMENT

You may choose not to participate in the Class Settlement if you comply with the Opt Out procedure stated below.  To opt-out, you must complete the enclosed Request for Exclusion Form (the "Opt-Out Form") and return it to the Settlement Administrator postmarked on or before the Final Date for Submission of the Opt-Out Form.  The Opt-Out Form is attached to this notice as Form "B."

If you choose to opt-out of the Class Settlement: (1) you will not be entitled to receive any monetary relief under the Settlement; and (2) you will not be considered to have released any potential claims against the Released Parties.  If you opt out of the Settlement, you may not

pursue recovery at all under the Settlement. You may, however, pursue other legal remedies apart from this Settlement that may be available to you.

If you submit an Opt-Out Form, you will have no right to challenge the Settlement or participate in the Final Approval Hearing.

**YOU SHOULD NOT OPT OUT IF YOU WISH TO RECEIVE PAYMENT UNDER THE CLASS SETTLEMENT. IF YOU WISH TO CONTACT CLASS COUNSEL WHO REPRESENT PLAINTIFF, YOU MAY DO SO AT THE ADDRESS BELOW:**

Scott B. Cooper, Esq.
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:     (949) 724-9200
Facsimile:     (949) 724-9255

## VII.  RIGHT TO PARTICIPATE IN THE CLASS SETTLEMENT

You may choose whether to receive a portion of the Settlement Fund based on your Compensable Workweeks. To do so, you must fill out and mail the Settlement Claim Certification Form, attached to this Notice as Form "A." **You must mail this Form to the Claims Administrator at the below address on or before [end of Notice Period], 2008.**

[insert claims administrator name and address]

**IF YOU DO NOT SUBMIT A SETTLEMENT CLAIM CERTIFICATION FORM THAT IS BOTH ON-TIME AND PROPERLY FILLED OUT, YOU WILL NOT RECEIVE ANY PAYMENT UNDER THE SETTLEMENT, EVEN IF YOU DO NOT OPT OUT.**

## VIII.  CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, you wish to change the name or address listed on the envelope on which this notice was sent, please contact the Claims Administrator at [800 Number] to provide that information.

## IX.  NOTICE OF HEARING ON FINAL APPROVAL OF SETTLEMENT

You are hereby notified that a Final Approval Hearing will be held on _____, 2008 at _:_ p.m., before Honorable Otis D. Wright II in Courtroom 11 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to determine whether the proposed Stipulation for Class Action Settlement of the Action is fair, reasonable, and adequate, and should be finally approved by the Court. The Court may adjourn the hearing from time to time, without further notification, as the Court may direct. If you were an hourly employee of Kmart during the Class Period, you will be bound by the proposed

Settlement if it is approved, unless you opt-out by making a timely written request for exclusion in the manner described in Section VI, above.

As a Settlement Class Member, you are not required to attend this hearing. However, any Settlement Class Member that has not opted out of the Settlement may file objections to the Settlement and, if so desired, appear in person or through counsel at the hearing on final approval, described above, and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate or why a dismissal with prejudice should or should not be entered. (No attorneys' fees will be paid for such counsel's appearance at the hearing on final approval.) You will not be heard or entitled to object, and no papers or briefs submitted by you will be received or considered by the Court unless, no later than [end of Notice Period], 2008, you file with the Court, at the address indicated above, a written notice of objection, together with copies of all papers and briefs proposed to be submitted to the Court at the hearing, and serve them by mail or other lawful means on the attorneys listed below by said date. You must also file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to these attorneys for the parties, listed below, on or before the Final Date for Submission of Claims.

**Class Counsel:**

Scott B. Cooper, Esq.
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:    (949) 724-9200
Facsimile:    (949) 724-9255

**Defendant's Counsel:**

Lee T. Paterson, Esq.
Jessie A. Kohler, Esq.
Michael S. Brophy, Esq.
Winston & Strawn, LLP
333 South Grand Avenue, 38th Fl
Los Angeles, CA 90071

Any Settlement Class Member who does not make and serve his or her written objections within the time and in the manner provided above will be deemed to have waived such objections and will be foreclosed from making any objections (by appeal or otherwise) to the Stipulation for Class Action Settlement. Any Settlement Class Member who is satisfied with the Stipulation for Class Action Settlement need not appear at the hearing.

## X.  ATTORNEYS' FEES AND COSTS AND PAYMENT TO CLASS REPRESENTATIVES

Plaintiff's counsel, The Cooper Law Firm, P.C., the law firm of Jose Garay, APLC, The Carter Law Firm, and the law firm of Hawkins & Sofonio, will be paid a sum for all past and future fees, costs and expenses in an amount to be determined by the Court. Plaintiff's counsel undertook this litigation on a contingent fee basis and, under the terms of the Stipulation for Class Action Settlement, may seek attorneys' fees in an amount up to $2,000,000, which represents 25% of the Settlement Fund. Likewise, Plaintiff's counsel requests reimbursement of costs of up to $45,000. The Court will determine the actual amount of the attorneys' fees and costs awarded to Plaintiff's counsel.

