1   Counsel of Record Listed
2   on Next Page

3

4

5

6

7

8

9       UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA

11          WESTERN DIVISION

12

| | |
|---|---|
| 13  MARK ORTIZ, on behalf of himself | Case No. SACV 06-638 ODW (ANx) |
| 14  and all others similarly situated, | **DECLARATION OF CARYN** |
| 15          Plaintiff, | **DONLY FILED IN SUPPORT OF** |
| 16  vs. | **MOTION FOR FINAL APPROVAL** |
| 17  KMART, form unknown, and | **OF CLASS ACTION** |
| 18  DOES 1 through 100 inclusive, | **SETTLEMENT** |
| 19          Defendant. | Hearing: |
| 20 | Date:       August 18, 2008 |
| 21 | Time:       1:30 p.m. |
| | Courtroom:  11 |

22

23

24

25

26

27

28

DECL. OF CARYN DONLY FILED IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    JOSE GARAY, Bar No. 200494

2    JOSE GARAY, APLC
     2030 Main Street, Suite 1300

3    Irvine, CA 92614

4    Telephone: 949.260.9193
     Facsimile: 949.260.9194

5

6    ROGER CARTER, Bar No. 140196
     THE CARTER LAW FIRM

7    2030 Main Street, Suite 1300

8    Irvine, CA 92614

9    Telephone: 949.260.4737
     Facsimile: 949.260.4754

10

11    SCOTT B. COOPER, Bar No. 174520
     THE COOPER LAW FIRM, P.C.

12    2030 Main Street, Suite 1300

13    Irvine, CA 92614

14    Telephone: 949.724.9200
     Facsimile: 949.724.9255

15

16    JAMES R. HAWKINS, Bar No. 192925
     HAWKINS & SOFONIO

17    7700 Irvine Center Drive, Suite 800

18    Irvine, CA 92618
     Tel: (949) 788-2911

19    Fax: (949) 788-2912

20

21    Attorneys for Plaintiff MARK ORTIZ, on behalf of himself and on behalf of all
     others similarly situated

22

23    WINSTON & STRAWN LLP
     JESSIE A. KOHLER

24    EMILIE WOODHEAD
     333 South Grand Avenue, 38th Floor

25    Los Angeles, CA 90071

26    Telephone: (213) 615-1700
     Facsimile: (213) 615-1750

27

28    Attorneys for Defendant, KMART

DECL. OF CARYN DONLY FILED IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Caryn Donly, declare as follows:

    1.    I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust"). My business address is 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota 55402-2469. My telephone number is 612-359-2811. I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

    2.    Rust has extensive experience in class action matters, having provided services in class action lawsuits affecting millions of Class Members in cases involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. We have provided notification and/or claims administration services in more than 1,200 cases. Of these, more than 450 were Labor & Employment cases.

    3.    Rust was engaged by Counsel to provide notification services in the settlement of the *Mark Ortiz v. Kmart* case ("Settlement"). Duties included: a) preparing, printing and mailing of the *Notice to Class Members of Pendency of Class Action Settlement* ("Class Notice"), *Settlement Claim Certification Form* ("Claim Form"), and *Request for Exclusion Form* ("Exclusion Form"); b) receiving and reviewing the Claim Forms submitted by Class Members; c) tracking of requests for exclusion; d) drafting and mailing Settlement Award checks to Settlement Class Members; and for such other tasks as the Parties mutually agree or the Court orders to perform.

    4.    Rust obtained a mailing address of Ortiz v Kmart Claims Administrator, c/o Rust Consulting, Inc. P.O. Box 188, Minneapolis, Minnesota 55440-0188 to receive Claim Forms, requests for exclusion, and undeliverable Class Notices.

    5.    Rust obtained a toll free number of (877) 465-4879 for Class Members to call with questions regarding the Settlement.

    6.    Rust received text for the Class Notice, Claim Form and Exclusion Form from Counsel for Mark Ortiz v Kmart. A draft of the Class Notice and Claim

DECL. OF CARYN DONLY FILED IN SUPPORT OF MOTION<br>FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  Form was prepared by Rust and approved by the parties.  Attached as Exhibit A are
2  copies of the above approved materials for mailing.

3        7.    On or about March 24, 2008, Counsel for Defense provided Rust with a
4  mailing list (the "Class List") containing the Class Members names, last known
5  addresses, Employee ID, Social Security Numbers and the number of compensable
6  weeks worked during the Class Period.  The Class List contained data for 72,540
7  potential Class Members.

8        8.    The mailing addresses contained in the Class List were processed and
9  updated utilizing the National Change of Address Database ("NCOA") maintained
10  by the U.S. Postal Service.  The NCOA contains requested changes of address filed
11  with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal
12  Service change of address request, the address listed with the NCOA would be
13  utilized in connection with the mailing of the Class Notice

14        9.    On April 7, 2008, Class Notices in both English and Spanish were
15  mailed to 72,540 Class Members contained in the Class List via First Class mail.
16  The Notice advised Class Members that they could submit a Claim Form or
17  Exclusion Form post-marked by May 22, 2008.  Traced re-mails and Forwards were
18  given a post-mark deadline of June 16, 2008 to submit a Claim Form or Exclusion
19  Form.

20        10.    As of this date, Rust has received 11,415 undeliverable Class Notices.
21  Of the 11,415 undeliverable Class Notices, 207 were returned after the Claim Form
22  deadline and were not traced.  Of the 11,415 undeliverable Class Notices, Rust
23  performed address traces on 11,415 undeliverable Class Notices.  The address trace
24  utilizes the Class Member's name, previous address and Social Security number for
25  locating a current address.  Of the 11,415 traces performed, 8,761 updated addresses
26  were obtained and Class Notices were promptly re-mailed to those Class Members
27  via First Class mail.  Of the 8,761 updated addresses mailed to from trace, 2,089
28  were returned as undeliverable.

DECL. OF CARYN DONLY FILED IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

11.     As of this date, 287 Class Notices were returned by the post office with forwarding addresses attached.  Of the 287 Class Notices with forwarding addresses, five (5) were returned after the Claim Form deadline and were not mailed.  Class Notices were promptly re-mailed to the remaining 282 Class Members via First Class mail.

12.     Rust is responsible for receipt of all Claim Forms for the Settlement. As of this date, Rust has received 10,994 Claim Forms.  Of the 10,994 Claim Forms received, 336 were postmarked after the deadline on the Claim Form.  Of the 10,994 Claim Forms received, five (5) Class Members are deceased and have been sent a Beneficiary Declaration Form.  Of the five (5) deceased Class Members, four (4) have returned the completed Beneficiary Declaration Form.  Of the 10,994 Claim Forms received, 280 Class Members submitted both a Claim Form and Exclusion Form.  All 280 were sent letters to confirm the form they intended to submit.  Of the 280 who were sent letters, 135 confirmed they intended to submit a Claim Form, two (2) confirmed they intended to submit an Exclusion Form and 143 did not respond.  Of the 10,994 Claim Forms received, 346 Class Members submitted Claim Forms with incomplete information. All 346 were sent a letter and asked to supply the missing information.  Of the 346 who were sent letters, 286 resolved the deficiencies and 60 remain deficient.  Defendant has agreed to accept 329 untimely Claim Forms as of the date of this declaration.   Therefore, of the 10,994 Claim Forms received, 10,927 are considered valid and timely and 67 are considered invalid and untimely.  The number of valid and timely postmarked Claim Forms represents approximately 15.06% of the Class Members.  Based on Defendant's records and the agreed-upon methods for calculating the Settlement Payments, the valid Claim Forms represent approximately $1,689,319.15 in payouts.  Per the Settlement Agreement Section 4.7 part B, the total amount of Settlement Payments shall be adjusted to equal 50% of the Net Settlement Consideration.  The Net Settlement Consideration (the $8,000,000 gross settlement fund minus attorneys'

DECL. OF CARYN DONLY FILED IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

fees, litigation costs, administration costs, and class representative enhancement) is $5,690,448.69. Thus, the fifty-percent guaranteed payout to the class is equal to $2,845,224.35. The average payment per claimant based on this amount is $260.38. The valid Claim Forms also represent 862,037.48 workweeks claimed out of a total of 2,900,159 workweeks for the Class, which is approximately 29.7%.