As compensation for his active participation in the litigation, for the risk he undertook to become the representative plaintiff, and for his assistance to the attorneys for the class, in addition to any amounts received as a Settlement Class Member, the named-Plaintiff will receive a lump sum payment. In return, he will release Kmart from all claims, including claims unrelated to the claims in the Action. This lump sum payment will be $5,000.00, subject to Court approval.

## XI. EXAMINATION OF PAPERS AND INQUIRIES

The information contained in this notice is only a summary of the Action and the Stipulation for Class Action Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the Stipulation for Class Action Settlement, you may refer to the pleadings, the Stipulation for Class Action Settlement, and other papers filed in the Action, which may be inspected at the Office of the Court Clerk, United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, during the Court's normal business hours.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT,
OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT.**

**FORM A**

**FOR**

**NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT**

# SETTLEMENT CLAIM CERTIFICATION FORM

I have read Section VII of the Notice to Class Members, and I understand that I may choose to participate the Class Settlement and receive a payment based on the number of weeks I worked as an exempt employee for Kmart.

By signing this form, I hereby certify that I am eligible to participate in the settlement because I was employed by Kmart in California as a non-exempt, hourly employee at some point between April 23, 2003 and [preliminary approval date].

## I.      Personal Information

Name of Class Member (print):

Address:

Date:

Social Security Number:    _____

For purposes of verification only, I began working at Kmart in:

_____, _____

(Month)                              (Year)

## II.     Your Compensable Weeks Worked

I acknowledge that my recovery will be calculated by the number of Compensable Workweeks I worked.

Your "Compensable Workweeks" were determined by counting all of the days during which you were employed by Kmart as a non-exempt employee during the time period from April 23, 2003 to [insert preliminary approval date] (the "Class Period"), dividing this number by seven (7) and rounding that number to the nearest two decimal points.  Days during which you were on a leave of absence for any reason will not be counted when calculating "Compensable Workweeks." **According to personnel records maintained by Kmart, you worked ☐ Compensable Workweeks.**

These Compensable Workweeks are presumed to be correct unless you submit documentation that proves otherwise.   If you dispute your dates of employment or your Compensable Workweeks, in the space below, provide the position you held, the store locations where you worked, and the dates that you worked during the Class Period.  Please attach all documents that support your claim (such as paystubs, cancelled checks, etc.).

| Position | Location | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## III. Release and Covenant Not to Sue

I understand that by not electing to opt out of the Settlement, I will be subject to the judgment and will be subject to the Release described in both the attached Notice and the Stipulation for Class Action Settlement on file with the Court.

By completing and signing this form I, on behalf of myself and each of my heirs, representatives, successors, assigns, and attorneys, hereby compromise, release, resolve, relinquish, discharge and settle each and Kmart, its parent, subsidiaries, and affiliated corporations and entities ("Released Parties") from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, and without regard to the subsequent discovery or existence of different or additional facts, that each I had, now have, or may hereafter claim to have against the Released Parties arising out of, or reasonably related to, the claims alleged in the lawsuit entitled Mark Ortiz v. Kmart, Case No. SACV06-638 ODW (ANx), including all of the "Released Claims" specified in the attached Notice and the Stipulation for Class Action Settlement on file with the Court.

I further acknowledge that "Released Claims" include (a) any such claims under California Labor Code Sections 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699, or 2802, the applicable Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, 29 United States Code Section 201 *et seq.*, and all implementing regulations and interpreting guidance; and (b) any other causes of action that are based on or reasonably relate to the purported nonpayment of compensation or overtime compensation for work required to be performed "off the clock," meal or rest period violations, failure to pay all wages due at termination, inaccurate wage statements, or unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Section 17200 et. seq.), including related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy. With respect to any and all Released Claims, I agree that I have expressly, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

I further agree that I will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which I may have or claim to have in state or federal court, or with any state, federal or local government agency, except the EEOC, or with any administrative or advisory body arising from or attributable to the Released Claims.

**THEREFORE,** under the penalty of perjury of the laws of California and the United States, I hereby certify that the foregoing is true and correct to the best of my knowledge.

Date:

Signature: _____

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

[insert name and address of claims administrator]

**THIS FORM MUST BE MAILED BY [end of Notice Period], 2008 TO BE VALID**

# FORM B

## FOR

## NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT

# REQUEST FOR EXCLUSION FORM

I have read Section VI of the Notice to Class Members, and I understand that I may choose to "opt out" of the Class Settlement.  By signing this form, I know that I am excluding myself from this action and the associated settlement and judgment.

I understand that if I elect to opt out of the Class Settlement, I *cannot* participate in the settlement and I will *not* receive any payment or any other benefit pursuant to the settlement or judgment in this action.

I understand that by choosing to "opt-out," I will remain free to bring my own otherwise valid claims, if any, against Kmart for any of the claims that I would release by participating in the Class Settlement.  I also understand that if I choose to opt out and bring claims against Kmart on my own and I want to be represented by an attorney, I will have to hire or otherwise retain an attorney on my own.

I hereby elect to opt out of the lawsuit and associated settlement.

**I.**     **Personal Information**

Name of Class Member (print):

Address:

Date:


Signature: _____

For purposes of verification only, I began working at Kmart in:

_____, _____
(Month)                                            (Year)


PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

[insert name and address of claims administrator]

**THIS FORM MUST BE MAILED BY [end of Notice Period], 2008 TO BE VALID**