13. Rust is also responsible for receipt of all Exclusion Forms for the Settlement. As of this date, Rust has received 278 Exclusion Forms. Of the 278 Exclusion Forms received, ten (10) Class Members submitted Exclusion Forms with incomplete information. Ten (10) were sent a letter and asked to supply the missing information. Of the ten (10) who were sent letters, five (5) resolved the deficiencies, one (1) cure is undeliverable and four (4) remain deficient. Of the Exclusion Forms received, 265 were considered valid and timely, eight (8) were untimely and five (5) were missing required information and are deficient. The 265 valid and timely Exclusion Forms represent approximately 0.37% of Class Members.

14. As of this date, zero (0) objections were received by Rust.

15. Attached as Exhibit B are the most current statistics for the Settlement.

16. The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration, is $268,984.90. Attached as Exhibit C is a break-down of the cost and fees to administer the Settlement.

17. I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct to the best of my knowledge and that this Declaration was executed this 4th day of August 2008, at Minneapolis, MN.

_Caryn Donly_
_____
Caryn Donly

DECL. OF CARYN DONLY FILED IN SUPPORT OF MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT A

ORTIZ V. KMART CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
PO BOX 188
MINNEAPOLIS, MN 55440-0188

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE

PAID

Rust Consulting, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ORTIZ on behalf of himself and all others similarly situated, | CLASS ACTION CASE NO. SACV06-638 ODW (ANx) |
| Plaintiff, | |
| vs. | NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT |
| KMART, form unknown, and DOES 1 through 500, inclusive, | |
| Defendants. | |

**TO: ANY AND ALL PERSONS WHO WERE EMPLOYED AT KMART CORPORATION AT ANY TIME FROM APRIL 23, 2003 THROUGH MARCH 3, 2008 AS A NON-EXEMPT, HOURLY EMPLOYEE IN CALIFORNIA.**

**THIS NOTICE REQUIRES THAT YOU EITHER: (1) SUBMIT A SETTLEMENT CLAIM CERTIFICATION FORM ON OR BEFORE MAY 22, 2008 IN ORDER TO RECEIVE PAYMENT UNDER THE TERMS OF THE SETTLEMENT; OR (2) SUBMIT A WRITTEN REQUEST FOR EXCLUSION VIA U.S. MAIL POSTMARKED ON OR BEFORE MAY 22, 2008 IN ORDER TO BE EXCLUDED FROM THE SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION. THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS.**

## I. NOTICE

This is to notify you of a claim that was filed on April 21, 2006, against Kmart Corporation ("Kmart"). The lawsuit is entitled Mark Ortiz v. Kmart, Case No. SACV06-638 ODW (ANx) (the "Action"), and is pending before the United States District Court for the Central District of California.

Please understand that this is not a notice of a lawsuit against you. You are not being sued.

This purpose of this Notice is to inform you of the proposed settlement (the "Settlement") of the Action. The Notice is also intended (1) to describe the Settlement, including how the Settlement Fund is to be allocated and how the Settlement may affect you; and (2) to advise you of your rights and options with respect to the Settlement.

Kmart takes no position on how you should respond to this Notice, if at all. Your participation in the Settlement will not impact your employment relationship with Kmart in any way whatsoever.

## II. DESCRIPTION OF THE ACTION

The Plaintiff has brought this lawsuit as a class action. In class actions, one or more persons bring claims in a lawsuit on behalf of themselves and others who are purportedly in a similar situation or have similar possible claims against the defendant.

The Plaintiff in this case has made claims on behalf of all current and former non-exempt workers employed in California by Kmart since April 23, 2003 (the "Settlement Class"). This includes anyone who worked at Kmart during that time and was paid on an hourly basis.

In the lawsuit, the Plaintiff alleges that Kmart committed the following acts in violation of California law: (1) failure to pay all wages earned, including overtime wages; (2) failure to allow a 30-minute duty-free meal period

- 1 -

each work day; (3) failure to provide 10-minute rest break(s) each work day; (4) failure to pay all wages to employees upon termination of employment; and (5) failure to provide proper wage statements.

Kmart and Plaintiff (the "Parties") and their attorneys have investigated the facts and law during the litigation of the Action, including, among other things, information and documents obtained both formally and informally. The attorneys have analyzed the applicable law as it relates to Plaintiff's allegations, the defenses thereto, and the damages claimed by Plaintiff. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual or legal allegations made against Kmart in the Action or even that the Action could or should proceed as a class action.

The Plaintiff and Plaintiff's counsel believe that the claims asserted in the Action have merit. However, Plaintiff's counsel recognizes and acknowledges the expense and delay of continued proceedings necessary to prosecute the Action against Kmart through trial and possible appeals. Plaintiff's counsel has also taken into account the uncertainty of the outcome and the risk of any litigation. Thus, Plaintiff and Plaintiff's counsel engaged in intensive arm's-length negotiations with Kmart and its attorneys, leading to a Stipulation for Class Action Settlement. Plaintiff and Plaintiff's counsel believe that the Stipulation for Class Action Settlement is fair, reasonable, adequate, and in the best interests of the Class Members (defined in Section IV, below) and of Plaintiff.

Nothing contained in the Stipulation for Class Action Settlement (a copy of which is on file with the Clerk of the Court), nor the fact of the Settlement itself, shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing of any kind on the part of Kmart with respect to the claims asserted in the Action. Kmart has denied any wrongdoing in this matter and has entered into this Settlement as a compromise to avoid the expense, inconvenience, risk and diversion of management and employee time and attention that will result from further litigation. Kmart's attorneys have also taken into account the uncertainty of the outcome and the risk of litigation. In light of these realities, Kmart believes that the Settlement is the best way to resolve the Action while minimizing its own further expenditures.

This Notice is not an expression of any opinion or ruling by the Court regarding the merits of Plaintiff's claims. Additionally, although the Court has granted preliminary approval of the Settlement, it has made no determination concerning whether the Settlement should receive final approval. That decision will be made at or after the Settlement Hearing, described in Section IX, below.

## III. TERMS OF THE SETTLEMENT

The following is a summary of the terms of the agreement to settle the case. The specific and complete terms of the proposed Settlement are contained in the Stipulation for Class Action Settlement, filed with the Court.

**Settlement Fund and Distribution of Settlement Amounts.** The Plaintiff has reached a voluntary settlement with Kmart on behalf of the Settlement Class. Kmart has agreed to pay $8,000,000 to settle the lawsuit (the "Settlement Fund"). Participating Class Members will be paid a share of the Settlement Fund (after deductions for attorneys' fees, costs, enhancements and the costs of administration), based on the number of Compensable Workweeks that each Participating Class Member worked for Kmart between April 23, 2003 and March 3, 2008, multiplied by a "Weekly Payment Amount." "Participating Class Members" are Settlement Class Members who receive this Notice and properly and timely submit the Settlement Claim Certification Form. The "Weekly Payment Amount" is calculated by dividing the Settlement Fund (less deductions for attorneys' fees, costs, enhancements and the costs of administration) by the total number of Compensable Workweeks worked by the Settlement Class. Participating Class Members will be issued their settlement checks within forty-five (45) days from the date the Settlement becomes effective.

Kmart will retain any unclaimed amount of the Settlement Fund not distributed to Participating Class Members. However, in no event will Kmart pay Participating Class Members a total amount that is less than half of the Settlement Fund after deductions have been made for attorneys' fees, costs, enhancements and the costs of administration of the Settlement.

If seven percent (7%) or more of the Settlement Class opt out of the Class, then Kmart has the right to void the Settlement.

**Wage Withholdings on Settlement Amounts.** Fifty percent (50%) of the Settlement payment made to you will be considered "wages." Just like your paycheck, this portion is subject to required wage withholdings and deductions (including tax withholdings), so the amount that you receive in your settlement check will be less than

your gross share of the Settlement Fund. You will be issued an IRS Form W-2 for that amount. The other fifty percent (50%) of the Settlement payment will not be considered wages. You will be issued an IRS Form 1099 for that amount and you will be responsible for the tax obligations associated with receiving that payment.

**Releases.** Effective upon entry of a Court order granting Final Approval of the proposed Stipulation for Class Action Settlement, Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described in Section VI, below, will be deemed to have waived and released Kmart, its parent, subsidiaries, and affiliated corporations and entities ("Released Parties"), from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, and without regard to the subsequent discovery or existence of different or additional facts, that each Settlement Class Member had, now has, or may hereafter claim to have against the Released Parties arising out of, or reasonably related to, the alleged claims in the Complaint that the Class Members (1) were not permitted to leave stores after clocking out or otherwise were required to work "off the clock" and were therefore not paid all wages and overtime wages earned; (2) were not paid all wages earned at the time of discharge; (3) were not provided with legally compliant meal periods; (4) were not provided with legally compliant rest periods; and (5) did not receive proper itemized wage statements, entitling them to damages, statutory penalties, restitution, penalties, interest, attorneys' fees, costs, injunctive and other equitable relief ("Released Claims").

"Released Claims" include (a) any such claims under California Labor Code Sections 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699, or 2802, the applicable Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, 29 United States Code Section 201 *et seq.*, and all implementing regulations and interpreting guidance; and (b) any other causes of action that are based on or reasonably relate to the purported nonpayment of compensation or overtime compensation for work required to be performed "off the clock," meal or rest period violations, failure to pay all wages due at termination, inaccurate wage statements, or unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Section 17200 *et seq.*), including related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy. The release includes claims which Settlement Class Members do not know or suspect to exist in their favor, which, if known by him or her, might have affected their Settlement with and release of the Released Entities or might have affected their decision not to object to the Settlement.

With respect to any and all Released Claims, the Settlement Class Members who have not properly and timely requested exclusion from the Settlement in the manner described in Section VI, shall, by operation of the judgment, waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Upon final Court approval of the Stipulation for Class Action Settlement, the Court shall dismiss with prejudice, and fully and finally settle the Action as to all Settlement Class Members, except those who properly and timely request exclusion from the Settlement in the manner described in Section VI, below.

## IV. THE SETTLEMENT CLASS

Solely for purposes of this Settlement, the Parties have agreed to the conditional certification of a Settlement Class consisting of all non-exempt, hourly Kmart employees in California from April 23, 2003 to March 3, 2008.

## V. CLASS MEMBER WORKWEEKS

You are receiving this Notice because you have been identified as a member of the Settlement Class.

**According to Kmart's records, you worked <<MERGE FIELD>> Compensable Workweeks during the time period from April 23, 2003 to March 3, 2008 (the "Class Period").** Your "Compensable Workweeks" were determined by counting all of the days during which you were employed by Kmart as a non-exempt, hourly employee during the Class Period, dividing this number by seven (7) and rounding that number to the nearest two decimal points. Days during which you were on a leave of absence for any reason will not be counted when calculating Compensable Workweeks.

- 3 -

If you choose to participate in the Settlement as described in Section VII below, you will receive a payment based only on your Compensable Workweeks.

The Compensable Workweeks listed in this Notice are presumed to be correct unless you submit documentation that proves otherwise. If you dispute your Compensable Workweeks and you wish to participate in the Settlement, please include the following information in the Settlement Claim Certification Form, attached to this Notice as Form "A": the position you held, the store locations where you worked, and the dates that you worked during the Class Period, and all documents that support your claim.

## VI. RIGHT TO OPT OUT OF THE CLASS SETTLEMENT

You may choose not to participate in the Class Settlement if you comply with the opt-out procedure stated below. To opt out, you must complete the enclosed Request for Exclusion Form (the "Opt-Out Form") and return it to the Claims Administrator postmarked on or before the Final Date for Submission of the Opt-Out Form. The Opt-Out Form is attached to this Notice as Form "B."

If you choose to opt out of the Class Settlement: (1) you will not be entitled to receive any monetary relief under the Settlement; and (2) you will not be considered to have released any potential claims against the Released Parties. If you opt out of the Settlement, you may not pursue recovery at all under the Settlement. You may, however, pursue other legal remedies apart from this Settlement that may be available to you.

If you submit an Opt-Out Form, you will have no right to challenge the Settlement or participate in the Final Approval Hearing.

YOU SHOULD NOT OPT OUT IF YOU WISH TO RECEIVE PAYMENT UNDER THE CLASS SETTLEMENT. IF YOU WISH TO CONTACT CLASS COUNSEL WHO REPRESENT PLAINTIFF, YOU MAY DO SO AT THE ADDRESS BELOW:

Scott B. Cooper, Esq.
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 724-9200
Facsimile: (949) 724-9255

## VII. RIGHT TO PARTICIPATE IN THE CLASS SETTLEMENT

You may choose whether to receive a portion of the Settlement Fund based on your Compensable Workweeks. To do so, you must fill out and mail the Settlement Claim Certification Form, attached to this Notice as Form "A." **You must mail this Form to the Claims Administrator at the below address on or before May 22, 2008.**

Ortiz v Kmart Claims Administrator
c/o Rust Consulting, Inc.
PO Box 188
Minneapolis, MN 55440-0188

IF YOU DO NOT SUBMIT A SETTLEMENT CLAIM CERTIFICATION FORM THAT IS BOTH ON TIME AND PROPERLY FILLED OUT, YOU WILL NOT RECEIVE ANY PAYMENT UNDER THE SETTLEMENT, EVEN IF YOU DO NOT OPT OUT.

## VIII. CORRECTIONS TO NAME OR ADDRESS

If, for any future reference or mailings, you wish to change the name or address listed on the envelope on which this Notice was sent, please contact the Claims Administrator at 877-465-4879 to provide that information.

## IX. NOTICE OF HEARING ON FINAL APPROVAL OF SETTLEMENT

You are hereby notified that a Final Approval Hearing will be held on July 14, 2008, at 1:30 p.m., before the Honorable Otis D. Wright II in Courtroom 11 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to determine whether the proposed Stipulation for Class Action Settlement of the Action is fair, reasonable, and adequate, and should be finally approved by the Court. The Court may adjourn the hearing from time to time, without further notification, as the Court may

direct. If you were a non-exempt, hourly employee of Kmart during the Class Period, you will be bound by the proposed Settlement if it is approved, unless you opt out by making a timely written request for exclusion in the manner described in Section VI, above.

As a Settlement Class Member, you are not required to attend this hearing. However, any Settlement Class Member that has not opted out of the Settlement may file written objections to the Settlement and, if so desired, appear in person or through counsel at the hearing on final approval, described above, and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate or why a dismissal with prejudice should or should not be entered. (No attorneys' fees will be paid for such counsel's appearance at the hearing on final approval.) You will not be heard or entitled to object, and no papers or briefs submitted by you will be received or considered by the Court unless, no later than May 22, 2008, you file with the Court, at the address indicated above, a written notice of objection, together with copies of all papers and briefs proposed to be submitted to the Court at the hearing, and serve them by mail or other lawful means on the attorneys listed below by said date. You must also file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to these attorneys for the Parties, listed below, on or before the Final Date for Submission of Claims.

| Class Counsel: | Defendant's Counsel: |
|---|---|
| Scott B. Cooper, Esq. | Lee T. Paterson, Esq. |
| The Cooper Law Firm, P.C. | Jessie A. Kohler, Esq. |
| 2030 Main Street, Suite 1300 | Michael S. Brophy, Esq. |
| Irvine, CA 92614 | Winston & Strawn, LLP |
| Telephone:  (949) 724-9200 | 333 South Grand Avenue, 38th Floor |
| Facsimile:   (949) 724-9255 | Los Angeles, CA 90071 |

Any Settlement Class Member who does not make and serve his or her written objections within the time and in the manner provided above will be deemed to have waived such objections and will be foreclosed from making any objections (by appeal or otherwise) to the Stipulation for Class Action Settlement. Any Settlement Class Member who is satisfied with the Stipulation for Class Action Settlement need not appear at the hearing.

## X. ATTORNEYS' FEES AND COSTS AND PAYMENT TO CLASS REPRESENTATIVES

Plaintiff's counsel, The Cooper Law Firm, P.C., the law firm of Jose Garay, APLC, The Carter Law Firm, and the law firm of Hawkins & Sofonio, will be paid a sum for all past and future fees, costs and expenses in an amount to be determined by the Court. Plaintiff's counsel undertook this litigation on a contingent fee basis and, under the terms of the Stipulation for Class Action Settlement, may seek attorneys' fees in an amount up to $2,000,000, which represents 25% of the Settlement Fund. Likewise, Plaintiff's counsel requests reimbursement of costs of up to $45,000. The Court will determine the actual amount of the attorneys' fees and costs awarded to Plaintiff's counsel.

As compensation for his active participation in the litigation, for the risk he undertook to become the representative plaintiff, and for his assistance to the attorneys for the class, in addition to any amounts received as a Settlement Class Member, the named Plaintiff will receive a lump sum payment. In return, he will release Kmart from all claims, including claims unrelated to the claims in the Action. This lump sum payment will be $5,000, subject to Court approval.

## XI. EXAMINATION OF PAPERS AND INQUIRIES

The information contained in this Notice is only a summary of the Action and the Stipulation for Class Action Settlement and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Action and the Stipulation for Class Action Settlement, you may refer to the pleadings, the Stipulation for Class Action Settlement, and other papers filed in the Action, which may be inspected at the Office of the Court Clerk, United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, during the Court's normal business hours.

### PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**DISTRITO CENTRAL DE CALIFORNIA**

| | |
|---|---|
| MARK ORTIZ a nombre de sí mismo y de todas las demás personas en una situación similar,<br><br>Demandante,<br><br>vs.<br><br>KMART, formulario desconocido y DOES 1 al 500, inclusive,<br><br>Demandados. | NO. DE CASO DE LA DEMANDA COLECTIVA: SACV06-638 ODW (ANx)<br><br><br>AVISO A LOS DEMANDANTES COLECTIVOS PENDIENTES DE RESOLUCIÓN DE LA DEMANDA COLECTIVA |

**PARA: CUALQUIERA Y TODAS LAS PERSONAS QUE FUERON EMPLEADAS EN KMART CORPORATION EN CUALQUIER MOMENTO A PARTIR DEL 23 DE ABRIL DE 2003 HASTA EL 3 DE MARZO DE 2008 COMO EMPLEADOS POR HORAS NO EXENTOS EN CALIFORNIA.**

**ESTE AVISO REQUIERE QUE USTED: (1) PRESENTE UN FORMULARIO DE CERTIFICACIÓN DE RECLAMO DE LIQUIDACIÓN EN O ANTES DEL 22 DE MAYO DE 2008 PARA RECIBIR EL PAGO BAJO LOS TÉRMINOS DE LA LIQUIDACIÓN; O (2) PRESENTE UNA SOLICITUD DE EXCLUSIÓN POR ESCRITO MEDIANTE CORREO CONVENCIONAL DE ESTADOS UNIDOS FRANQUEADO EN O ANTES DEL 22 DE MAYO DE 2008, PARA PODER SER EXCLUIDO DE LA LIQUIDACIÓN.**

**POR FAVOR LEA ESTE AVISO CUIDADOSAMENTE. ESTE AVISO ESTÁ RELACIONADO CON UNA LIQUIDACIÓN PROPUESTA DE LITIGIO DE DEMANDA COLECTIVA. ESTE AVISO CONTIENE INFORMACIÓN IMPORTANTE EN CUANTO A SUS DERECHOS.**

## I. AVISO

Este documento es para notificarle sobre un reclamo que se presentó el 21 de abril de 2006, en contra de Kmart Corporation ("Kmart"). El juicio legal está titulado <u>Mark Ortiz v. Kmart</u>, Caso No. SACV06-638 ODW (ANx) (la "Acción") y está pendiente ante el Tribunal de Distrito de los Estados Unidos para el Distrito Central de California.

Le pedimos que comprenda que éste no es un aviso de un juicio legal en su contra. Usted no está siendo demandado.

El propósito de este Aviso es informarle sobre la liquidación propuesta (la "Liquidación") de la Acción. El Aviso también busca (1) describir la Liquidación, incluyendo la forma en la que el Fondo de Liquidación se va a asignar y la forma en la cual la Liquidación puede afectarlo; e (2) informarle sus derechos y opciones con respecto a la Liquidación.

Kmart no toma ninguna postura sobre la forma en que usted debe responder a este Aviso, en lo absoluto. Su participación en la Liquidación no tendrá impacto sobre su relación de empleo con Kmart de ninguna forma.

## II. DESCRIPCIÓN DE LA ACCIÓN

El Demandante ha entablado este juicio legal como una demanda colectiva. En las demandas colectivas, una o más personas entablan reclamos en un juicio legal a nombre de ellas mismas y otras personas que supuestamente se encuentran en una situación similar o que tienen posibles reclamos similares en contra del demandado.

En este caso, el Demandante ha presentado reclamos a nombre de todos los trabajadores no exentos actuales y anteriores en California por Kmart desde el 23 de abril de 2003 (la "Liquidación Colectiva"). Esto incluye a cualquier persona que trabajó en Kmart durante ese momento y le pagaron por horas.

En el juicio legal, el Demandado asevera que Kmart cometió los siguientes actos en violación de las leyes de California: (1) no pagar todos los salarios ganados, incluyendo los salarios de tiempo extra; (2) no permitir un periodo de alimentos de 30 minutos exento de impuestos cada día laboral; (3) no proveer periodo(s) de descanso de 10 minutos cada día laboral; (4) no pagar todos los salarios a los empleados al terminar el empleo; y (5) no proveer informes de salario adecuados.

- 1 -

Kmart y el Demandante (las "Partes") y sus abogados han investigado los hechos y las leyes durante el litigio de la Acción, incluyendo, entre otras cosas, información y documentos obtenidos tanto formal como informalmente. Los abogados han analizado la ley en vigor en relación con las aseveraciones del Demandante, las defensas a éstas y los daños reclamados por el Demandante. No ha habido determinación por ningún tribunal, agencia administrativa o por ningún tribunal en cuanto a la veracidad o validez de las acusaciones reales o legales hechas en contra de Kmart en la Acción ni si dicha Acción puede o debe proceder como demanda colectiva.

El Demandante y el abogado del Demandante creen que todos los reclamos afirmados en la Acción tienen mérito. Sin embargo, el abogado del Demandante reconoce y confirma el gasto y el retraso de los procedimientos continuos necesarios para procesar la Acción en contra de Kmart mediante un juicio y apelaciones posibles. El abogado del Demandante también ha tomado en consideración la incertidumbre del resultado y el riesgo de cualquier litigio. De este modo, el Demandante y el abogado del Demandante se han comprometido en negociaciones distantes con Kmart y sus abogados, llevando a una Estipulación para la Liquidación de la Demanda Colectiva. El Demandante y el abogado del Demandante creen que la Estipulación para la Liquidación de la Demanda Colectiva es justa, razonable, adecuada y en el mejor interés de los Demandantes Colectivos (definidos en la Sección IV a continuación) y del Demandante.

Nada contenido en la Estipulación para la Liquidación de la Demanda Colectiva (una copia de la cual se encuentra en los archivos del Oficial del Tribunal), ni el hecho de la Liquidación en sí misma, deberá interpretarse ni considerarse como confesión de responsabilidad, culpabilidad, negligencia o perjuicio de ningún tipo por parte de Kmart con respecto a los reclamos aseverados en la Acción. Kmart ha negado cualquier perjuicio en este asunto y ha ingresado a esta Liquidación como compromiso para evitar el gasto, la inconveniencia y la desviación de la administración, el tiempo de los empleados y la atención que resulte del litigio consiguiente. Los abogados de Kmart también han tomado en consideración la incertidumbre del resultado y el riesgo de cualquier litigio. A raíz de estas realidades, Kmart cree que la Liquidación es la mejor forma de resolver la Acción minimizando sus propios gastos consiguientes.

Este Aviso no es una expresión de ninguna opinión o fallo del Tribunal en cuanto a los méritos de los reclamos del Demandante. Además, a pesar de que el Tribunal haya otorgado su aprobación preliminar de la Liquidación, no ha hecho determinación alguna sobre si la Liquidación debe recibir la aprobación final. Esa decisión se tomará en o después de la Audiencia de Liquidación, descrita en la Sección IX a continuación.

### III. TÉRMINOS DE LA LIQUIDACIÓN

Lo siguiente es un resumen de los términos del acuerdo para resolver el caso. Los términos específicos y completos de la Liquidación propuesta se encuentran en la Estipulación para la Liquidación de la Demanda Colectiva, presentada ante el Tribunal.

**El Fondo de Liquidación y la distribución de las cantidades de liquidación** El Demandante ha llegado a una liquidación voluntaria con Kmart a nombre de la Acción. Kmart ha acordado pagar $8,000,000 para resolver el juicio legal (el "Fondo de Liquidación"). A los Demandantes Colectivos participantes se les pagará una parte del Fondo de Liquidación (después de deducir los honorarios de los abogados, los costos, los incrementos y los costos de la administración), en base al número de Semanas Laborales Compensables que cada Demandante Colectivo Participante trabajó para Kmart entre el 23 de abril de 2003 y el 3 de marzo de 2008, multiplicado por una "Cantidad de Pago Semanal". Los "Demandantes Colectivos Participantes" son los Demandantes Colectivos de Liquidación" que reciben este Aviso y presentan adecuada y oportunamente el Formulario de Certificación de Reclamo de Liquidación. La "Cantidad de Pago Semanal" se calcula dividiendo el Fondo de Liquidación (menos los honorarios de los abogados, los costos, los incrementos y los costos de la administración) entre el número total de Semanas Laborales Compensables trabajadas por la Liquidación Colectiva. A los Demandantes Colectivos Participantes se les emitirán sus cheques de liquidación en cuarenta y cinco (45) días a partir de la fecha en la que la Liquidación entre en vigor.

Kmart retendrá cualquier cantidad no reclamada del Fondo de Liquidación no distribuido a los Demandantes Colectivos Participantes. Sin embargo, en ningún caso Kmart pagará a los Demandantes Colectivos Participantes una cantidad total que sea menos de la mitad del Fondo de Liquidación después de que se hayan hecho las deducciones por los honorarios de los abogados, los costos, los incrementos y los costos de la administración de la Liquidación.

Si siete por ciento (7%) o más de la Liquidación Colectiva se excluyen del Colectivo, entonces Kmart tiene el derecho de anular la Liquidación.

**Retenciones de salarios sobre las cantidades de liquidación.** El cincuenta por ciento (50%) del pago de Liquidación hecho a usted será considerado como "salarios". Así como su pago de nómina, esta parte está sujeta a las retenciones y deducciones de salario requeridas (incluyendo retenciones de impuestos), entonces la cantidad que usted reciba en su cheque de liquidación será menor que su porción bruta del Fondo de Liquidación. Se le

- 2 -

proporcionará un Formulario W-2 del IRS por esa cantidad. El otro cincuenta por ciento (50%) del pago de Liquidación no se considerará como salarios. Se le proporcionará un Formulario 1099 del IRS por esa cantidad y usted será responsable por las obligaciones tributarias relacionadas con el recibir dicho pago.

**Liberaciones.** En vigor a partir del momento de dictarse la orden del Tribunal otorgando la Aprobación Final de la Estipulación para la Liquidación de la Demanda Colectiva propuesta, los Demandantes Colectivos de la Liquidación que no hayan solicitado adecuada y oportunamente la exclusión solicitada de la Liquidación en la forma descrita en la Sección IV, a continuación, serán considerados como si hubieran renunciado y liberado a Kmart, a sus corporativos y entidades sede, subsidiarias y afiliadas ("Partes Liberadas") de cualquier y todo reclamo, cargo, reclamación, gravamen, demanda, motivo de demanda, obligación, daño y responsabilidad, conocidos o desconocidos, sospechados o insospechados, y sin considerar el descubrimiento o existencia subsiguiente de hechos diferentes o adicionales, que cada Demandante Colectivo de la Liquidación tuvo, ahora tiene o pueda afirmar tener de aquí en adelante en contra de las Partes Liberadas que surjan de, o se relacionen razonablemente con, las presuntas reclamaciones en el Reclamo que a los Demandantes Colectivos (1) no se les permitió salir de la tienda después de marcar la hora de salida o que tuvieron que trabajar "fuera de las horas de trabajo" y por lo tanto no se les pagaron todos sus salarios y tiempo extra ganado; (2) no se les pagaron todos los salarios ganados en el momento del despido; (3) no se les proveyó con periodos de alimentos conforme a la ley; (4) no se les proveyó con periodos de descanso conforme a la ley; (5) no recibieron informes de salarios desglosados adecuadamente, confiriéndoles derecho a daños, penalizaciones estatutarias, restitución, penalizaciones, interés, honorarios de los abogados, costos, desagravio y otra reparación equiparable ("Reclamos Liberados").

Los "Reclamos Liberados" incluyen (a) cualquier dicho reclamo bajo las Secciones 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699 o 2802 del Código Laboral de California, las Órdenes Salariales de la Comisión de Bienestar Industrial, la Ley de Estándares Justos para el Trabajo, el título 29 del Código de los Estados Unidos Sección 201 *et seq.*, y todas las normas implementadas y orientación interpretada; y (b) cualquier otro motivo de acción que se base en o se relacione razonablemente con la presunta falta de pago de la compensación o compensación por tiempo extra por el trabajo requerido a realizarse "fuera de las horas de trabajo", violaciones al periodo de alimentos y descanso, no pagar todos los salarios debidos en el despido, informes de salario inexactos, o prácticas laborales injustas o ilegales en base a estas presuntas violaciones (inclusive bajo la Sección 17200 *et seq* del Código de Profesiones y Negocios), incluyendo las primas, las penalizaciones, el interés, los daños punitivos, los costos, los honorarios de los abogados, los desagravios judiciales, las reparaciones declarativas o la contabilidad relacionada ya sea que dichas causas de acción sean extracontractuales, bajo contrato o conforme a un recurso estatutario. La liberación incluye reclamos que los Demandantes Colectivos de la Liquidación no conocen ni sospechan que existen a su favor, los cuales, si él o ella los hubieran conocido, hubieran podido afectar su Liquidación y exoneración de las Entidades Liberadas o quizá hubieran afectado su decisión de no objetar a la Liquidación.

Con respecto a cualquiera y todos los Reclamos Liberados, los Demandantes Colectivos de la Liquidación que no han solicitado la exclusión adecuada y oportuna de la Liquidación en la forma descrita en la Sección VI, deberán, conforme a la sentencia, renunciar y ceder, al máximo grado permitido por la ley, a las provisiones, derechos y beneficios de la §1542 del Código Civil de California, que establece:

**Una liberación general no se extiende a los reclamos que el acreedor no sabe o sospecha que existen a su favor al momento de ejecutar la liberación, que si los hubiera conocido hubieran afectado materialmente su liquidación con el deudor.**

Al recibir la aprobación final del Tribunal de la Estipulación para la Liquidación de la Demanda Colectiva, el Tribunal deberá descartar con perjuicio y liquidar completa y finalmente la Acción conforme a los Demandantes Colectivos de la Liquidación, excepto a aquellos que soliciten adecuada y oportunamente la exclusión de la Liquidación de la forma descrita en la Sección VI a continuación.

## IV. LA LIQUIDACIÓN COLECTIVA

Sólo para propósitos de esta Liquidación, las Partes han acordado la certificación condicional de una Liquidación Colectiva que consista en todos los empleados de Kmart por horas, no exentos en California del 23 de abril de 2003 al 3 de marzo de 2008.

## V. SEMANAS LABORALES DEL DEMANDANTE COLECTIVO

Usted está recibiendo este Aviso porque fue identificado como miembro de la Liquidación Colectiva.

**De acuerdo con los registros de Kmart, usted trabajó <<MERGE FIELD>> Semanas Laborales Compensables durante el periodo de tiempo que va del 23 de abril de 2003 al 3 de marzo de 2008 (el "Periodo Colectivo").** Sus "Semanas Laborales Compensables" se determinaron contando todos los días durante los cuales usted fue empleado por Kmart como empleado por horas, no exento durante el Periodo Colectivo, dividiendo este número por siete (7) y redondeando dicho número a los dos puntos decimales más cercanos. Al calcular las Semanas

Laborales Compensables, no se contarán los días durante los cuales usted tuvo un permiso de ausencia por cualquier razón.

Si usted elige participar en la Liquidación tal como se describe en la Sección VII a continuación, usted recibirá un pago sólo en base a sus Semanas Laborales Compensables.

Las Semanas Laborales Compensables enlistadas en este Aviso suponen ser correctas a menos que usted presente la documentación que pruebe lo contrario. Si usted disputa sus Semanas Laborales Compensables y desea participar en la Liquidación, por favor incluya la siguiente información en el Formulario de Certificación de Reclamo de Liquidación, adjunto a este Aviso como Formulario "A": el puesto que tenía, las ubicaciones de las tiendas en las cuales trabajó y las fechas que usted trabajó durante el Periodo Colectivo y todos los documentos que apoyen su reclamo.

## VI. DERECHO A EXCLUIRSE DE LA LIQUIDACIÓN COLECTIVA

Usted puede elegir no participar en la Liquidación Colectiva si cumple con el procedimiento de exclusión establecido a continuación. Para ser excluido, usted debe llenar la Solicitud de Solicitud de Exclusión (el "Formulario de Exclusión") anexo y devolverlo al Administrador de Reclamos franqueado en o antes de la Fecha Final para Presentar el Formulario de Exclusión. El Formulario de Exclusión se adjunta a este Aviso como Formulario "B".

Si usted elige excluirse de la Liquidación Colectiva: (1) usted no tendrá derecho a recibir ningún desagravio monetario bajo la Liquidación; y (2) usted no será considerado haber liberado ningún reclamo potencial en contra de las Partes Liberadas. Si usted decide excluirse de la Liquidación, no podrá buscar ninguna indemnización bajo la Liquidación. Sin embargo, usted puede buscar otros recursos legales diferentes a esta Liquidación que puedan estar disponibles para usted.

Si usted presenta un Formulario de Exclusión, no tendrá ningún derecho a impugnar la Liquidación ni participar en la Audiencia de Aprobación Final.

**USTED NO DEBE EXCLUIRSE SI DESEA RECIBIR UN PAGO BAJO LA LIQUIDACIÓN COLECTIVA. SI USTED DESEA CONTACTAR AL ABOGADO COLECTIVO QUE REPRESENTA AL DEMANDANTE, LO PUEDE HACER EN LA DIRECCIÓN QUE SE PROPORCIONA A CONTINUACIÓN:**

Scott B. Cooper, Esq.
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Teléfono: (949) 724-9200
Facsímile: (949) 724-9255

## VII. DERECHO A PARTICIPAR EN LA LIQUIDACIÓN COLECTIVA

Usted puede elegir si desea recibir una parte del Fondo de Liquidación en base a sus Semanas Laborales Compensables. Para hacerlo, debe llenar y enviar por correo el Formulario de Certificación de Reclamo de Liquidación, adjunto a este Aviso como Formulario "A". <u>Usted debe enviar por correo este Formulario al Administrador de Reclamos a la dirección que se proporciona a continuación en o antes del 22 de mayo de 2008.</u>

Administrador de Reclamos de Ortiz vs. Kmart
A cargo de Rust Consulting, Inc.
PO Box 188
Minneapolis, MN 55440-0188

**SI USTED NO PRESENTA UN FORMULARIO DE CERTIFICACIÓN DE RECLAMO DE LIQUIDACIÓN QUE LLEGUE A TIEMPO Y ESTÉ LLENADO ADECUADAMENTE, NO RECIBIRÁ NINGÚN PAGO BAJO LA LIQUIDACIÓN, AÚN A PESAR DE QUE NO DECIDA SER EXCLUIDO.**

## VIII. CORRECCIONES AL NOMBRE O A LA DIRECCIÓN

Si, para cualquier referencia o envío por correo futuro, usted desea cambiar el nombre o la dirección enlistada en el sobre en el cual se envió este Aviso, por favor contacte al Administrador de Reclamos al 877-465-4879 para proveer esa información.

## IX. AVISO DE LA AUDIENCIA SOBRE LA APROBACIÓN FINAL DE LA LIQUIDACIÓN

Por medio del presente se le notifica que una Audiencia de Aprobación Final se llevará a cabo el 14 de julio de 2008 a la 1:30 p.m. ante el Honorable Juez Otis D. Wright II en la Sala 11 del Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, 312 North Spring Street, Los Angeles, California 90012, para

- 4 -

determinar si la Estipulación para la Liquidación de la Demanda Colectiva propuesta es justa, razonable y adecuada y si se deberá aprobar finalmente por el Tribunal. El Tribunal puede aplazar la audiencia de vez en cuando, sin previo aviso, según el Tribunal indique. Si fue empleado por horas, no exento de Kmart durante el Periodo Colectivo, usted será obligado por la Liquidación propuesta si es que se aprueba, a menos que decida ser excluido haciendo una petición de exclusión por escrito en la forma que se describe en la Sección VI anterior.

Como Demandante Colectivo de la Liquidación, no es requerido que asista a esta audiencia. Sin embargo, cualquier Demandante Colectivo de la Liquidación que haya decidido ser excluido de la Liquidación puede presentar objeciones a la Liquidación y, si así lo desea, comparecer en persona o mediante un abogado en la audiencia sobre la aprobación final descrita anteriormente, y será escuchado en cuanto al por qué la Liquidación no debe aprobarse como justa, razonable y adecuada o por qué debe o no ingresar una destitución con perjuicio. (No se pagarán honorarios a los abogados por dicha comparecencia de los mismos en la audiencia sobre la aprobación final.) Usted no será escuchado ni tendrá derecho de objetar y no podrá presentar documentos ni informes para que los reciba o considere el Tribunal a menos que, antes del 22 de mayo de 2008, usted presente ante el Tribunal, en la dirección indicada anteriormente, un aviso de objeción por escrito, junto con copias de todos los documentos e informes propuestos para presentarlos al Tribunal en la audiencia y entregarlos por correo u otro medio legal a los abogados listados a continuación para dicha fecha. Usted también debe presentar una Prueba de Servicio con la corte estipulando que usted envío por correo o entregó copias de estos documentos a estos abogados para las Partes, listados a continuación, en o antes de la Fecha Final para la Presentación de Reclamos.

| Abogado Colectivo: | Abogado del Demandado: |
|---|---|
| Scott B. Cooper, Esq. | Lee T. Paterson, Esq. |
| The Cooper Law Firm, P.C. | Jessie A. Kohler, Esq. |
| 2030 Main Street, Suite 1300 | Michael S. Brophy, Esq. |
| Irvine, CA 92614 | Winston & Strawn, LLP |
| Teléfono: (949) 724-9200 | 333 South Grand Avenue, 38th Floor |
| Facsímile: (949) 724-9255 | Los Angeles, CA 90071 |

Cualquier Demandante Colectivo de la Liquidación que no haga ni presente sus objeciones por escrito en el lapso de tiempo y en la forma descrita anteriormente será considerado que renunció a dichas objeciones y se le impedirá hacer alguna objeción (por apelación u otro medio) a la Estipulación para la Liquidación de la Demanda Colectiva. Cualquier Demandante Colectivo de la Liquidación que esté satisfecho con la Liquidación de la demanda Colectiva no necesita comparecer en la audiencia.

## X. HONORARIOS Y COSTOS DE LOS ABOGADOS Y PAGO A LOS REPRESENTANTES COLECTIVOS

El abogado del Demandante, The Cooper Law Firm, P.C., el despacho jurídico de Jose Garay, APLC, The Carter Law Firm y el despacho jurídico de Hawkins & Sofonio, serán pagados una suma por todos los honorarios, costos y gastos pasados y futuros en una cantidad determinada por el Tribunal. El abogado del Demandante tomó este litigio en base a una cuota de contingencia y, bajo los términos de la Estipulación para la Liquidación de la Demanda Colectiva, puede solicitar honorarios de abogado por una cantidad hasta los $2,000,000, la cual representa el 25% del Fondo de Liquidación. De la misma forma, el abogado del Demandante solicita el reembolso de los costos hasta los $45,000. El Tribunal determinará la cantidad real de los honorarios y los costos de los abogados otorgados al abogado del Demandante.

Como compensación por su participación activa en el litigio, por el riesgo que tomó para ser el representante del demandante, y por su ayuda a los abogados colectivos, además de cualquier cantidad recibida como Demandante Colectivo de la Liquidación, el Demandante recibirá un pago de suma global. A cambio de lo cual, él liberará a Kmart de todos los reclamos, incluyendo reclamos no relacionados con los reclamos de la Acción. Esta suma global será de $5,000, sujetas a la aprobación del Tribunal.

## XI. INSPECCIÓN DE LOS DOCUMENTOS Y AVERIGUACIONES

La información que contiene este Aviso sólo es un resumen de la Acción y de la Estipulación para la Liquidación de la Demanda Colectiva y no pretende ser integral. Para obtener una declaración más detallada de los asuntos involucrados en la Acción y en la Estipulación para la Liquidación de la Demanda Colectiva, usted puede consultar los alegatos, la Estipulación para la Liquidación de la Demanda Colectiva y otros documentos presentados en la Acción, los cuales pueden ser inspeccionados por la Oficina del Oficial del Tribunal, Tribunal de Distrito de los Estados Unidos para el Distrito Central de California, 312 North Spring Street, Los Angeles, California 90012, durante horas laborales normales del Tribunal.

**POR FAVOR NO SE PONGA EN CONTACTO CON EL OFICIAL DEL TRIBUNAL NI CON EL JUEZ EN CUANTO A CONSULTAS SOBRE LA LIQUIDACIÓN.**

- 5 -

| **Form A** |
| **SETTLEMENT CLAIM CERTIFICATION FORM** |

I have read Section VII of the Notice to Class Members, and I understand that I may choose to participate in the Class Settlement and receive a payment based on the number of weeks I worked as a non-exempt, hourly employee for Kmart.

By signing this form, I hereby certify that I am eligible to participate in the Settlement because I was employed by Kmart in California as a non-exempt, hourly employee at some point between April 23, 2003 and March 3, 2008.

### I.  Personal Information

**Name/Address Corrections:**

<<Name>>
<<Address1>>
<<Address2>>
<<City, State Zip Code>>

\_\_\_ \_\_\_ / \_\_\_ \_\_\_ / \_\_\_ \_\_\_ \_\_\_ \_\_\_
Date

\_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_
Social Security Number

For purposes of verification only, I began working at Kmart in: _____, _____
(Month)                    (Year)

### II.  Your Compensable Workweeks

I acknowledge that my recovery will be calculated by the number of Compensable Workweeks I worked.

Your "Compensable Workweeks" were determined by counting all of the days during which you were employed by Kmart as a non-exempt, hourly employee during the time period from April 23, 2003 to March 3, 2008 (the "Class Period"), dividing this number by seven (7) and rounding that number to the nearest two decimal points.  Days during which you were on a leave of absence for any reason will not be counted when calculating Compensable Workweeks.

| According to personnel records Maintained by Kmart, you worked: | <<MERGEDFIELD>> Compensable Workweeks. |
|---|---|

These Compensable Workweeks are presumed to be correct unless you submit documentation that proves otherwise.  If you dispute your dates of employment or your Compensable Workweeks, in the space below, provide the position you held, the store locations where you worked, and the dates that you worked during the Class Period.  Please attach all documents that support your claim (such as paystubs, cancelled checks, etc.).

| Position | Location | Dates |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

- 1 -

## III. Release and Covenant Not to Sue

I understand that by not electing to opt out of the Settlement, I will be subject to the judgment and will be subject to the Release described in both the attached Notice and the Stipulation for Class Action Settlement on file with the Court.

By completing and signing this form I, on behalf of myself and each of my heirs, representatives, successors, assigns, and attorneys, hereby release Kmart, its parent, subsidiaries, and affiliated corporations and entities ("Released Parties") from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, and without regard to the subsequent discovery or existence of different or additional facts, that I had, now have, or may hereafter claim to have against the Released Parties arising out of, or reasonably related to, the claims alleged in the lawsuit entitled Mark Ortiz v. Kmart, Case No. SACV06-638 ODW (ANx), including all of the "Released Claims" specified in the attached Notice and the Stipulation for Class Action Settlement on file with the Court.

I further acknowledge that "Released Claims" include (a) any such claims under California Labor Code Sections 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699, or 2802, the applicable Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, 29 United States Code Section 201 *et seq.*, and all implementing regulations and interpreting guidance; and (b) any other causes of action that are based on or reasonably relate to the purported nonpayment of compensation or overtime compensation for work required to be performed "off the clock," meal or rest period violations, failure to pay all wages due at termination, inaccurate wage statements, or unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Section 17200 *et seq.*), including related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy. With respect to any and all Released Claims, I agree that I have expressly, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

I further agree that I will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which I may have or claim to have in state or federal court, or with any state, federal or local government agency, except the Equal Employment Opportunity Commission, or with any administrative or advisory body arising from or attributable to the Released Claims.

**THEREFORE,** under the penalty of perjury of the laws of California and the United States, I hereby certify that the foregoing is true and correct to the best of my knowledge.

Date: ___ ___ / ___ ___ / ___ ___ ___ ___

Signature: _____

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Ortiz v. Kmart Claims Administrator
c/o Rust Consulting, Inc.
PO Box 188
Minneapolis, MN 55440-0188
Telephone: 877-465-4879

**THIS FORM MUST BE MAILED BY MAY 22, 2008 TO BE VALID.**

- 2 -

## Formulario A
## FORMULARIO DE CERTIFICACIÓN DE RECLAMO DE LIQUIDACIÓN

He leído la Sección VII del Aviso para los Demandantes Colectivos y comprendo que puedo elegir participar en la Liquidación Colectiva y recibir un pago en base al número de semanas que trabajé como empleado por horas, no exento para Kmart.

Al firmar este formulario, certifico en el presente que soy elegible para participar en la Liquidación porque fui empleado por Kmart en California como empleado por horas, no exento en algún momento entre el 23 de abril de 2003 y el 3 de marzo de 2008.

**I.   Información personal**                                    **Haga toda corrección de la dirección aquí:**

<<Name>>                                    _____
<<Address1>>                                _____
<<Address2>>                                _____
<<City, State Zip Code>>                    _____

___ ___ / ___ ___ / ___ ___ ___ ___         ___ ___ ___ - ___ ___ - ___ ___ ___ ___
Fecha                                        Número de Seguro Social

Sólo para propósitos de verificación,       _____ , _____
comencé a trabajar en Kmart en:             (Mes)                      (Año)

**II. Sus Semanas Laborales Compensables:**

Reconozco que mi indemnización se calculará por el número de Semanas Laborales Compensables que trabajé.

Sus "Semanas Laborales Compensables" se determinaron contando todos los días durante los cuales usted fue empleado por Kmart como empleado por horas, no exento durante el período de tiempo que va del 23 de abril de 2003 al 3 de marzo de 2008 (el "Período Colectivo"), dividiendo este número por siete (7) y redondeando dicho número a los dos puntos decimales más cercanos. Al calcular las Semanas Laborales Compensables, no se contarán los días durante los cuales usted tuvo un permiso de ausencia por cualquier razón.

| De acuerdo con los registros de personal conservados por Kmart, usted trabajó: | <<MERGEDFIELD>> Semanas Laborales Compensables. |
|---|---|

Estas Semanas Laborales Compensables suponen ser correctas a menos que usted presente la documentación que pruebe lo contrario.  Si usted disputa sus fechas de empleo o sus Semanas Laborales Compensables, en el espacio a continuación, proporcione el puesto que tenía, las ubicaciones de las tiendas en las que trabajó y las fechas que trabajó durante el Período Colectivo.  Por favor adjunte todos los documentos que apoyen su reclamo (como talones de pago, cheques cancelados, etc.).

| Puesto | Ubicación | Fechas |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

- 1 -

### III. Liberación y convenio para no demandar

Comprendo que al no elegir ser excluido de la Liquidación, estaré sujeto a la sentencia y estaré sujeto a la Liberación descrita tanto en el Aviso adjunto como en la Estipulación para la Liquidación de la Demanda Colectiva registrada en el Tribunal.

Al llenar y firmar este formulario Yo, a nombre de mí mismo y de cada uno de mis herederos, representantes, sucesores, cesionarios y abogados, por medio del presente me libero a Kmart, a sus corporativos y entidades sede, subsidiarias y afiliada ("Partes Liberadas") de cualquier y todo reclamo, cargo, reclamación, gravamen, demanda, motivo de demanda, obligación, daño y responsabilidad, conocidos o desconocidos, sospechados o insospechados, y sin considerar el descubrimiento o existencia subsiguiente de hechos diferentes o adicionales que tuve, ahora tengo, o pueda afirmar tener de aquí en adelante en contra de las Partes Liberadas que surjan de, o se relacionen razonablemente con, las presuntas reclamaciones en el juicio legal titulado Mark Ortiz v. Kmart, Caso No. SACV06-638 ODW (ANx), incluyendo todos los "Reclamos Liberados" especificados en el Aviso adjunto y la Estipulación para la Liquidación de la Demanda Colectiva archivada en el Tribunal.

Además reconozco que los "Reclamos Liberados" incluyen (a) cualquier dicho reclamo bajo las Secciones 201-203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699 o 2802 del Código Laboral de California, las Órdenes Salariales de la Comisión de Bienestar Industrial, la Ley de Estándares Justos para el Trabajo, el título 29 del Código de los Estados Unidos Sección 201 *et seq.*, y todas las normas implementadas y orientación interpretada; y (b) cualquier otro motivo de acción que se base en o se relacione razonablemente con la presunta falta de pago de la compensación o compensación por tiempo extra por el trabajo requerido a realizarse "fuera de las horas de trabajo", violaciones al periodo de alimentos y descanso, no pagar todos los salarios debidos en el despido, informes de salario inexactos, o prácticas laborales injustas o ilegales en base a estas presuntas violaciones (inclusive bajo la Sección 17200 *et seq* del Código de Profesiones y Negocios), incluyendo las primas, las penalizaciones, el interés, los daños punitivos, los costos, los honorarios de los abogados, los desagravios judiciales, las reparaciones declarativas o la contabilidad relacionada ya sea que dichas causas de acción sean extracontractuales, bajo contrato o conforme a un recurso estatutario.  Con respecto a cualquiera y todos los Reclamos Liberados, acuerdo que he renunciado y cedido explícitamente, al máximo grado permitido por la ley, a las provisiones, los derechos y los beneficios de la §1542 del Código Civil de California, el cual establece:

> **Una liberación general no se extiende a los reclamos que el acreedor no sabe o sospecha que existen a su favor al momento de ejecutar la liberación, que si los hubiera conocido hubieran afectado materialmente su liquidación con el deudor.**

Además, acuerdo que no instituiré ninguna acción o causa de acción (en derecho, en equidad o administrativamente), demandas, deudas, gravámenes o reclamos, conocidos o desconocidos, fijos o contingentes, que pueda tener o afirmar tener en un tribunal estatal o federal, o con cualquier agencia gubernamental estatal, federal o local, excepto en la Comisión de Oportunidad de Empleo Equitativa con cualquier cuerpo administrativo o asesor que surja de o que se atribuya a los Reclamos Liberados.

**POR LO TANTO**, bajo la penalización de perjurio de las leyes de California y de los Estados Unidos, por medio del presente certifico que lo anterior es verdadero y correcto según mi leal saber y entender.

Fecha: ___ ___ / ___ ___ / ___ ___ ___ ___

Firma: _____

POR FAVOR DEVUELVA ESTE FORMULARIO POR CORREO DE LOS ESTADOS UNIDOS A:

Administrador de Reclamos de Ortiz vs. Kmart
A cargo de Rust Consulting, Inc.
PO Box 188
Minneapolis, MN 55440-0188
Teléfono: 877-465-4879

**PARA QUE SEA VÁLIDO, ESTE FORMULARIO DEBERÁ ENVIARSE POR CORREO ANTES DEL 22 DE MAYO DE 2008.**

- 2 -

**Form B**
**REQUEST FOR EXCLUSION FORM**

I have read Section VI of the Notice to Class Members, and I understand that I may choose to "opt out" of the Class Settlement. By signing this form, I know that I am excluding myself from this Action and the associated Settlement and judgment.

I understand that if I elect to opt out of the Class Settlement, I *cannot* participate in the Settlement and I will *not* receive any payment or any other benefit pursuant to the Settlement or judgment in this Action.

I understand that by choosing to opt out, I will remain free to bring my own otherwise valid claims, if any, against Kmart for any of the claims that I would release by participating in the Class Settlement. I also understand that if I choose to opt out and bring claims against Kmart on my own and I want to be represented by an attorney, I will have to hire or otherwise retain an attorney on my own.

I hereby elect to opt out of the lawsuit and associated Settlement.

**I. Personal Information**                    **Name/Address Corrections:**

<<Name>>
<<Address1>>
<<Address2>>
<<City, State Zip Code>>

Date:                                          Signature:
___ ___ / ___ ___ / ___ ___ ___ ___

For purposes of verification only, I began working at Kmart in: _____ , _____
                                                               (Month)              (Year)


PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Ortiz v. Kmart Claims Administrator
c/o Rust Consulting, Inc.
PO Box 188
Minneapolis, MN 55440-0188
Telephone: 877-465-4879


**THIS FORM MUST BE MAILED BY MAY 22, 2008 TO BE VALID.**

.

**Formulario B**
**FORMULARIO DE SOLICITUD DE EXCLUSIÓN**

He leído la Sección VI del Aviso para los Demandantes Colectivos y comprendo que puedo elegir ser "excluido" de la Liquidación Colectiva. Al firmar este formulario, sé que estoy excluyéndome de esta Acción y de la Liquidación y sentencia relacionada.

Comprendo que si elijo ser excluido de la Liquidación Colectiva, **no puedo** participar en la Liquidación y **no** recibiré ningún pago ni otro beneficio conforme a la Liquidación o sentencia en esta Acción.

Comprendo que al elegir ser excluido, permaneceré libre para presentar mis propios reclamos válidos, si es que los hubiera, en contra de Kmart por cualquiera de los reclamos que liberaría al participar en la Liquidación Colectiva. Además, comprendo que si elijo ser excluido y presento reclamos en contra de Kmart por mí mismo y deseo que me represente un abogado, tendré que contratar o tener un abogado de mi propia cuenta.

Por medio del presente elijo ser excluido del juicio legal y la Liquidación relacionada.

**I.  Información personal**

Haga toda corrección de la dirección aquí:

<<Name>>
<<Address1>>
<<Address2>>
<<City, State Zip Code>>

_____

_____

_____

Fecha:

____ ____ / ____ ____ / ____ ____ ____ ____

Sólo para propósitos de verificación, comencé a trabajar en Kmart en:

Firma:

_____

_____

_____, _____
(Mes)                              (Año)

POR FAVOR DEVUELVA ESTE FORMULARIO POR CORREO DE LOS ESTADOS UNIDOS A:

Administrador de Reclamos de Ortiz vs. Kmart
A cargo de Rust Consulting, Inc.
PO Box 188
Minneapolis, MN 55440-0188
Teléfono: 877-465-4879

**PARA QUE SEA VÁLIDO, ESTE FORMULARIO DEBERÁ ENVIARSE POR CORREO ANTES DEL 22 DE MAYO DE 2008.**

# EXHIBIT B

## Mark Ortiz v Kmart
## 183400
## As of July 31, 2008

| | | |
|---|---|---|
| Class Period: | April 23, 2003 through March 3, 2008 | Class Size: 72,540 |
| | | Current Filing Percentage: 15.16% |
| Notices Mailed: | 04/07/2008 | |

| | | Supplemental |
|---|---|---|
| Claim Form Deadline (postmark): | 05/22/2008 | 06/16/2008 |
| Exclusion Deadline (postmark): | 05/22/2008 | 06/16/2008 |
| Objection Deadline (postmark): | 05/22/2008 | 06/16/2008 |
| Final Approval Hearing: | 07/14/2008 | |

| Week Ending | Notices Mailed | Undeliverable Notices | Forwarded Notices | Address Trace for Undeliverable Notices | Re-mailed Notices | Claim Forms | Disputed Claim Forms | Opt Out Requests |
|---|---|---|---|---|---|---|---|---|
| 04/11/2008 | 72,540 | 1 | 0 | 0 | 0 | 0 | 0 | 0 |
| 04/18/2008 | 0 | 3,233 | 72 | 0 | 0 | 2,149 | 562 | 69 |
| 04/25/2008 | 0 | 4,480 | 89 | 3,231 | 2,522 | 2,358 | 607 | 45 |
| 05/02/2008 | 0 | 1,286 | 20 | 5,572 | 4,405 | 1,358 | 331 | 40 |
| 05/09/2008 | 0 | 1,044 | 18 | 854 | 664 | 1,136 | 277 | 36 |
| 05/16/2008 | 0 | 554 | 17 | 596 | 492 | 1,063 | 273 | 11 |
| 05/23/2008 | 0 | 1,187 | 16 | 450 | 497 | 1,359 | 372 | 44 |
| 05/30/2008 | 0 | 738 | 22 | 450 | 352 | 976 | 277 | 20 |
| 06/06/2008 | 0 | 389 | 9 | 56 | 164 | 205 | 73 | 4 |
| 06/13/2008 | 0 | 194 | 4 | 76 | 52 | 144 | 52 | 6 |
| 06/20/2008 | 0 | 138 | 13 | 26 | 20 | 174 | 65 | 2 |
| 06/27/2008 | 0 | 103 | 3 | 16 | 11 | 22 | 10 | 0 |
| as of 7/31/08 | 0 | 157 | 4 | 88 | 0 | 50 | 25 | 1 |
| TOTAL | 72,540 | 13,504 | 287 | 11,415 | 9,179 | 10,994 | 2,924 | 278 |

Comments:

# EXHIBIT C



**RUST CONSULTING, INC.**
625 Marquette Ave., Suite 880
Minneapolis, MN 55402-2469
(612) 359-2000   (612) 359-2050 Fax

## EXHIBIT C

8/1/08

Bianca Sofonio
Hawkins & Sofonio
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618

bsofonio@cartergaraylaw.com

Re:   Ortiz v Kmart                                                  183400

CLAIMS ADMINISTRATION SERVICES
March through July 23, 2008

| | |
|---|---:|
| Database Development | $   2,500.00 |
| Initial Mailed Notice | 70,348.73 |
| Follow Up to Initial Notice | 23,574.35 |
| Telephone Support | 10,753.01 |
| Claim Processing | 27,485.00 |
| Project Management | 27,740.00 |
| Technical Consulting | 3,720.50 |
| Other Charges and Out-of-Pocket Expenses | 54,657.23 |
| | |
| Project Total to Date | $ 220,778.82 |

**Costs to Complete**
| | | |
|---|---:|---:|
| Telephone Support | $   9,750.00 | |
| Fund Distribution | 26,106.08 | |
| Tax Reporting | 5,000.00 | |
| Project Completion | 7,350.00 | |
| | | 48,206.08 |

**Total Due; Informational Only**                      $ 268,984.90